HOGAN LOVELLS US LLP
Robert B. Hawk (Bar No. 118054)
Stacy R. Hovan (Bar No. 271485)
4085 Campbell Avenue, Suite 100
Menlo Park, California  94025
Telephone:      (650) 463-4000
Facsimile:      (650) 463-4199
robert.hawk@hoganlovells.com
stacy.hovan@hoganlovells.com

Attorneys for Defendant
FERRARA CANDY CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FERRARA CANDY CO. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  17-cv-849-VC<br><br>**DEFENDANT FERRARA CANDY CO.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>The Honorable Vince Chhabria |

Defendant Ferrara Candy Co., through counsel, hereby answers the First Amended Complaint ("Complaint") filed by Plaintiff Thomas Iglesias ("Plaintiff").

To the extent the Complaint attempts to characterize certain alleged facts (i.e., by describing conduct as "misleading" or describing consumers as "being shortchanged"), Ferrara responds generally that such allegations constitute mere pejoratives or conclusions of law and do not constitute allegations of fact requiring a response; but to the extent such allegations may be construed as allegations of fact, Ferrara objects to and denies each and every such allegation, and incorporates by reference this response in each Paragraph below as if fully set forth therein.

Ferrara further responds that the headings in the Complaint do not constitute allegations of fact requiring a response; but to the extent the headings may be construed as allegations of fact, Ferrara responds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every such allegation.

Except as may be expressly and specifically admitted herein, Ferrara denies each and every allegation alleged in the Complaint and further denies that Plaintiff has suffered any damages by reason of any act, omission, or conduct on the part of Ferrara and further denies that Plaintiff is entitled to the relief sought in the Complaint, or to any relief at all, from Ferrara.  With respect to the specific paragraphs of the Complaint, Ferrara responds as follows:

In response to the first unnumbered paragraph, Ferrara admits that Plaintiff has brought a purported class action that he alleges is brought "individually and on behalf of all others similarly situated" against Defendant Ferrara.  Ferrara is otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of the first unnumbered Paragraph and on that basis denies each and every such allegation.

## SUMMARY OF THE ACTION

1.      Paragraph 1 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara denies such allegations, and otherwise denies all the allegations in Paragraph 1.

2.      In response to Paragraph 2, Ferrara admits that Plaintiff has brought a purported class action lawsuit that he alleges is "on behalf of all purchasers of Jujyfruits® brand candy

DEF. FERRARA'S ANSWER TO FAC
Case No. 4:17-CV-00849-VC

products (the 'Product') sold at retail outlets and movie theaters throughout California and the United States." Ferrara further states that the product label speaks for itself. To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 2.

3.      In response to Paragraph 3, Ferrara denies the allegations.

**PARTIES**

4.      In response to Paragraph 4, Ferrara states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 concerning the citizenship of Plaintiff and the particulars of his purchase and on that basis denies each and every such allegation. Ferrara otherwise denies all the allegations in Paragraph 4.

5.      In response to Paragraph 5, Ferrara admits that it is a corporation with its principal place of business in Oakbrook Terrace, Illinois. Ferrara further admits that it is engaged in the manufacture and distribution of candy products. To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 5.

6.      Paragraph 6 does not contain allegations of fact requiring a response. To the extent a response is required, Ferrara is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies each and every such allegation.

**JURISDICTION AND VENUE**

7.      Paragraph 7 includes legal conclusions to which no response is required. To the extent a response is required, Ferrara denies such allegations, and otherwise denies all the allegations in Paragraph 7.

8.      Paragraph 8 includes legal conclusions to which no response is required. To the extent a response is required, Ferrara denies such allegations, and otherwise denies all the allegations in Paragraph 8.

9.      In response to Paragraph 9, Ferrara admits that Plaintiff has brought a purported class action lawsuit that "includes all products manufactured by Defendant which are substantially similar to Jujyfruits® 5 oz. boxes, including all candy products within the Jujyfruits®, Lemonhead®, RedHots®, Trolli®, Chuckles®, Black Forest Gummi®,

DEF. FERRARA'S ANSWER TO FAC
Case No. 4:17-CV-00849-VC

Jawbuster/Jawbreaker®, Brach's®, Super Bubble®, Rainblo®, andAtomic Fireball® product lines which are packaged and sold in opaque boxes." To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 9.

10.     Paragraph 10 includes legal conclusions to which no response is required. To the extent a response is required, Ferrara denies such allegations, and otherwise denies all the allegations in Paragraph 10.

