# Appendix B

## Alabama

***Pre-Suit Notice:*** Ala. Code § 8-19-10(e) requires advance notice.

***Prohibited Acts:*** Ala. Code § 8-19-5(27)

***Reliance:*** Undecided

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** Ala. Code § 8-19-10(a)(1) (actual damages)

***Punitive Damages:*** Ala. Code § 8-19-10(a)(2)

## Alaska

***Pre-Suit Notice:*** Alaska Stat. § 45.50.531 requires pre-suit notice only when the consumer seeks an injunction.

***Prohibited Acts:*** Alaska Stat. § 45.50.471(a)

***Reliance:*** The statute does not require reliance. In *Odom v. Fairbanks Memorial Hosp.*, 999 P.2d 123, 132 (Alaska 2000), the Supreme Court of Alaska stated that actual injury as a result of the deception is not required.  All that is required is a showing that the acts and practices were capable of being interpreted in a misleading way."

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Alaska Stat. § 45.50.535(a)

***Monetary Relief:*** Alaska Stat. § 45.50.531(a) (actual damages; greater of $500 or treble damages)

***Punitive Damages:*** Alaska Stat. § 45.50.531(a) (treble damages)

## Arizona

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Ariz. Rev. Stat. § 44-1522

**Reliance:** Ariz. Rev. Stat. § 44-1522(A) states that a deceptive act is a violation "whether or not any person has in fact been misled, deceived or damaged thereby." With respect to classwide reliance, one court has stated that all that is required is that all class members purchased the product. *Siemer v. Assocs. First Capital Corp.*, 2001 WL 35948712 (D. Ariz. Mar. 30, 2001).

**Knowledge and Intent:** When the claim is based on concealment, suppression, or omission of a material fact, Ariz. Rev. Stat. § 44-1522(A) requires a showing of intent that others rely on the concealment, suppression, or omission, but otherwise intent to induce reliance need not be shown. *State ex rel. Babbitt v. Goodyear Tire & Rubber Co.*, 626 P.2d 1115, 1118 n. 1 (Ariz. App. 1981).

**Injunctive Relief:** Ariz. Rev. Stat. § 44-1528(A). The Arizona Supreme Court has interpreted the statute to provide for a private right of action to seek the same remedies as the attorney general. *See Sellinger v. Freeway Mobile Home Sales, Inc.* 521 P.2d 1119 (Ariz. 1974)).

**Monetary Relief:** Ariz. Rev. Stat. § 44-1528(A)

**Punitive Damages:** Although the statute is silent, the state supreme court has held that punitive damages can be awarded. *Sellinger v. Freeway Motor Home Sales, Inc.*, 521 P.2d 1119 (Ariz. 1974).

<u>**Arkansas**</u>

**Pre-Suit Notice:** Nothing in the statute requires pre-suit notice.

**Prohibited Acts:** Ark. Code § 4-88-107

**Reliance:** As amended in 2017, Arkansas's statute requires a showing of reliance as a precondition to the private cause of action that the statute provides. Ark. Code § 4-88-113(f). Plaintiff is not aware of any cases addressing the question of classwide reliance.

**Knowledge and Intent:** Many of the most commonly-applicable substantive prohibitions of Ark. Code § 4-88-107 require intent or knowledge, but the general prohibitions in § 4-88-107(a) and (a)(10) do not.

**Injunctive Relief:** The statute does not authorize individuals to obtain injunctive relief. *See Baptist Health v. Murphy*, 2010, 373 S.W.3d 269 (Ark. 2010).

**Monetary Relief:** Ark. Code § 4-88-113(f)(1)(A) (actual financial loss)

**Punitive Damages:** The statute has no provision for punitive damages.

## California CLRA

***Pre-Suit Notice:*** Cal. Civil Code § 1782 requires pre-suit notice for damages.

***Prohibited Acts:*** Cal. Civil Code § 1770

***Reliance:*** Reliance is required and an inference of classwide reliance arises if representations are material, as judged by an objective standard. *Massachusetts Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1293 (2002), *as modified on denial of reh'g* (May 29, 2002).

***Knowledge and Intent:*** Some of the enumerated prohibited activities require intent, s*ee, e.g.,* Cal. Civil Code § 1770(a)(9), but most do not.

***Injunctive Relief:*** Cal. Civil Code § 1780(a)(2).

***Monetary Relief:*** Cal. Civil Code § 1780(a)(1) (actual damages); Cal. Civil Code § 1780(a)(3) (restitution).

***Punitive Damages:*** Cal. Civ. Code § 1780(a)(4) allows punitive damages.

## California UCL

***Pre-Suit Notice:*** The statute does not require pre-suit notice.

***Prohibited Acts:*** Cal. Bus. & Prof. Code § 17200

***Reliance:*** In a class action, only the named plaintiffs need establish reliance, and reliance can be established by a showing that the misrepresentation was a substantial factor in the purchasing decision. *In re Tobacco II Cases,* 207 P.3d 20 (Cal. 2009).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Cal. Bus. & Prof. Code § 17203

***Monetary Relief:*** Cal. Bus. & Prof. Code § 17203 (restitution)

***Punitive Damages:*** The statute has no provision for punitive damages.

## Colorado

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Colo. Rev. Stat. § 6-1-105.

***Reliance:*** Classwide reliance may be presumed where the class challenges uniform, written representations viewed by all. *See, e.g, Patterson v. BP Am. Prod. Co.*, 240 P.3d 456, 469 (Colo. App. 2010), *aff'd*, 263 P.3d 103 (Colo. 2011); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 988 (C.D. Cal. 2015) (interpreting Colorado law), *aff'd sub nom. Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017), and *aff'd sub nom. Briseno v. ConAgra Foods, Inc.*, 674 F. App'x 654 (9th Cir. 2017).

