**CLARKSON LAW FIRM, P.C**.
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff Thomas Iglesias*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FERRARA CANDY CO., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00849-VC<br><br>**[CLASS ACTION]**<br><br>**DECLARATION OF RYAN J. CLARKSON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Judge Vince Chhabria<br><br>Complaint filed:  February 21, 2017<br><br>Hearing Date:  June 21, 2018<br>Hearing Time:  10:00 AM<br>Hearing Location:  Courtroom 4 |

DECLARATION OF RYAN J. CLARKSON

**DECLARATION OF RYAN J. CLARKSON**

I, Ryan J. Clarkson, declare as follows:

1. I am the managing attorney at Clarkson Law Firm, P.C. ("CLF") and counsel of record for named Plaintiff Thomas Iglesias ("Plaintiff"). I am licensed to practice in all state and federal courts in the State of California, and I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiff's motion for preliminary approval of class action settlement.

3. Attached hereto as Exhibit 1 is a true and correct copy of the fully executed settlement agreement dated May 10, 2018.

4. Attached hereto as Exhibit 2 is a true and correct copy of my law firm's resume.

5. On June 27, 2017, Plaintiff served Defendant with requests for admissions, requests for production of documents, and special interrogatories. In connection with these requests, and Plaintiff's motion to compel further responses, which the Court granted on November 15, 2017, Defendant produced over 6,000 documents totaling tens of thousands of pages of complex information and spreadsheet data.

6. On November 13, 2017, Plaintiff's deposition took place in San Francisco, CA. On December 19-20, 2018, Plaintiff deposed Defendant's Rule 30(b)(6) corporate designees in Chicago, Illinois. Plaintiff also subpoenaed third parties for sales and marketing data to support his claims.

7. On October 10, 2017, the Parties attended a mediation in San Francisco, CA with mediator Martin Quinn. The parties were unable to reach an agreement.

8. On February 2, 2018, the parties held a second mediation with the Honorable William Cahill (Ret.) in San Francisco, CA. Although the case did not settle, Judge Cahill remained involved in ongoing mediation discussions in the weeks and months that followed.

9. After Plaintiff filed his motion for class certification and supporting documents on March 5, 2018, which included supporting materials from four retained experts who conducted

full expert reports based on a detailed slack-fill analysis and 3,788-participant consumer survey, the case settled.

10. As part of the settlement, Defendant stipulated to the filing of Plaintiff's SAC which added a cause of action for unjust enrichment and clarified the class definition.

11. Based on my communications and interactions with Thomas Iglesias in this case, I estimate that Mr. Iglesias has already contributed at least 45 hours to this case, including sitting for a full-day deposition.

12. As of the filing of this motion, my law firm has spent approximately 1500 hours working on this litigation. Our lodestar is greater than the amount we plan to seek in attorneys' fees. In addition, our law firm has incurred approximately $365,000 in unreimbursed expenses.

13. In further consideration of the class' interests, my law firm may apply for an award of attorneys' fees and costs below the maximum amount allowable under the settlement agreement depending on the number of claims to the Claim Fund.

14. The expense to prosecute this case has been substantial in light of the need for expert testimony from multiple disciplines, including packaging design engineering, economics, conjoint analysis, and marketing. In order to present a robust case for class certification, Plaintiff retained an expert in each of these fields.

15. Undoubtedly, the quality of Plaintiff's expert declarations, expert reports, and studies proffered by his retained experts in support of class certification was a substantial factor in persuading Defendant to agree to this settlement.

16. Were this case to proceed, additional expert costs would quickly accumulate as a result of expert depositions, rebuttal reports, oppositions to any *Daubert* challenges, testimony, and any associated costs such as travel expenses. The additional accumulation of such costs could quickly lead to a scenario in which settlement might not be economically feasible for either party.

17. Given the fact that a scheduling order has not yet been entered in this case, a trial date would likely not be scheduled to commence until sometime in early 2019 or later. Thus, any monetary and injunctive relief, which is not guaranteed and likely would not be as substantial as what Plaintiff has achieved with this settlement, would probably be delayed by at least a year. In

the meantime, Defendant would be permitted to continue to deceptively package the Products with impunity to the financial detriment of class members and consumers.

18. Plaintiff believes that his likely "best case" recovery at trial would be approximately $20 million, based on applying Drs. Lenzo and Bechtel's damages analysis to nationwide sales figures.

19. At final approval, Plaintiff will provide further testimony from Drs. Lenzo and Bechtel to support this damages estimate. However, Defendant disputes that any such premium exists, and expert testimony on the subject is likely to diverge wildly.

20. The settlement amount of $2.5 million, which does not include the value of the changed practices, may appear to be a small portion of the total amount of damages at trial, but Plaintiff believes this recovery to be fair in light of the risks discussed above, as well as the risk of not being able to collect such a large award. Further, the per-claim amount of 50 cents per box purchased, with no cap on claims with Proof of Purchase, and a 15 box/$7.50 cap on claims without Proof of Purchase, is a good result compared to the possible result in a contested proceeding.

21. This case has fully progressed through class and merits discovery. Accordingly, as discussed above, Plaintiff's counsel has received, examined, and analyzed information, documents, and materials that enabled them to assess the likelihood of success on the merits.

22. These efforts included rounds of interrogatories and requests for production, reviewing over 6,000 documents totaling thousands of pages, taking the depositions of Defendant's Rule 30(b)(6) corporate designees, serving third party subpoenas, extensive discussions with Plaintiff's four experts who conducted in-depth studies and analyses, produced thorough expert reports on product packaging design, marketing, and conjoint analysis/damages, as well as a large-scale survey of 3,788 participants, and significant legal research and briefing.

23. The parties also attended two in-person mediations in San Francisco, CA. The settlement agreement is the result of fully-informed negotiations based on a well of information obtained during discovery.

24. In fact, the actual amount of discovery materials exceeds this amount because many of these documents are actually voluminous Excel spreadsheets with multiple tabs of information and some of which are dozens if not hundreds of pages long when printed.

25. In anticipation of the mediation sessions with respected mediators Martin Quinn and Judge Cahill, both parties submitted comprehensive mediation briefs extensively detailing their legal and factual support.

26. When the case still did not settle, Plaintiff filed a robust motion for class certification and supporting materials, including four expert declarations. The case settled shortly thereafter with the continued assistance of mediator Judge Cahill.

27. The settlement reflects the realities of each side's case and the information obtained during the discovery process. The proposed settlement is the result of extensive, informed, arms-length negotiations between counsel with substantial litigation experience, who are fully familiar with the legal and factual issues in this case, and who have specific experience litigating and settling complex and class action cases.

28. Accordingly, based on our firm's collective experience, we concluded that the settlement agreement provides exceptional results for the class while sparing the class from the uncertainties of continued and protracted litigation.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on May 10, 2018 at Los Angeles, California.

_____
Ryan J. Clarkson