11.     Paragraph 11 includes legal conclusions to which no response is required. To the extent a response is required, Ferrara denies such allegations, and otherwise denies all the allegations in Paragraph 11.

12.     Paragraph 12 includes legal conclusions to which no response is required. To the extent a response is required, Ferrara denies such allegations, and otherwise denies all the allegations in Paragraph 12.

## **FACTUAL ALLEGATIONS**

13.     In response to Paragraph 13, Ferrara denies the allegations.

14.     In response to Paragraph 14, Ferrara denies the allegations.

15.     In response to Paragraph 15, Ferrara denies the allegations.

16.     In response to Paragraph 16, Ferrara admits that the Code of Federal Regulations section 100.100 states: "Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein."

17.     Paragraph 17 includes legal conclusions to which no response is required. To the extent a response is required, Ferrara denies such allegations, and otherwise denies all the allegations in Paragraph 17.

18.     In response to Paragraph 18, Ferrara admits that certain of its products are packaged in opaque boxes. Ferrara responds that it because of the compound and vague nature of the allegations of Paragraph 18, Ferrara is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 18 and on that basis denies such allegations, and otherwise denies the remaining allegations in Paragraph 18.

19.     In response to Paragraph 19, Ferrara denies such allegations.

20.     In response to Paragraph 20, Ferrara denies such allegations.

21.     In response to Paragraph 21, Ferrara denies such allegations.

22.     In response to Paragraph 22, Ferrara denies such allegations.

23.     In response to Paragraph 23, Ferrara states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 regarding Plaintiff's purchase, and on that basis denies each and every such allegation.

24.     In response to Paragraph 24, Ferrara states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 regarding Plaintiff's purchase, and on that basis denies each and every such allegation.

25.     In response to Paragraph 25, Ferrara states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 regarding Plaintiff's purchase, and on that basis denies each and every such allegation.

26.     In response to Paragraph 26, Ferrara denies such allegations.

27.     In response to Paragraph 27, Ferrara denies such allegations.

28.     In response to Paragraph 28, Ferrara states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 concerning the details of Plaintiff's actual purchase transaction, and on that basis denies each and every such allegation.  Ferrara otherwise denies all remaining allegations.

29.     In response to Paragraph 29, Ferrara denies such allegations.

30.     In response to Paragraph 30, Ferrara denies such allegations.

31.     In response to Paragraph 31, Ferrara denies such allegations.

32.     In response to Paragraph 32, Ferrara denies such allegations.

33.     In response to Paragraph 33, Ferrara denies such allegations.

34.     In response to Paragraph 34, Ferrara denies such allegations.

35.     In response to Paragraph 35, Ferrara states that the product label speaks for itself. To the extent a response is required, Ferrara responds that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 35 and on that basis denies such allegations.

DEF. FERRARA'S ANSWER TO FAC
Case No. 4:17-CV-00849-VC

1    36.    In response to Paragraph 36, Ferrara denies such allegations.

2    37.    In response to Paragraph 37, Ferrara denies such allegations.

3    38.    In response to Paragraph 38, Ferrara denies such allegations.

4    39.    In response to Paragraph 39, Ferrara denies such allegations.

5    40.    In response to Paragraph 40, Ferrara denies such allegations.

6    41.    In response to Paragraph 41, Ferrara denies such allegations.

7    42.    In response to Paragraph 42, Ferrara denies such allegations.

8    43.    In response to Paragraph 43, Ferrara denies such allegations.

9    44.    In response to Paragraph 44, Ferrara denies such allegations.

10    45.    In response to Paragraph 45, Ferrara admits that certain of its products are
11   packaged in a box and sealed with glue.  Ferrara responds that it is without sufficient knowledge
12   or information to form a belief as to the truth of the remaining allegations of Paragraph 45 and, to
13   the extent not expressly admitted, on that basis denies such allegations, and otherwise denies the
14   remaining allegations in Paragraph 45.

15    46.    In response to Paragraph 46, Ferrara states that it is without sufficient knowledge
16   or information to form a belief as to the truth of the allegations in Paragraph 46, and on that basis
17   denies each and every such allegation.

18    47.    In response to Paragraph 47, Ferrara denies such allegations.

19    48.    In response to Paragraph 48, Ferrara denies such allegations.

20    49.    In response to Paragraph 49, Ferrara denies such allegations.

21    50.    In response to Paragraph 50, Ferrara denies such allegations.

22    51.    In response to Paragraph 51, Ferrara denies such allegations.

23    52.    In response to Paragraph 52, Ferrara denies such allegations.