***Knowledge and Intent:*** Many of the most commonly-applicable substantive prohibitions, such as Colo. Rev. Stat. § 6-1-105(1)(a), (b), (c), (e), (f), (g), and (o), require knowledge. *See, e.g., State ex rel. Suthers v. Mandatory Poster Agency, Inc.,* 260 P.3d 9, 14 (Colo. App. 2009).

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** Colo. Rev. Stat. § 6-1-113(2)(a)(II) (actual damages)

***Punitive Damages:*** Colo. Rev. Stat. § 6-1-113(2)(b). but this is an unusually narrow provision, allowing multiple damages only if bad faith is shown by clear and convincing evidence

## Connecticut

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Conn. Gen. Stat.§ 42-110b(a)

***Reliance:*** *Hinchliffe v. American Motors Corporation*, 440 A.2d 810 (Conn. 1981) holds that the consumer need not prove reliance.

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Conn. Gen. Stat.§ 42-110g(d)

***Monetary Relief:*** Conn. Gen. Stat.§ 42-110g(a) (actual damages)

***Punitive Damages:*** Courts have the discretion to award punitive damages. Conn. Gen. Stat.§ 42-110g(a).

## Delaware

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

*Prohibited Acts:* Del. Code Ann. tit. 6, § 2513(a).

*Reliance:* The Delaware Supreme Court has held that the plaintiff does not need to show reliance but must show that the defendant's conduct caused the injury. *Teamsters Local 237 Welfare Fund v. AstraZeneca Pharmaceuticals LP*, 136 A.3d 688, 694 (Del. 2016).

*Knowledge and Intent:* Del. Code Ann. tit. 6, § 2513 requires a showing of intent that others rely on the concealment, suppression, or omission, but otherwise there is no requirement in the statute to prove that the defendant acted intentionally.

*Injunctive Relief:* Del. Code Ann. tit. 6, § 2523 (injunction), § 2525 (private right of action)

*Monetary Relief:* Del. Code Ann. tit. 6, § 2524 (damages), § 2525 (private right of action)

*Punitive Damages:* Courts have the discretion to award punitive damages. *See Stephenson v. Capano Development, Inc.*, 462 A.2d 1069, 1076-1077 (Del. 1983).

## District of Columbia

*Pre-Suit Notice:* Nothing in the statute requires pre-suit notice.

*Prohibited Acts:* D.C. Code § 28-3904

*Reliance:* Reliance is not required. *See Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1175 (D.D.C. 2003).

*Knowledge and Intent:* There is no requirement to show knowledge or intent. *See Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp.*, 944 A.2d 1055 (D.C. 2008).

*Injunctive Relief:* D.C. Code § 28-3905(k)(2)(D)

*Monetary Relief:* D.C. Code § 28-3909(k)(2)(A) (only specifies treble and statutory damages, but actual implicitly available)

*Punitive Damages:* D.C. Code § 28-3905(k)(1)(A), (C) authorizes punitive damages.

## Florida

*Pre-Suit Notice:* Fla. Stat. Ann. § 501.98 only requires pre-suit notice for suits against motor vehicle dealers.

*Prohibited Acts:* Fla. Stat. Ann. § 501.204

**Reliance:**  *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985 (11th Cir. 2016) holds that reliance is not a requirement, and that common issues predominate if the advertisement was likely to deceive an "objectively reasonable observer."

**Knowledge and Intent:** Nothing in the statute requires a showing of the defendant's intent or knowledge.

**Injunctive Relief:** Fla. Stat. Ann. § 501.211(1)

**Monetary Relief:** Fla. Stat. Ann. § 501.211(2) (damages)

**Punitive Damages:** The statute has no provision for punitive damages.

## Georgia

**Pre-Suit Notice:** Ga. Code § 10-1-399(b) requires pre-suit notice except when the claim is brought as a counterclaim.

**Prohibited Acts:** Ga. Code § 10-1-393(a)

**Reliance:** The Georgia Supreme Court has held that a showing of reliance is required for an individual claim, at least as to deception claims. *Tiismann v. Linda Martin Homes Corp.*, 637 S.E.2d 14 (Ga. 2006). Plaintiff is not aware of any cases addressing the question of classwide reliance.

**Knowledge and Intent:** Nothing in the statute requires a showing of the defendant's intent or knowledge.

**Injunctive Relief:** Ga. Code § 10-1-399(a)

**Monetary Relief:** Ga. Code § 10-1-399(a) (general damages)

**Punitive Damages:** Ga. Code § 10-1-399(c) allows treble damages for willful violations. This section also authorizes punitive damages.

## Hawaii

**Pre-Suit Notice:** Nothing in the statute requires pre-suit notice.

**Prohibited Acts:** Haw. Rev. Stat. § 480-2(a), (d).

**Reliance:** Reliance is not required, but the plaintiff must show the deceptive practice is objectively misleading to reasonable consumers. *See, e.g., Courbat v. Dahana Ranch, Inc.,* 111 Haw. 254, 262 (2006); *Yokoyama v. Midland Nat'l Life Ins. Co.,* 594 F.3d 1087, 1093 (9th Cir. 2010).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Haw. Rev. Stat. § 487-13(a)(2)

***Monetary Relief:*** Haw. Rev. Stat. § 487-13(a)(1) (treble damages)

***Punitive Damages:*** The statute has no provision for punitive damages.

### Idaho

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Idaho Code § 48-603

***Reliance:*** The Idaho Supreme Court has held that a showing of individual reliance is not required under the statute. *State ex rel. Kidwell v. Master Distribs., Inc.,* 615 P.2d 116, 122-123 (Idaho 1980).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Idaho Code § 48-608(1)

***Monetary Relief:*** Idaho Code § 48-608(1) (actual damages; restitution)

***Punitive Damages:*** Idaho Code § 48-608 authorizes punitive damages. In addition, Idaho Code § 48-608(2), as amended effective July 1, 2008, allows elderly consumers to recover an enhanced penalty of $15,000 or treble damages, whichever is greater, for certain violations.