24    53.    In response to Paragraph 53, Ferrara denies such allegations.

25    54.    In response to Paragraph 54, Ferrara denies such allegations.

26    55.    In response to Paragraph 55, Ferrara denies such allegations.

27    56.    In response to Paragraph 56, Ferrara denies such allegations.

28

DEF. FERRARA'S ANSWER TO FAC
Case No. 4:17-CV-00849-VC

57.     In response to Paragraph 57, Ferrara admits that the 5.0-ounce Jujyfruits box depicted in the Complaint is not a commemorative item.

58.     In response to Paragraph 58, Ferrara admits that the 5.0-ounce Jujyfruits box depicted in the Complaint is a box.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 58.

59.     In response to Paragraph 59, Ferrara denies such allegations.

60.     In response to Paragraph 60, Ferrara states that the "Nutrition Facts" panel speaks for itself.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 60.

61.     In response to Paragraph 61, Ferrara admits that it is engaged in the manufacture of Boston Baked Beans candy products and states that the product packaging speaks for itself.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 61.

62.     In response to Paragraph 62, Ferrara denies such allegations.

63.     In response to Paragraph 63, Ferrara denies such allegations.

64.     In response to Paragraph 64, Ferrara denies such allegations.

65.     In response to Paragraph 65, Ferrara denies the implication that the Product contains nonfunctional slack-fill in contrast with Boston Baked Beans.  Ferrara further states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65 and on that basis denies each and every such allegation.

66.     In response to Paragraph 66, Ferrara denies such allegations.

67.     In response to Paragraph 67, Ferrara denies such allegations.

68.     In response to Paragraph 68, Ferrara denies such allegations.

69.     In response to Paragraph 69, Ferrara denies such allegations.

70.     In response to Paragraph 70, Ferrara denies such allegations.

71.     In response to Paragraph 71, Ferrara denies such allegations.

72.     In response to Paragraph 72, Ferrara denies such allegations.

73.     In response to Paragraph 73, Ferrara denies such allegations.

74.     In response to Paragraph 74, Ferrara denies such allegations.

75.     In response to Paragraph 75, Ferrara denies such allegations.

76.     In response to Paragraph 76, Ferrara denies such allegations.

77.     In response to Paragraph 77, Ferrara states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies each and every such allegation.

**CLASS ALLEGATIONS**

78.     In response to Paragraph 78, Ferrara admits that Plaintiff has brought a purported class action lawsuit on behalf of himself and "all other persons similarly situated" and that Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in United States for personal use and not for resale during the time period February 21, 2013 through the present."  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 78.

79.     In response to Paragraph 79, Ferrara admits that Plaintiff seeks, in the alternative, to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period February 21, 2013 through the present."  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 79.

80.     In response to Paragraph 80, Ferrara denies such allegations.

81.     In response to Paragraph 81, Ferrara denies such allegations.

82.     In response to Paragraph 82, Ferrara denies such allegations.

83.     In response to Paragraph 83, Ferrara denies such allegations.

84.     In response to Paragraph 84, Ferrara denies such allegations.

85.     In response to Paragraph 85, Ferrara denies such allegations.

86.     In response to Paragraph 86, Ferrara denies such allegations.

87.     In response to Paragraph 87, Ferrara denies such allegations.

88.     In response to Paragraph 88, Ferrara denies such allegations.

89.     In response to Paragraph 89, Ferrara denies such allegations.

90.     In response to Paragraph 90, Ferrara denies such allegations.

91.     In response to Paragraph 91, Ferrara denies such allegations.

92.     In response to Paragraph 92, Ferrara denies such allegations.

## COUNT ONE

### Violation of California Consumers Legal Remedies Act

93.     In response to Paragraph 93, Ferrara incorporates by reference Paragraphs 1 through 92 of this Answer as though fully stated herein.

94.     In response to Paragraph 94, Ferrara admits that Plaintiff has brought this cause of action on behalf of himself and "all other persons similarly situated" and that Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in United States for personal use and not for resale during the time period February 21, 2013 through the present."  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 94.

95.     In response to Paragraph 95, Ferrara admits that Plaintiff seeks, in the alternative, to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period February 21, 2013 through the present."  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 95.

96.     In response to Paragraph 96, Ferrara states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies each and every such allegation.

97.     In response to Paragraph 97, Ferrara denies such allegations.

98.     Paragraph 98 includes legal conclusions to which no response is required.  To the extent any response is required, Ferrara denies such allegations.  Ferrara further states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 98 and on that basis denies each and every allegation.