### Illinois

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** 815 Ill. Comp. Stat. Ann. § 505/2

***Reliance:*** The Seventh Circuit has held that reliance is not required under the statute. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001). For purposes of class certification, plaintiffs must show that defendant proximately caused the injuries of the class. *In re Synthroid Mktg. Litig.*, 188 F.R.D. 287, 292 (N.D. Ill. 1999).

***Knowledge and Intent:*** 815 Ill. Comp. Stat. Ann. § 505/2 requires a showing that the defendant acted with "intent that others rely" on the concealment of a material fact.

Nothing in the statute requires a showing of knowledge or intent for any other type of claim.

***Injunctive Relief:*** 815 Ill. Comp. Stat. Ann. § 505/10a(c)

***Monetary Relief:*** 815 Ill. Comp. Stat. Ann. § 505/10a(a) (actual damages)

***Punitive Damages:*** 815 Ill. Comp. Stat. Ann. § 505/10a. *See Martin v. Heinold Commodities, Inc.*, 643 N.E.2d 734 (Ill. 1994) (punitive damages).

## Indiana

***Pre-Suit Notice:*** Pre-suit notice is required by Ind. Code §§ 24-5-0.5-5 and 24-5-0.5-2(a)(5)-(8) (with an exception for deceptive acts done as part of scheme, artifice, or device with intent to defraud or mislead).

***Prohibited Acts:*** Ind. Code § 24-5-0.5-3(a) prohibits deceptive acts, broadly defined.

***Reliance:*** Ind. Code § 24-5-0.5-4 requires a showing of reliance, in that it provides a private right of action for "a person relying upon an uncured or incurable deceptive act." Plaintiff is not aware of any cases addressing the question of classwide reliance.

***Knowledge and Intent:*** Ind. Code § 24-5-0.5-3(b) requires intent or knowledge for most substantive violations, but the general prohibition of deception at § 24-5- 0.5-3(a) does not.

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** Ind. Code § 24-5-0.5-4(a) (actual damages; greater of $500 or actual). *See also* Ind. Code § 24-5 0.5-4(i) (allowing seniors to recover treble damages without the need to show willfullness).

***Punitive Damages:*** Ind. Code § 24-5-0.5-4(1) (greater of treble damages or $1000 upon a showing of willfulness)

## Iowa

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Iowa Code § 714H.3(1)

***Reliance:*** The Eighth Circuit has held that Section 714H.5(1) does not require individual reliance, but simply that the plaintiff lost money "as a result of the prohibited practice." *Brown v. Louisiana-Pacific Corp.*, 820 F.3d 339, 348-349 (8th Cir. 2016).

***Knowledge and Intent:*** Iowa Code § 714.16(7) requires a private plaintiff to show that the defendant acted with intent to cause reliance.

***Injunctive Relief:*** Iowa Code § 714H.5(1)

***Monetary Relief:*** Iowa Code § 714H.5(1) (actual damages)

***Punitive Damages:*** Iowa Code § 714H.5(4) provides for treble damages in cases of willful and wanton disregard for the rights and safety of others.

## Kansas

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Kan. Stat. § 50-626(a)

***Reliance:*** Courts have held that Kan. Stat. §§ 50-626 does not require reliance, but simply a showing of a casual connection between the challenged act and the consumer's injuries. *See, e.g., Finstad v. Washburn Univ. of Topeka*, 845 P.2d 685, 474 (Kan. 1993).

***Knowledge and Intent:*** While almost all of the specific prohibitions at § 50-626(b) require intent or knowledge, the general prohibition of deceptive acts and practices at Kan. Stat. § 50-626(a) does not.

***Injunctive Relief:*** Kan. Stat. § 50-634(a)(2)

***Monetary Relief:*** Kan. Stat. § 50-634(d) (damages; double actual damages)

***Punitive Damages:*** The statute's punitive damages provision does not apply in class actions.

## Kentucky

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Ky. Rev. Stat. § 367.170

***Reliance:*** In *Corder v. Ford Motor Co.*, 869 F. Supp. 2d 835, 838 (W.D. Ky. 2012), the court held that the statute requires proof of a causal nexus between plaintiff's loss and defendant's allegedly deceitful practices, but reliance is not required.

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** Ky. Rev. Stat. § 367.220(1) (actual damages)

***Punitive Damages:*** Ky. Rev. Stat. § 367.220 permits punitive damages.

## Louisiana

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** La. Rev. Stat. Ann. § 51:1405(A)

***Reliance:*** Louisiana courts have not reached the question whether reliance is required.

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** La. Rev. Stat. Ann. § 51:1409(A) (actual damages)

***Punitive Damages:*** La. Rev. Stat. Ann. § 51:1409(A) permits treble damages if the violation is knowing and the Attorney General is given notice.