99.     In response to Paragraph 99, Ferrara denies such allegations.

100.    In response to Paragraph 100, Ferrara denies such allegations.

101.    Paragraph 101 includes legal conclusions to which no response is required.  To the extent any response is required, Ferrara admits that the referenced statutes state, in part, the language quoted in the Complaint.

102.    In response to Paragraph 102, Ferrara denies such allegations.

103.    In response to Paragraph 103, Ferrara denies such allegations.

1    104.    In response to Paragraph 104, Ferrara denies such allegations.

2    105.    In response to Paragraph 105, Ferrara denies such allegations.

3    106.    In response to Paragraph 106, Ferrara denies such allegations.

4    107.    In response to Paragraph 107, Ferrara denies such allegations.

5    108.    In response to Paragraph 108, Ferrara denies such allegations.

6    109.    In response to Paragraph 109, Ferrara denies such allegations.

7    110.    In response to Paragraph 110, Ferrara acknowledges that Plaintiff seeks injunctive

8    relief and denies that Plaintiff is entitled to any relief.  Ferrara denies the remaining allegations of

9    Paragraph 110.

10    111.    In response to Paragraph 111, Ferrara admits that Plaintiff sent Ferrara a letter

11    dated August 1, 2016.  Paragraph 111 otherwise includes legal conclusions to which no response

12    is required.  To the extent a response is required, Ferrara denies such allegations, and to the extent

13    not expressly admitted, Ferrara otherwise denies all the remaining allegations in Paragraph 111.

14                                          **COUNT TWO**

15                          **Violation of California False Advertising Law**

16    112.    In response to Paragraph 112, Ferrara incorporates by reference Paragraphs 1

17    through 111 of this Answer as though fully stated herein.

18    113.    In response to Paragraph 113, Ferrara admits that Plaintiff has brought this cause

19    of action on behalf of himself and "all other persons similarly situated" and that Plaintiff seeks to

20    represent a Class consisting of "All persons who purchased the Product in United States for

21    personal use and not for resale during the time period February 21, 2013 through the present."  To

22    the extent not expressly admitted, Ferrara denies the allegations of Paragraph 113.

23    114.    In response to Paragraph 114, Ferrara admits that Plaintiff seeks, in the alternative,

24    to represent a Class consisting of "All persons who purchased the Product in the State of

25    California for personal use and not for resale during the time period February 21, 2013 through

26    the present."  To the extent not expressly admitted, Ferrara denies the allegations of

27    Paragraph 114.

28

DEF. FERRARA'S ANSWER TO FAC
Case No. 4:17-CV-00849-VC

115.     Paragraph 115 includes legal conclusions to which no response is required.  To the extent any response is required, Ferrara denies such allegations (the quotation in Paragraph 115 omits language from the statute).

116.     In response to Paragraph 116, Ferrara denies such allegations.

117.     In response to Paragraph 117, Ferrara admits that it exercises control over the packaging of its products.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 117.

118.     In response to Paragraph 118, Ferrara denies such allegations.

119.     In response to Paragraph 119, Ferrara denies such allegations.

120.     In response to Paragraph 120, Ferrara denies such allegations.

121.     In response to Paragraph 121, Ferrara denies such allegations.

122.     In response to Paragraph 122, Ferrara acknowledges that Plaintiff seeks injunctive relief and denies that Plaintiff is entitled to any relief.  Ferrara denies the remaining allegations of Paragraph 122.

123.     In response to Paragraph 123, Ferrara denies such allegations.

## COUNT THREE

124.     In response to Paragraph 124, Ferrara incorporates by reference Paragraphs 1 through 123 of this Answer as though fully stated herein.

125.     In response to Paragraph 125, Ferrara admits that Plaintiff has brought this cause of action on behalf of himself and "all other persons similarly situated" and that Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in United States for personal use and not for resale during the time period February 21, 2013 through the present."  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 125.

126.     In response to Paragraph 126, Ferrara admits that Plaintiff seeks, in the alternative, to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period February 21, 2013 through the present."  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 126.

127.     Paragraph 127 includes legal conclusions to which no response is required.  To the extent any response is required, Ferrara admits that the referenced statute states, in part, the language quoted in the Complaint.

128.     Paragraph 128 includes legal conclusions to which no response is required.  To the extent any response is required, Ferrara admits that the FDA has promulgated regulations.

129.     Paragraph 129 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara denies such allegations.

130.     Paragraph 130 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara admits that the FDA enforces its regulations.