## Maine

***Pre-Suit Notice:*** Me. Rev. Stat. Ann. tit. 5 § 213(1-A).

***Prohibited Acts:*** Me. Rev. Stat. Ann. tit. 5 § 207

***Reliance:*** Courts are undecided as to whether reliance is required. *Compare* Tungate v. MacLean-Stevens Studios, 714 A. 2d 792, 797 (Me. 1998) (noting that a showing of loss or money is required) *with* GxG Management, LLC v. Young Bros. and Co., Inc., 457 F. Supp. 2d 47 (D. Me. 2006) (granting summary judgment because reliance was not shown).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Me. Rev. Stat. Ann. tit. 5 § 213(1)

***Monetary Relief:*** Me. Rev. Stat. Ann. tit. 5 § 213(1) (actual damages or restitution)

***Punitive Damages:*** The statute has no provision for punitive damages.

## Maryland

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Md. Code Comm. Law § 13-301.

***Reliance:*** A showing of reliance is typically required. *See, e.g., Healy v. BWW Law Group, LCC*, 2017 WL 281997, at *3-4 (D. Md. Jan. 23, 2017); *Green v. Wells Fargo Bank*, 927 F. Supp. 2d 244, 254 n.8 (D. Md. 2013) (showing of reliance required for private suit), *aff'd*, 582 Fed. Appx. 246 (4th Cir. 2014). The Maryland Supreme Court however has held that the question of whether a practice is deceptive and materially is an objective standard. *See Luskin's, Inc. v. Consumer Prot. Div.,* 353 Md. 335, 358–59, 726 A.2d 702 (1999).

***Knowledge and Intent:*** Some provisions of Md. Code Comm. Law § 13-301 require a showing of knowledge and intent, but many do not.

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** Md. Code Comm. Law § 13-408(a)

***Punitive Damages:*** The statute has no provision for punitive damages.

## Massachusetts

***Pre-Suit Notice:*** Mass. Gen. Laws ch. 93A, § 9(3) requires pre-suit notice, with limited exceptions.

***Prohibited Acts:*** Mass. Gen. Laws Ch. 93A, § 2(a)

***Reliance:*** While the Massachusetts Supreme Court has said that only a showing of a loss is required, not reliance, *Hershenow v. Enter. Rent-A-Car Co. Of Boston, Inc.*, 445 Mass. 790, 799 (2006), some federal courts have held that in some instances, that loss can only be shown by establishing reliance. *See, e.g, Rodi v. Southern New England Sch. of Law*, 532 F.3d 11 (1st Cir. 2008). For purposes of a class action predicated on a price premium theory, individualized evidence is not required. *See, e.g., Olson v. Energy N., Inc.*, No. 9800228, 1999 WL 1332362, at *5 (Mass. Super. Jan. 14, 1999).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Mass. Gen. Laws Ch. 93A, § 9(1)

***Monetary Relief:*** Mass. Gen. Laws Ch. 93A, § 9(1) (damages; greater of actual damages or $25)

***Punitive Damages:*** Mass. Gen. Laws ch. 93A, § 9(3) permits punitive damages if the violation was willful, knowing, in bad faith, or committed with knowledge of violations in refusing to grant relief in response to consumer's demand.

## Michigan

**Pre-Suit Notice:** Nothing in the statute requires pre-suit notice.

**Prohibited Acts:** Mich. Comp. Laws Ann. § 445.903

**Reliance:** Whether reliance is required depends on the specific statutory provision under which the plaintiff sues. That said, where it is required, the Michigan Supreme Court has held that class action plaintiffs need only show that a reasonable person would have relied on the representations to satisfy predominance. *Dix. v. Am. Bankers Life Assurance Co*., 415 N.W.2d 206, 209 (Mich. 1987).

**Knowledge and Intent:** Nothing in the statute requires a showing of the defendant's intent or knowledge.

**Injunctive Relief:** Mich. Comp. Laws Ann. § 445.911(1)(b)

**Monetary Relief:** Mich. Comp. Laws Ann. § 445.911(2) (actual damages or $250, whichever is greater)

**Punitive Damages:** The statute has no provision for punitive damages.

## Minnesota

**Pre-Suit Notice:** Nothing in the statute requires pre-suit notice.

**Prohibited Acts:** Minn. Stat. § 325F.69(1)

**Reliance:** In *Wiegand v. Walser Automotive Groups, Inc.*, 683 N.W.2d 807, 811 (Minn. 2004), the Minnesota Supreme Court held that it was not necessary to plead individual reliance, but to recover, the consumer had to prove a causal nexus.

**Knowledge and Intent:** Although it is a less demanding standard than proof of intent to deceive, Minn. Stat. § 325F.69(1) requires a showing of intent that others rely on the defendant's deception.

**Injunctive Relief:** Minn. Stat. §§ 8.31(3a)

**Monetary Relief:** Minn. Stat. § 8.31(3a) (damages)

**Punitive Damages:** The statute has no provision for punitive damages.

## Mississippi

**Pre-Suit Notice:** Miss. Code § 75-24-15(2) requires pre-suit participation in AG-approved informal dispute settlement program, which necessarily entails a presuit notice.

**Prohibited Acts:** Miss. Code § 75-24-5

**Reliance:** Mississippi courts have not imposed an explicit requirement of reliance, but one court has noted that individuals must plead allegations of a causal connection between the defendants' deception and the plaintiffs' injuries. *Mayberry v. Bristol-Meyers Squibb Co.*, 2009 WL 5216968, at *8-9 (D.N.J. Dec. 30, 2009) (Miss. law). Plaintiff is not aware of any cases addressing the question of classwide reliance.