131.     Paragraph 131 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara admits that Congress amended the FDCA in 1990.

132.     Paragraph 132 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara denies such allegations.

133.     Paragraph 133 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara admits that the California Sherman Food, Drug and Cosmetic Act adopted certain requirements of the FDCA and NLEA.

134.     Paragraph 134 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara states that the referenced statutes speak for themselves.

135.     Paragraph 135 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara states that the referenced statutes speak for themselves.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 135.

136.     Paragraph 136 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara states that the referenced statute speaks for itself.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 136.

137.     Paragraph 137 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara states that the referenced statute speaks for itself.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 137.

138.     Paragraph 138 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara states that the referenced statute speaks for itself.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 138.

139.     Paragraph 139 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara states that the referenced statute speaks for itself.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 139.

140.     In response to Paragraph 140, Ferrara denies such allegations.

141.     In response to Paragraph 141, Ferrara denies such allegations.

142.     In response to Paragraph 142, Ferrara denies such allegations.

143.     In response to Paragraph 143, Ferrara denies such allegations.

144.     In response to Paragraph 144, Ferrara denies such allegations.

145.     In response to Paragraph 145, Ferrara denies such allegations.

146.     Paragraph 146 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara states that the referenced statute and order speak for themselves.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 146.

147.     In response to Paragraph 147, Ferrara denies such allegations.

148.     Paragraph 148 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara states that the referenced order speaks for itself.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 148.

149.     Paragraph 149 includes legal conclusions to which no response is required.  To the extent a response is required, Ferrara states that the referenced statutes speak for themselves.  To the extent not expressly admitted, Ferrara denies the allegations of Paragraph 149.

150.     In response to Paragraph 150, Ferrara denies such allegations.

151.     In response to Paragraph 151, Ferrara denies such allegations.

152.     In response to Paragraph 152, Ferrara denies such allegations.

153.     In response to Paragraph 153, Ferrara denies such allegations.

154.     In response to Paragraph 154, Ferrara denies such allegations.

1   155.   In response to Paragraph 155, Ferrara denies such allegations.

2   156.   In response to Paragraph 156, Ferrara acknowledges that Plaintiff seeks injunctive

3   relief and denies that Plaintiff is entitled to any relief.  Ferrara denies the remaining allegations of

4   Paragraph 156.

5   157.   In response to Paragraph 157, Ferrara denies such allegations.

6   158.   Paragraph 158 includes legal conclusions to which no response is required.  To the

7   extent a response is required, Ferrara states that the referenced statute and order speak for

8   themselves.  To the extent not expressly admitted, Ferrara denies the allegations of

9   Paragraph 158.

10   159.   In response to Paragraph 159, Ferrara denies such allegations.

11   160.   In response to Paragraph 160, Ferrara denies such allegations.

12   161.   In response to Paragraph 161, Ferrara denies such allegations.

13   162.   In response to Paragraph 162, Ferrara denies such allegations.

14   163.   In response to Paragraph 163, Ferrara denies such allegations.

15   164.   In response to Paragraph 164, Ferrara denies such allegations.

16   165.   In response to Paragraph 165, Ferrara denies such allegations.

17   166.   In response to Paragraph 166, Ferrara acknowledges that Plaintiff seeks injunctive

18   relief and denies that Plaintiff is entitled to any relief.  Ferrara denies the remaining allegations of

19   Paragraph 166.

20   167.   In response to Paragraph 167, Ferrara denies such allegations.

21   168.   Paragraph 168 includes legal conclusions to which no response is required.  To the

22   extent a response is required, Ferrara states that the referenced statute and order speak for

23   themselves.  To the extent not expressly admitted, Ferrara denies the allegations of

24   Paragraph 168.

25   169.   In response to Paragraph 169, Ferrara denies such allegations.

26   170.   In response to Paragraph 170, Ferrara denies such allegations.

27   171.   In response to Paragraph 171, Ferrara denies such allegations.

28   172.   In response to Paragraph 172, Ferrara denies such allegations.

173.    In response to Paragraph 173, Ferrara denies such allegations.

174.    In response to Paragraph 174, Ferrara denies such allegations.

175.    In response to Paragraph 175, Ferrara acknowledges that Plaintiff seeks injunctive relief and denies that Plaintiff is entitled to any relief.  Ferrara denies the remaining allegations of Paragraph 175.

176.    In response to Paragraph 176, Ferrara denies such allegations.

### ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Although Plaintiff's Prayer for Relief contains no allegations of fact, and as such, does not require an admission or denial, Ferrara denies that Plaintiff is entitled to any relief, either as requested in his Prayer for Relief or otherwise.