**Knowledge and Intent:** Nothing in the statute requires a showing of the defendant's intent or knowledge.

**Injunctive Relief:** The statute does not authorize individuals to obtain injunctive relief.

**Monetary Relief:** Miss. Code § 75-24-15 (recovery of the purchase price)

**Punitive Damages:** The statute has no provision for punitive damages.

## Missouri

**Pre-Suit Notice:** Nothing in the statute requires pre-suit notice.

**Prohibited Acts:** Mo. Rev. Stat. § 407.020(1)

**Reliance:** A showing of reliance is not required under Missouri's statute. *See* Mo. Code Regs. Ann. tit. 15, § 60-9.020(2) ("[r]eliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable mental state such as recklessness or negligence, are not elements of deception as used in section 407.020.1").

**Knowledge and Intent:** Nothing in the statute requires a showing of the defendant's intent or knowledge.

**Injunctive Relief:** Mo. Rev. Stat. § 407.025(2)

**Monetary Relief:** Mo. Rev. Stat. § 407.025(1) (actual damages)

**Punitive Damages:** Courts have the discretion to award punitive damages. Mo. Rev. Stat. § 407.025.

## Montana

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Mont. Code § 30-14-103

***Reliance:*** Nothing in the statute requires a showing of reliance, and the only court to address the question holds that a showing of reliance is not required. *PNC Bank v. Wilson*, 2015 WL 3887602, *7-8 (D. Mont. June 23, 2015).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** Mont. Code § 30-14-133(1) (actual damages)

***Punitive Damages:*** Courts have the discretion to award punitive treble damages. Mont. Code § 30-14-133(1)

## Nebraska

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Neb. Rev. Stat. § 59-1602

***Reliance:*** Neb. Rev. Stat. § 56-1609 creates a private cause of action for a violation, and makes no mention of reliance. Plaintiff is not aware of any cases addressing the question of classwide reliance.

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Neb. Rev. Stat. § 59-1609

***Monetary Relief:*** Neb. Rev. Stat. § 59-1609 (actual damages)

***Punitive Damages:*** The statute has no provision for punitive damages.

## Nevada

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Nev. Rev. Stat. § 598.0915(15) defines deceptive trade practices to include "knowingly mak[ing] any other false representation in a transaction." In addition,

Nev. Rev. Stat. § 598.0923(2) and (3) prohibit "knowingly ... (2) fail[ing] to disclose a material fact in connection with the sale or lease of goods or services" and (3) violat[ing] a state or federal statute or regulation relating to the sale or lease of goods or services."

*Reliance:* While Nevada state courts have not yet ruled on the issue, one federal court held that in a food labeling class action, reliance is both required and an individualized inquiry. *See Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657–59 (D. Nev. 2009).

*Knowledge and Intent:* Many of the most significant prohibitions require that the act be knowing, knowing and willful, or intentional. *See generally* Nev. Rev. Stat. § 598.0915.

*Injunctive Relief:* Nev. Rev. Stat. §§ 41.600(3)(b) (equitable relief)

*Monetary Relief:* Nev. Rev. Stat. §§ 41.600(3)(a) (damages)

*Punitive Damages:* Although the statute does not explicitly authorize multiple or punitive damages, other state laws authorize punitive damages, Nev. Rev. Stat. § 41.600(3)(a) and Nev. Rev. Stat. § 42.005, makes punitive damages available for breach of an obligation not arising from contract.

## New Hampshire

*Pre-Suit Notice:* Nothing in the statute requires pre-suit notice.

*Prohibited Acts:* N.H. Rev. Stat. § 358-A:2

*Reliance:* The statute does not require a showing of reliance, and in a class action, plaintiffs must show a causal connection between the misrepresentation and the injuries of the class. *Mulligan v. Choice Mortgage Corp.*, 1998 WL 544431, *12 (D.N.H. 1998).

*Knowledge and Intent:* The New Hampshire Supreme Court has held that the statute does not impose strict liability; the plaintiff must show some level of "rascality," and a misrepresentation made without knowledge or any reason to suspect that it is untrue is not a violation. *Kelton v. Hollis Ranch, LLC*, 927 A.2d 1242 (N.H. 2007).

*Injunctive Relief:* N.H. Rev. Stat. § 358-A:10(I)

*Monetary Relief:* N.H. Rev. Stat. § 358-A:10(I) (actual damages)

*Punitive Damages:* N.H. Rev. Stat. § 358-A:10(1) if willful or knowing

## New Jersey

*Pre-Suit Notice:* The statute does not impose a pre-suit notice requirement

*Prohibited Acts:* N.J. Stat. Ann. § 56:8-2

***Reliance:*** The New Jersey Supreme Court has held that a showing of reliance is not required. *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 366 (N.J. 1997). In a class action, the plaintiff must show the class suffered an ascertainable loss as a result of the defendant's conduct. *See, e.g., Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge, except that concealment of a material fact is a violation only if knowing.

***Injunctive Relief:*** N.J. Stat. Ann. § 56:8-19 (equitable relief)

***Monetary Relief:*** N.J. Stat. Ann. §§ 56:8-19 (treble damages)

***Punitive Damages:*** The statute has no provision for punitive damages.

## New Mexico

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** N.M. Stat. Ann. §§ 57-12-2(D), 57-12-3

***Reliance:*** Reliance is not required to sustain a claim in New Mexico, but in a class action, the, plaintiff must show a causal link between the injuries of the class and the defendant's conduct. *See, e.g, Mulford v. Altria Group, Inc.*, 242 F.R.D. 615, 622 (D.N.M. 2007).