### ANSWER TO PLAINTIFF'S JURY DEMAND

Plaintiff's Jury Demand contains no allegations of fact, and as such, does not require an admission or denial.

### AFFIRMATIVE DEFENSES

Ferrara alleges the following affirmative defenses with respect to the claims alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiffs. Ferrara also hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend this Answer and assert all such defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to state facts sufficient to constitute a claim against Ferrara.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from claiming any injury, loss or damages because Plaintiff failed to make reasonable efforts to prevent or mitigate such injury, loss or damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands and laches.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred to the extent the alleged conduct took place outside the applicable limitations period.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Ferrara was under no duty to disclose any of the purported information Plaintiffs alleges was not disclosed.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff has knowingly and voluntarily waived any claims he might have against Ferrara.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the voluntary payment rule to the extent that Plaintiff voluntarily purchased Ferrara products without mistake of fact or fraud.

EIGHTH AFFIRMATIVE DEFENSE

Ferrara is not liable to Plaintiff, in whole or in part, because the losses that Plaintiff allegedly suffered were not proximately caused by any act or omission of Ferrara.

NINTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages or harm whatsoever by reason of the conduct alleged, and that by reason of the foregoing, Plaintiff lacks standing and is otherwise barred from any recovery against Ferrara and barred from prosecuting this action.

TENTH AFFIRMATIVE DEFENSE

The purported claims made by Plaintiff and members of the purported class on whose behalf he purports to sue are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

ELEVENTH AFFIRMATIVE DEFENSE

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because, *inter alia*, the purported class, class representative, and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

1

## TWELFTH AFFIRMATIVE DEFENSE

2

The purported claims made by Plaintiff and members of the purported class on whose

3

behalf he purports to sue are precluded or limited because Plaintiff and members of the purported

4

class on whose behalf he purports to sue failed to exhaust other available remedies.

5

## THIRTEENTH AFFIRMATIVE DEFENSE

6

Plaintiff's claims are barred or limited to the extent that the claims asserted require the

7

improper extraterritorial application of various state laws.

8

## FOURTEENTH AFFIRMATIVE DEFENSE

9

Plaintiff's claims are preempted by federal law to the extent that the claims attempt to

10

impose requirements inconsistent with federal law.

11

## FIFTEENTH AFFIRMATIVE DEFENSE

12

Plaintiff's Complaint and each and every purported cause of action therein should be

13

dismissed pursuant to the doctrine of primary jurisdiction, because Plaintiff's claims raise issues

14

that should be addressed in the first instance by the United States Food and Drug Administration.

15

## SIXTEENTH AFFIRMATIVE DEFENSE

16

Plaintiff's claims under various state consumer protection laws are exempted by

17

applicable safe harbor provisions.

18

## RESERVATION OF DEFENSES

19

Ferrara presently has insufficient knowledge or information on which to form a belief as

20

to whether it may have additional, as yet unstated, affirmative defenses available.  Ferrara

21

reserves the right to assert additional defenses in the event that discovery indicates that they

22

would be appropriate.

23

## **PRAYER FOR RELIEF**

24

WHEREFORE, having fully answered the Complaint, Ferrara respectfully prays as

25

follows:

26

1.      That Plaintiff takes nothing by way of his Complaint;

27

2.      That judgment be entered in favor of Ferrara and against Plaintiff on the

28

Complaint as a whole;

DEF. FERRARA'S ANSWER TO FAC
Case No. 4:17-CV-00849-VC

1      3.      That Ferrara be awarded attorneys' fees and costs of suit as may be appropriate

2  under applicable statutes; and

3      4.      That the Court award Ferrara such other relief as the Court may deem appropriate.

4

Dated: August 8, 2017                    HOGAN LOVELLS US LLP

5
                                         By: /s/ Robert B. Hawk
6                                             Robert B. Hawk
                                              *Attorneys for Defendant*
7                                             Ferrara Candy Co.

8
                              **JURY DEMAND**
9

10     Ferrara demands a trial by jury on any of Plaintiff's claims triable to a jury.

Dated: August 8, 2017                    HOGAN LOVELLS US LLP
11
                                         By: /s/ Robert B. Hawk
12                                            Robert B. Hawk
                                              *Attorneys for Defendant*
13                                            Ferrara Candy Co.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF. FERRARA'S ANSWER TO FAC
                                   Case No. 4:17-CV-00849-VC