***Knowledge and Intent:*** N.M. Stat. Ann. §§ 57-12-2(D) requires knowledge as an element of a deceptive practice. This requirement was held applicable to all deceptive practices listed in the statute by *Stevenson v. Louis Dreyfus Corp*., 811 P.2d 1308 (N.M. 1991). That decision also holds, however, that the requirement is satisfied if the party knows or should know of the deceptive nature of a statement.

***Injunctive Relief:*** N.M. Stat. Ann. § 57-12-10(A)

***Monetary Relief:*** N.M. Stat. Ann. § 57-12-10(B) (actual damages)

***Punitive Damages:*** The statute has no provision for punitive damages.

## New York

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** N.Y. Gen. Bus. Law §§ 349(a), 350-a(1)

***Reliance:*** Reliance is not required to sustain a claim in New Mexico, but in a class action, the, plaintiff must show a causal link between the injuries of the class and the defendant's conduct. *See, e.g., Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 549 (E.D.N.Y. 2017).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** N.Y. Gen. Bus. Law § 349(h)

***Monetary Relief:*** N.Y. Gen. Bus. Law § 349(h) (greater of $50 or actual damages)

***Punitive Damages:*** Upon a showing of willfulness, N.Y. Gen. Bus. Law § 349(h) permits treble damages (not more than $1,000).

## North Carolina

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** N.C. Gen. Stat. § 75-1.1(a)

***Reliance:*** The North Carolina Supreme Court has held that, when a claim stems from an alleged misrepresentation, the plaintiff must show reasonable reliance in order to demonstrate proximate causation. *Bumpers v. Cmty. Bank*, 747 S.E.2d 220 (N.C. 2013). Reliance can be proven on a classwide basis where representations to the class are substantially the same. *See, e.g., Pitts v. Am. Sec. Ins. Co.*, 144 N.C. App. 1, 14 (2001), *aff'd,* 356 N.C. 292 (2002).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** The statute does not explicitly authorize individuals to obtain injunctive relief, although the Fourth Circuit affirmed an injunction under the statute in *Shell Oil Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 108 (4th Cir. 1991).

***Monetary Relief:*** N.C. Gen. Stat. § 75-16 (treble damages)

***Punitive Damages:*** N.C. Gen. Stat. § 75-16

## North Dakota

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** N.D. Century Code §§ 51-15-02, 51-15-02.3.

*Reliance:* N.D. Cent. Code § 51-15-02 does not require reliance. Plaintiff is not aware of any cases addressing the question of classwide reliance.

*Knowledge and Intent:* N.D. Century Code § 51-15-02 requires a showing of intent that others rely on the defendant's deception.

*Injunctive Relief:* The statute does not authorize individuals to obtain injunctive relief.

*Monetary Relief:* N.D. Century Code § 51-15-09 (actual damages)

*Punitive Damages:* N.D. Century Code § 51-15-09 permits an award of treble damages if the violation was knowing.

## Ohio

*Pre-Suit Notice:* Nothing in the statute requires pre-suit notice.

*Prohibited Acts:* Ohio Rev. Code § 1345.02

*Reliance:* A number of decisions hold that plaintiff need not prove reliance, just a causal connection or ascertainable loss. *See, e.g., Nessle v. Whirlpool Corp.*, 2008 WL 2967703, *3 (N.D. Ohio July 25, 2008). In class actions, the question of whether an advertisement deceived the class can be established without proof of individual reliance. *See, e.g., Blankenship v. CFMOTO Powersports, Inc.*, 166 Ohio Misc. 2d 21, 45 (Com. Pl. 2011).

*Knowledge and Intent:* Ohio Rev. Code § 1345.02 does not require a showing of knowledge or intent.

*Injunctive Relief:* Ohio Rev. Code § 1345.09(D)

*Monetary Relief:* Ohio Rev. Code § 1345.09(A) (actual economic damages)

*Punitive Damages:* Ohio Rev. Code § 1345.09(B) permits punitive damages in limited situations.

## Oklahoma

*Pre-Suit Notice:* Nothing in the statute requires pre-suit notice.

*Prohibited Acts:* Okla. Stat. Ann. tit. 15, §§ 753, 752(13)

*Reliance:* The statute does not include an explicit reliance requirement, but Oklahoma courts have not directly addressed the question whether a showing of reliance is required.

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** Okla. Stat. Ann. tit. 15, § 761.1(A) (actual damages)

***Punitive Damages:*** The statute has no provision for punitive damages.

## Oregon

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Or. Rev. Stat. § 646.608

***Reliance:*** While reliance is not required for most types of claims under the statute, Oregon courts have not defined what is actually required to satisfy predominance in a class action. In *Pearson v. Philip Morris, Inc.,* 361 P.3d 3, 26-33 (Or. 2015), the Oregon Supreme Court discussed the state of the case law and noted in dicta that consumers might be able to show predominance on a classwide basis through a price premium supported by expert testimony.

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Or. Rev. Stat. § 646.638

***Monetary Relief:*** Or. Rev. Stat. § 646.638 (actual damages)

***Punitive Damages:*** Courts have the discretion to award punitive damages. Or. Rev. Stat. § 646.638.

## Pennsylvania

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** 73 Pa. Stat. § 201-2(4)

***Reliance:*** The Pennsylvania Supreme Court has held that reliance is an element of the claim. *Toy v. Metropolitan Life Ins. Co.,* 928 A.2d 186, 201-202 (Pa. 2007); *Yocca v. Pittsburgh Steelers Sports, Inc.,* 854 A.2d 425 (Pa. 2004). The Pennsylvania Supreme Court has stated that the issue of whether the class relied on a false advertisement is an individualized inquiry. *See Weinberg v. Sun Co.*, 565 Pa. 612, 617–18 (2001).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** 73 Pa. Stat. § 201-9.2(a) states that a court "may provide such additional relief as it deems necessary or proper."

***Monetary Relief:*** 73 Pa. Stat. § 201-9.2(a) (actual damages)

***Punitive Damages:*** Courts have the discretion to award punitive, treble damages of an amount not less than $100. 73 Pa. Stat. § 201-9.2(a).

## Rhode Island

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** R.I. Gen. Laws §§ 6-13.1-1(6)(xii), (xiii), (xiv), 6-13.1-2

***Reliance:*** R.I. Gen. Laws §§ 6-13.1-5.2 requires an ascertainable loss. In *Long v. Dell, Inc.,* 93 A.3d 988, 1003 (R.I. 2014), the Rhode Island Supreme Court adopted the FTC standard and did not require that reliance be shown.

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** R.I. Gen. Laws § 6-13.1-5.2(a)

***Monetary Relief:*** R.I. Gen. Laws § 6-13.1-5.2(a) (greater of actual damages or $100)

***Punitive Damages:*** Courts have the discretion to award punitive damages. R.I. Gen. Laws § 6-13.1-5.2.

## South Carolina

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** S.C. Code § 39-5-20(a)

***Reliance:*** Reliance is not required. *State ex rel. Wilson v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.,* 777 S.E.2d 176, 191-192 (S.C. 2015) states that a causal connection is sufficient.

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** S.C. Code § 39-5-140(a) (actual damages)

***Punitive Damages:*** S.C. Code § 39-5-140(a) permits an award of treble damages if the violation was willful or knowing.

## South Dakota

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** S.D. Codified Laws § 37-24-6

***Reliance:*** S.D. Codified Laws § 37-24-31 allows consumer who is "adversely affected" to sue. In *Nygaard v. Sioux Valley Hospitals & Health System*, 731 N.W.2d 184, 196 (S.D. 2007), the South Dakota Supreme Court held that the law requires a causal connection between the challenged conduct and the injuries. Some courts have interpreted this to mean that reliance is required. *See, e.g., Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.*, 2009 WL 3150984, *7 (D.S.D. Sept. 28, 2009); *Cheval Int'l v. Smartpak Equine, LLC*, No. CV 14-5010, 2016 WL 1064496, at *12 (D.S.D. Mar. 15, 2016). Plaintiff is not aware of any cases addressing the question of classwide reliance.

***Knowledge and Intent:*** The most commonly-applicable substantive prohibition, S.D. Codified Laws § 37-24-6(1), requires knowledge, but most do not.

S.D. Codified Laws § 37-24-8 says that, for actions brought by the Attorney General, "engaging in an act or practice declared to be unlawful by § 37-24-6 shall be prima facie evidence that the act or practice was engaged in knowingly and intentionally."

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** S.D. Codified Laws § 37-24-31 (actual damages)

***Punitive Damages:*** The statute has no provision for punitive damages.

## Tennessee

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Tenn. Code § 47-18-104(b)

***Reliance:*** The statute does not require proof of reliance, just a showing of proximate causation. *See, e.g., Nickell v. Bank of Am.*, 2012 WL 394467, at *7 (W.D. Tenn. Feb. 26, 2002); *Fleming v. Murphy*, 2007 WL 2050930 (Tenn. Ct. App. 2007).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Tenn. Code § 47-18-109(b)

***Monetary Relief:*** Tenn. Code § 47-18-109(1) (actual damages)

***Punitive Damages:*** Tenn. Code § 47-18-109(a)(3) allows an award of treble damages if violation was willful or knowing.

## Texas

***Pre-Suit Notice:*** Tex. Bus. & Com. Code § 17.505

***Prohibited Acts:*** Tex. Bus. & Com. Code § 17.46(a) broadly prohibits deception, but Tex. Bus. & Com. Code § 17.46(d) and 17.50(a)(1)(A) deny consumers the ability to enforce this prohibition.

***Reliance:*** The Texas statute expressly requires a consumer to prove reliance. Tex. Bus. & Com. Code § 17.50(a)(1)(B). Texas courts have generally held reliance on deceptive reprensentations is an individualized inquiry. *See, e.g., Peltier Enters., Inc. v. Hilton,* 51 S.W.3d 616, 624 (Tex.App.2000); *Fid. & Guar. Life Ins. Co. v. Pina,* 165 S.W.3d 416, 423 (Tex.App.2005).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Tex. Bus. & Com. Code § 17.50(b)(2)

***Monetary Relief:*** Tex. Bus. & Com. Code § 17.50(b)(1) (economic damages or damages for mental anguish)

***Punitive Damages:*** Tex. Bus. & Com. Code § 17.50(b)(1) permits an award of treble damages if the violation was knowing.

## Utah

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Utah Code Ann. § 13-11-4(1)

***Reliance:*** Section 13-11-19 of the statute requires a showing of an ascertainable loss, but not reliance. Utah courts have interpreted this section as requiring a showing of an ascertainable loss. *See Andreason v. Felsted*, 137 P.3d 1, 4 (Utah App. 2006).

***Knowledge and Intent:*** The general prohibition of deception at Utah Code Ann. § 13-11-4(a) does not require a showing of intent or knowledge, but the list of § 13-11-4(b) requires a showing that the specific enumerated prohibited activities was done either knowingly or intentionally.

*Injunctive Relief:* Utah Code Ann. § 13-11-19(1)

*Monetary Relief:* Utah Code Ann. § 13-11-19(2)(b)

*Punitive Damages:* The statute does not provide for multiple or punitive damages.

## Vermont

*Pre-Suit Notice:* Nothing in the statute requires pre-suit notice.

*Prohibited Acts:* Vt. Stat. Ann. tit. 9, § 2453(a)

*Reliance:* Section § 2461(b) of the statute requires either reliance *or* that consumer "sustain damages or injury as a result of" a prohibited practice. *See also Dernier v. Mortgage Network, Inc.*, 87 A.3d 465, 481 (Vt. 2013).

*Knowledge and Intent:* Nothing in the statute requires a showing of the defendant's intent or knowledge.

*Injunctive Relief:* Vt. Stat. Ann. tit. 9, § 2461(b) (equitable relief)

*Monetary Relief:* Vt. Stat. Ann. tit. 9, § 2461(b) (damages "or the consideration or the value of the consideration given by the consumer")

*Punitive Damages:* Vt. Stat. Ann. tit. 9, § 2461(b) permits treble damages.

## Virginia

*Pre-Suit Notice:* Nothing in the statute requires pre-suit notice.

*Prohibited Acts:* Va. Code Ann. § 59.1-200(A)(14)

*Reliance:* A showing of reliance is required. *See Owens v. DRS Automotive Fantomworks, Inc.*, 764 S.E.2d 256, 498 (Va. 2014). Plaintiff is not aware of any cases addressing the question of classwide reliance.

*Knowledge and Intent:* Except to rebut an affirmative defense under available in limited situations (Va. Code Ann. § 59.1-207), nothing in the statute requires a showing of the defendant's intent or knowledge.

*Injunctive Relief:* The statute does not authorize individuals to obtain injunctive relief.

*Monetary Relief:* Va. Code Ann. § 59.1-204(a) (actual damages)

*Punitive Damages:* Va. Code Ann. § 59.1-204(A) permits the greater of treble actual

damages or $1000 if the violation was willful.

## Washington

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Wash. Rev. Code § 19.86.020

***Reliance:*** In *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 170 P.3d 10 (Wash. 2007), the Washington Supreme Court held that proximate causation must be shown, and rejected the argument that reliance is required. *See also Thornell v. Seattle Service Bur., Inc.*, 363 P.3d 587, 591-592 (Wash. 2015).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Wash. Rev. Code § 19.86.090

***Monetary Relief:*** Wash. Rev. Code § 19.86.090 (actual damages)

***Punitive Damages:*** Wash. Rev. Code § 19.86.090 provides courts the discretion to award up to treble damages, capped at $25,000.

## West Virginia

***Pre-Suit Notice:*** W. Va. Code § 46A-6-106(b).

***Prohibited Acts:*** W. Va. Code §§ 46A-6-102(7) (prefatory language), 46A-6-104

***Reliance:*** As amended in 2015, W. Va. Code § 46A-6-106(b) requires a plaintiff who bases a claim on an affirmative misrepresentation to show that it "caused him or her to enter into the transaction," and that, for an omission, the plaintiff must show that his or her loss was "proximately caused" by the omission.

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** W. Va. Code § 46A-6-106(a)

***Monetary Relief:*** W. Va. Code § 46A-6-106(a) (actual damages)

***Punitive Damages:*** The statute does not provide for multiple or punitive damages.

## Wisconsin

***Pre-Suit Notice:*** Nothing in the statute requires pre-suit notice.

***Prohibited Acts:*** Wis. Stat. Ann. § 100.18

***Reliance:*** Reliance is not required under Wis. Stat. Ann. § 100.18, but plaintiffs must show causation. *Novell v. Migliaccio,* 749 N.W. 2d 554, 550 (Wis. 2007); *Haley v. Kolbe & Kolbe Millwork Co.*, 863 F.3d 600, 615 (7th Cir. 2017).

***Knowledge and Intent:*** Nothing in the statute requires a showing of the defendant's intent or knowledge.

***Injunctive Relief:*** Wis. Stat. Ann. § 100.18(11) is unclear as to whether private individuals may obtain an injunction.

***Monetary Relief:*** Wis. Stat. Ann. §§ 100.18(11)(b)(2) (pecuniary loss); Wis. Stat. Ann. § 100.20(5) allows double damages

***Punitive Damages:*** Wis. Stat. Ann. § 100.19(3)(b)(4) permits an award of punitive damages not to exceed the greater of $50,000 per violation or three times the aggregate amount awarded for all violations under the statute.

## <u>Wyoming</u>

***Pre-Suit Notice:*** Wyo. Stat. Ann. §§ 40-12-102(a)(ix), 40-12-108(a)

***Prohibited Acts:*** Wyo. Stat. Ann. § 40-12-105(a)(xv)

***Reliance:*** Wyo. Stat. Ann. § 40-12-108(a) explicitly requires a showing of reliance: "a person relying upon an uncured unlawful deceptive practice may bring and action under this act for the damages he has actually suffered." Plaintiff is not aware of any cases addressing the question of classwide reliance.

***Knowledge and Intent:*** The definition of unlawful practices at Wyo. Stat. Ann. § 40-12-105 requires that the defendant act knowingly.

***Injunctive Relief:*** The statute does not authorize individuals to obtain injunctive relief.

***Monetary Relief:*** Wyo. Stat. Ann. § 40-12-108(a) (actual damages)

***Punitive Damages:*** The statute does not provide for multiple or punitive damages.