# EXHIBIT 1

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff Thomas Iglesias*

**HOGAN LOVELLS US LLP**
Michael J. Shepard (Bar No. 91281)
3 Embarcadero Center, Suite 15
San Francisco, CA  94111
Telephone:  (415) 374-2310
Facsimile:   (415) 374- 2499
michael.shepard@hoganlovells.com

*Attorneys for Defendant*
*Ferrara Candy Co.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>FERRARA CANDY CO., and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No. 3:17-cv-00849-VC<br><br>**[CLASS ACTION]**<br><br>**CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Hon. Judge Vince Chhabria<br><br>Courtroom 4<br><br>Complaint Filed:   February 21, 2017 |

This Class Action Settlement Agreement (the "Settlement"), dated May 10, 2018, is made and entered into by and between the Class Representative Thomas Iglesias ("Class Representative"), on behalf of himself and the Settlement Class, and Defendant Ferrara Candy Company ("Defendant") to settle and compromise this Action, as defined below, and settle,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

resolve, and discharge the Released Claims, as defined below, according to the terms and conditions herein.

## PREAMBLE

1.      WHEREAS, on February 21, 2017, Class Representative filed the above-captioned class action lawsuit against Defendant entitled *Iglesias v. Ferrara Candy Company*, United States District Court for the Northern District of California, Case No. 3:17-cv-00849-VC.

2.      WHEREAS, Class Representative alleges that Defendant has engaged in acts that violate state consumer protections laws (including California's False Advertising Laws ("FAL"), Bus. & Prof. Code § 17500 *et seq*., California's Unfair Competition Laws ("UCL"), Bus. & Prof. Code § 17200 *et seq*., and California's Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq*.), as well as Federal and California slack-fill laws, 21 C.F.R. § 100.100 and Cal. Bus. & Prof. Code § 12606.2, respectively, and that as a direct result of such violations, Class Representative and the putative class have suffered monetary damages and also seek equitable remedies.

3.      WHEREAS, the Settling Parties participated in two full day mediations with ADR Clerk-appointed Mediator Martin Quinn on August 25, 2017, and Honorable William Cahill (Ret.) on February 7, 2018, respectively, in San Francisco, California.

4.      WHEREAS, based upon the discovery taken to date, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, plus the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Class Representative has agreed to settle the claims asserted in the Action pursuant to provisions of this Settlement.

NOW, THEREFORE, subject to the Final Approval of the Court as required herein and by applicable law and rules, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, that any Released Claims against any Released Parties shall be settled, compromised, and forever released upon the following terms and conditions.

///

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## TERMS AND CONDITIONS OF THE SETTLEMENT

1. DEFINITIONS

As used in this Class Action Settlement Agreement and the related documents attached hereto as exhibits, the terms set forth below shall have the meanings set forth below.

1.1. "Action" means the civil action entitled *Iglesias v. Ferrara Candy Company*, Case No. 3:17-cv-00849-VC, currently pending in United States District Court for the Northern District of California.

1.2. "Administrative Costs" means all costs and expenses incurred by the Claims Administrator in administering the Class Action Settlement Agreement and providing Notice in accordance with the Preliminary Approval Order.

1.3. "Claim" or "Settlement Claim" means a claim for payment submitted by a Settlement Class Member to the Claims Administrator as provided in this Class Action Settlement Agreement.

1.4. "Claim Form" or "Settlement Claim Form" means a claim form, substantially in the form of Exhibit C attached hereto, to be submitted by Claimants seeking payment pursuant to this Class Action Settlement Agreement to the Claims Administrator.

1.5. "Claim Fund" means the sum of money that Defendant shall make available for payment of Valid Claims, which shall equal the amount of money remaining from the Total Monetary Settlement Amount after deducting Administrative Costs, any attorneys' fees, costs, and expenses awarded by the Court, and any incentive award ordered by the Court.

1.6. "Claimant" means a Settlement Class Member who submits a claim for payment.

1.7. "Claims Administrator" refers to Digital Settlement Group LLC.

1.8. "Class Action Settlement Agreement," "Settlement Agreement," "Settlement," or "Agreement" means this Class Action Settlement Agreement, including the attached exhibits.

1.9. "Class Counsel" means Ryan J. Clarkson, Shireen M. Clarkson, Bahar Sodaify, and the law firm of Clarkson Law Firm, P.C.

1.10. "Class Member" means any and all persons who are within the Settlement Class.

///

1.11.   "Class Period" means the time period between February 21, 2013 through the date the Preliminary Approval Order is entered.

1.12.   "Class Representative" means Thomas Iglesias.

1.13.   "Court" means the United States District Court for the Northern District of California.

1.14.   "Covered Products" or "Settlement Class Products" means all candy products manufactured by Defendant and packaged for sale or resale to consumers in an opaque cardboard box (including bag-in-a-box products), including Jujyfruits®, Jujubes®, Now and Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, Atomic Fireball®, and all flavors and varieties of those candies.

1.15.   "Defendant" means Ferrara Candy Company, as well as its past, present, and future officers, directors, shareholders, employees, predecessors, affiliates, parents, subsidiaries, partners, distributors, principals, insurers, administrators, agents, servants, successors, trustees, vendors, subcontractors, coconspirators, buyers, independent contractors, attorneys, representatives, heirs, executors, experts, consultants, and assigns of all of the foregoing persons and entities.

1.16.   "Defendant's Counsel" means Defendant's counsel of record in the Action, Michael J. Shepard, J. Christopher Mitchell and the law firm of Hogan Lovells US LLP.

1.17.   "Effective Date" means the first date by which all of the following events shall have occurred: the Court has entered the Final Approval Order and Judgment on the docket in the Action, and (a) the time to appeal from such order has expired and no appeal has been timely filed, (b) if such an appeal has been filed, it has finally been resolved and has resulted in an affirmation of the Final Approval Order and Judgment, or (c) the Court, following the resolution of the appeal, enters a further order or orders approving settlement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s) on appeal.   Without limiting the generality of the foregoing, the Effective Date shall not occur prior to final resolution of the Fee and Cost Application and any appeals regarding the Fee and Cost Application.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1.18.   "Fee and Cost Application" means the written motion or application by which the Class Representative and/or Class Counsel request that the Court award attorneys' fees, costs, expenses, and incentive awards.  Neither the pendency of the Fee and Cost Application, nor any appeal pertaining solely to a decision on the Fee and Cost Application, shall in any way delay or preclude the Final Approval Order and Judgment from becoming final.

1.19.   "Final Approval Hearing" means the hearing scheduled to take place at least ninety (90) days after the date of entry of the Preliminary Approval Order at which the Court shall: (a) determine whether to grant final approval to this Class Action Settlement Agreement and to certify the Settlement Class; (b) consider any timely objections to this Settlement and all responses thereto; and (c) rule on the Fee and Cost Application.

1.20.   "Final Approval Order" means the order in which the Court grants final approval of this Class Action Settlement Agreement, certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice.

1.21.   "Judgment" means the judgment to be entered by the Court pursuant to the Settlement.

1.22.   "Notice" shall mean a document substantially in the form of Exhibit D hereto, and "Summary Notice," meaning a document substantially in the form of Exhibit E hereto, to be disseminated in accordance with the Preliminary Approval Order, informing persons who fall within the Settlement Class definition of, among other things, the pendency of the Action, the material terms of the Proposed Settlement, and their options with respect thereto.

1.23.   "Notice Date" means the date thirty (30) days after the Court provides Preliminary Approval to the Settlement Agreement, by which the Claims Administrator shall commence dissemination of Notice to the Settlement Class.

1.24.   "Notice Plan" means the method of providing the Settlement Class with notice of the Class Action Settlement Agreement, as approved by the Court.

1.25.    "Notice Response Deadline" means the deadline for all members of the Settlement Class to respond to the Notice, which shall be at least sixty (60) days after the Notice Date.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1.26.   "Opt-Out Date" means the date that is the end of the period to request exclusion from the Settlement Class established by the Court and set forth in the Notice.

1.27.   "Participating Claimant" means a Claimant who submits a Qualifying Settlement Claim Form in response to the Notice.

1.28.   "Parties" means Class Representative Thomas Iglesias and Defendant Ferrara Candy Company.  "Party" shall refer to each of them individually.

1.29.   "Person" means any natural person, individual, and such individual's spouse, heirs, predecessors, successors, representatives, and assignees.

1.30.   "Plaintiff" means Thomas Iglesias.

1.31.   "Preliminary Approval Order" means the order in which the Court grants its preliminary approval to this Class Action Settlement Agreement, preliminarily certifies the Settlement Class, authorizes dissemination of Notice to the Settlement Class, and appoints the Claims Administrator.

1.32.   "Publication Notice" means the long-form and short-form notices, substantially in the form of Exhibits D and E attached hereto. The long-form Publication Notice and the short-form Publication Notice will be published as set forth in the Preliminary Approval Order.

1.33.   "Qualifying Settlement Claim Form" shall mean a Claim Form that is fully completed, properly executed, and timely returned to the Claims Administrator on or before the Notice Response Deadline by a Settlement Class Member.  A "Qualifying Settlement Claim Form" must be either returned with a postmark via U.S. mail or submitted online through the Class Settlement Website to be created and maintained by the Claims Administrator, at the Participating Claimant's discretion.  The Claims Administrator reserves the right to seek additional information beyond the Qualifying Settlement Claim Form, as necessary.

1.34.   "Receipt" shall mean documentary evidence establishing the purchase of one or more Covered Products, the date of purchase, and the purchase price.

1.35.   "Released Claims" means all of the claims alleged in the Second Amended Class Action Complaint filed in the Action and any and all claims or causes of action based on the identical factual predicate, whether in law or equity, whether seeking damages or any other relief

(including attorneys' fees), of any kind or character, known or unknown, that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, based upon any federal or state statutory or common law, including, without limitation, claims sounding in tort, contract, and the consumer protection laws of the United States or of any other state or jurisdiction within the United States, as well as under the unfair or deceptive trade practices, trade regulation, consumer fraud, misrepresentation, and false advertising law of the United States or any state or other jurisdiction within the United States.  Excluded from the Released Claims are any and all claims for personal injury, wrongful death, and/or emotional distress arising from personal injury.  With respect to the claims released pursuant to this paragraph, each Settlement Class Member shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law).  Section 1542 provides that:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Each and every term of this paragraph shall inure to the benefit of each and all of the Released Parties and Released Persons, and each and all of their respective successors and personal representatives, which persons and entities are intended to be beneficiaries of this paragraph.

1.36.    "Released Parties" and "Released Persons" means Defendant, its parent companies, subsidiary companies, affiliated companies, past, present, and future officers (as of the Effective Date), directors, shareholders, employees, predecessors, affiliates, parents, subsidiaries, joint partners, distributors, principals, insurers, administrators, agents, servants, successors, trustees, vendors, subcontractors, coconspirators, buyers, independent contractors, attorneys, representatives, heirs, executors, experts, consultants, and assigns of all of the foregoing persons and entities, and all suppliers, wholesalers, distributors, and retailers of any Covered Products.

1.37.    "Releasing Parties" means all Settlement Class Members.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1.38.    "Request for Exclusion" means a valid request for exclusion from a member of the Settlement Class. To be valid, a request for exclusion must: (a) be submitted by the member of the Settlement Class to the Claims Administrator and postmarked by a date no later than the Notice Response Deadline; (b) contain the submitter's name, address, and telephone number; and (c) otherwise comply with the instructions set forth in the Notice.

1.39.    "Settlement" means the settlement set forth in this Class Action Settlement Agreement.

1.40.    "Settlement Class" means, collectively, all persons in the United States of America who purchased one or more of Defendant's Covered Products at any time during the Class Period. Excluded from the Settlement Class are any officers, directors, or employees of Defendant, and the immediate family members of any such person. Also excluded is any judge who may preside over this case.

1.41.    "Settling Parties" means, collectively, Defendant, the Class Representative, and all Settlement Class Members.

1.42.    "Settlement Class Member" means any Class Member who does not submit a timely and valid Request for Exclusion.

1.43.    "Total Monetary Settlement Amount" means Two Million Five Hundred Thousand dollars ($2,500,000.00).

1.44.    "Valid Claim" means a claim for reimbursement submitted by a Settlement Class Member that satisfies all the criteria for submission of a Qualifying Settlement Claim Form and any additional information reasonably requested by the Settlement Administrator, if any.

1.45.    The singular of any defined term includes the plural, and the plural of any defined term includes the singular.

## 2.    DENIAL OF WRONGDOING AND LIABILITY

2.1.    Defendant has denied and continues to deny the material factual allegations and legal claims asserted by Plaintiff, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendant also denies that Plaintiff or any Class Members were harmed or damaged in

CLASS ACTION SETTLEMENT AGREEMENT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

any way by the conduct alleged in the Action. In addition, Defendant maintains that it has meritorious defenses to all claims alleged in the Action. Nonetheless, as set forth below and in consideration of the expense, burden and uncertainties involved in continued litigation, Defendant has agreed to settle the Action on the terms set forth herein.

///

### 3.  THE BENEFITS OF SETTLEMENT

3.1.  The Parties and their counsel recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Action through trial and appeals. The Parties and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. The Class Representative and Class Counsel are mindful of the inherent issues of proof and possible defenses to the claims asserted in the Action. The Class Representative and Class Counsel believe that the proposed settlement set forth in this Class Action Settlement Agreement confers substantial benefits upon the Settlement Class. Based on their evaluation of all of these factors, the Class Representative and Class Counsel have determined that the Class Action Settlement Agreement is in the best interests of the Class Representative and the Settlement Class.

### 4.  SETTLEMENT CONSIDERATION

4.1  <u>Injunctive Relief</u>

4.1.1.  Within ninety (90) days after the Effective Date, Defendant will provide the Settlement Class injunctive relief by way of modifying its fill level quality control procedures and target fill levels to at least 75% for theater box Covered Products, excluding bag-in-a-box, and 50% for all other Covered Products, including bag-in-a-box. Fill levels will be measured from the top of the candy, with carton sides held rigid. Excluded from the injunctive relief provision are Ferrara candy products packaged in multiple individual serving pouches and sold to consumers in opaque cardboard boxes that list the total number of pouches and the net weight of each pouch. Nothing in this provision shall prevent Defendant from making changes to its quality control procedures not

inconsistent with the foregoing, or as necessary to comply with governmental or regulatory requirements.

4.1.2.   To the extent that any state and/or federal statute, regulation, policies, and/or code may at any time impose other, further, different and/or conflicting obligations or duties on Defendant at any time with respect to the Covered Products, this Class Action Settlement Agreement and any Judgment which may be entered pursuant thereto, as well as the Court's continuing jurisdiction with respect to implementation and enforcement of the terms of this Class Action Settlement Agreement, shall cease as to the Settlement Class's and Defendant's conduct covered by that statute, regulation and/or code as of the effective date of such statute, regulation, and/or code.

4.2     Monetary Relief

4.2.1.   Defendant shall make available the Total Monetary Settlement Amount for payment of Valid Claims, Administrative Costs, any attorneys' fees, costs, and expenses awarded by the Court, and any incentive award approved by the Court, as set forth below.  Defendant's total financial commitment and obligation under this Settlement Agreement shall not exceed the Total Monetary Settlement Amount ($2,500,000.00).

4.2.1.1.     Valid Claims shall be paid from the Claim Fund as soon as practicable but in no event later than ninety (90) days after the Effective Date.

4.2.1.2.     Defendant shall not be required to make any part of the Claim Fund available to the Claims Administrator for payment of Valid Claims until forty-five (45) days after the Effective Date.

4.2.2.   The amount of the payment for any claim shall be determined as follows:

4.2.2.1.     For any Participating Claimant who provides a Receipt, the Participating Claimant shall be entitled to a refund of fifty cents ($0.50) per box of Covered Product purchased, subject to Paragraph 4.2.6.

4.2.2.2.     For any Participating Claimant who does not provide a Receipt, but who submits a claim form, either online or via mail, attesting, swearing, or affirming under penalty of perjury that he or she purchased a Covered Product during the Class Period, the actual amount paid

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

to each Participating Claimant will be fifty cents ($0.50) per box of Covered Product, with a cap of fifteen (15) boxes per Participating Claimant for a maximum total payment of up to seven dollars and fifty cents ($7.50), subject to Paragraph 4.2.6.

4.2.3. Participating Claimants cannot combine claims with Receipts with claims without Receipts.

4.2.4. Payment will be made directly to the Participating Claimant within ninety (90) days after the Effective Date.

4.2.5. Adequate and customary procedures and standards will be used by the Claims Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims including requesting additional information from Claimants (beyond the online claim form), if necessary.

4.2.6. If the amount in the Claim Fund is either more or less than the amount of the total cash claims submitted by Participating Claimants, the claims of each Participating Claimant will be increased or decreased, respectively, pro rata to ensure the Claim Fund is exhausted.

4.2.7. There will be no reversion of money from the Claim Fund to Defendant.

**5.    ADMINISTRATION AND NOTICE**

5.1.1.   All Administrative Costs shall be paid out of the Total Monetary Settlement Amount, and shall not exceed five hundred twenty-two thousand dollars ($522,000), plus postage.

5.1.1.1.          Defendant shall pay the Administrative Costs, or cause the Administrative Costs to be paid, as follows: Two Hundred Sixty-One Thousand Dollars ($261,000) within seven (7) days after entry of the order granting preliminary approval, and Two Hundred Sixty-One Thousand Dollars ($261,000) within thirty-seven (37) days after the preliminary approval order. The payments shall be subject to the Claims Administrator providing applicable tax I.D. number(s), payment routing information, and invoices for the charges no later than thirty (30) days in advance of the required payments.  Under no circumstances shall Defendant be required to pay more than $522,000 in Administrative Costs prior to the Effective Date.  Any Administrative Costs in excess of $522,000 shall be paid from the remainder of the Total Monetary Settlement Amount after the Effective Date.

CLASS ACTION SETTLEMENT AGREEMENT

1          5.1.2. Appointment and Retention of Claims Administrator

2          5.1.2.1.          The Parties retained Digital Settlement Group LLC as a Notice

3   Administrator and Claims Administrator to implement the terms of the Class Action Settlement

4   Agreement.

5          5.1.2.2.           The Claims Administrator will facilitate the notice process by assisting the

6   Parties in the implementation of the Notice Plan and administering all aspects of the Settlement.

7          5.1.3. Class Settlement Website

8          5.1.3.1.          The Claims Administrator will create and maintain the Class Settlement

9   Website, to be activated within twenty (20) days of the entry of the Preliminary Approval Order by

10  the Court. The Claims Administrator's responsibilities will also include securing an appropriate

11  URL. The Class Settlement Website will post the settlement documents and case-related documents

12  such as the Class Action Settlement Agreement, the Long-Form Notice, the Claim Form (in English

13  and Spanish versions), and the Preliminary Approval Order. In addition, the Class Settlement

14  Website will include procedural information regarding the status of the Court-approval process,

15  such as an announcement of the Final Approval Hearing Date, when the Final Approval Order and

16  Judgment have been entered, and when the Effective Date has been reached. Claimants will be able

17  to submit their claims electronically via the Class Settlement Website.

18         5.1.3.2.          The Class Settlement Website will terminate (be removed from the internet)

19  and no longer be maintained by the Claims Administrator thirty (30) days after either (a) the

20  Effective Date or (b) the date on which the Class Action Settlement Agreement is terminated or

21  otherwise not approved by a court, whichever is later.  The Claims Administrator will then transfer

22  ownership of the URL to Defendant.

23         5.1.3.3.          All costs and expenses related to the Class Settlement Website shall be paid

24  by Defendant as part of the Administrative Costs as set forth in 5.1.1 and 5.1.1.1 of this Agreement.

25         5.1.4. Notice Plan

26         5.1.4.1.          The class notice shall conform to all applicable requirements of the Federal

27  Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and

28  any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION SETTLEMENT AGREEMENT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

and approved by the Court. The class notice shall constitute the best notice that is practicable under the circumstances.

5.1.4.2.    Within thirty (30) days after preliminary approval by the Court of this Class Action Settlement Agreement, the Claims Administrator shall provide notice to the Settlement Class according to the Notice Plan.

5.1.4.3.    The Notice Plan will include internet and print notice. The Notice Plan will have a calculated reach of seventy percent (70%) or greater, to be attested to by affidavit or declaration of the Settlement Administrator.  A true and correct copy of the initial proposal for the Notice Plan is attached hereto as Exhibit A.

5.1.4.4.    The Settlement Claims Administrator shall purchase the print notice and other forms of notice associated with the Notice Plan, which shall be included in the amount paid to Digital Settlement Group LLC and paid as set forth in 5.1.1 and 5.1.1.1.

5.1.4.5.    The Parties agree to the content of these notices substantially in the forms attached to this Agreement as Exhibits D and E.

5.1.5.    Notice to Attorneys General.  Not later than ten (10) days after the Motion for Preliminary Approval of the Settlement is filed in court, the Settlement Administrator shall in consultation with Counsel for the Parties provide notice of the proposed class action settlement to the appropriate state officials (i.e. each state attorney general) pursuant to 28 U.S.C. § 1715, and the costs of such notice will be deducted from the Total Monetary Settlement Amount.

5.1.6. Taxes

Settlement Class Members, the Class Representative, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Class Action Settlement Agreement, if any.

**6.    RELEASES**

6.1.  Upon the Effective Date, the Class Representative and each of the Settlement Class Members will be deemed to have, and by operation of the Judgment will have fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims during the Class Period.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

**7.      CLASS CERTIFICATION**

7.1.1. The Parties agree that, for settlement purposes only, this Action shall be certified as a class action pursuant to Federal Rule of Civil Procedure, Rules 23(b)(2) and 23(b)(3), with Class Representative serving as class representative and Class Counsel as counsel for the Settlement Class.

7.1.2. In the event the Class Action Settlement Agreement is terminated or for any reason the Class Action Settlement Agreement is not effectuated, the certification of the Settlement Class and the appointment of Class Counsel shall be vacated and the Action shall proceed as if the Settlement Class had not been certified and Class Counsel had not been appointed.

**8.      SETTLEMENT HEARING**

8.1.      Promptly after execution of this Class Action Settlement Agreement, Plaintiff will submit the Class Action Settlement Agreement together with its Exhibits to the Court and will request that the Court grant preliminary approval of the Class Action Settlement Agreement, issue the Preliminary Approval Order, and schedule a hearing on whether the Class Action Settlement Agreement should be granted final approval and whether the Fee and Cost Application should be granted ("Settlement Hearing").

8.2.      <u>Procedures for Objecting to the Class Action Settlement Agreement</u>

8.2.1.      Settlement Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Class Action Settlement Agreement should not be given Final Approval, subject to each of the subprovisions in Paragraph 8.2. Any objection to this Class Action Settlement Agreement, including any of its terms or provisions, must be in writing, filed with the Court, with a copy sent the Court and Class Counsel, Counsel for Defendant, and the Claims Administrator at the addresses set forth in the Class Notice, and postmarked no later than the Notice Response Deadline.  Settlement Class Members may object either on their own or through an attorney hired at their own expense. Pursuant to the Court's standing order, the Court will only require substantial compliance with these requirements from Class Members who wish to object, which shall be stated in the Class Notice.

///

8.2.2. If a Settlement Class Member hires an attorney to represent him or her at the Final Approval Hearing, he or she must do so at his or her own expense.

8.2.3. Any objection regarding or related to the Class Action Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in Iglesias v. Ferrara, No. 3:17-cv-00849-VC" and also shall contain the following information: (i) the objector's name, address, and telephone number, (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for their standing as a Settlement Class Member, e.g., Receipt, or verification under oath as to the approximate date(s) and location(s) of their purchase(s) of the Covered Products; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s). If an objecting party chooses to appear at the hearing, no later than the Notice Response Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, telephone number, facsimile number, and email address of the attorney, if any, who will appear.

8.2.4. If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. While the declaration described above is prima facie evidence that the objector is a member of the Settlement Class, Class Representative or Defendant or both may take discovery regarding the matter, subject to Court approval.

8.2.5. Any Class Member who does not timely object to the Class Action Settlement Agreement or timely submit a Request for Exclusion is deemed to be a Settlement Class Member and bound by the Class Action Settlement Agreement or any further orders of the Court in this Action.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

8.3. <u>Right to Respond to Objections</u>

8.3.1. Class Counsel and Defendant shall have the right, but not the obligation, to respond to any timely-filed objection no later than seven (7) days prior to the Final Approval Hearing. The Settling Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objector (or counsel for the objector) and to counsel for Class Representative and Defendant.

8.4. <u>Opt Outs</u>

8.4.1. Any Class Member who does not wish to participate in this Class Action Settlement Agreement must make a Request for Exclusion in writing to the Claims Administrator stating an intention to be "excluded" from this Class Action Settlement Agreement by the Opt-Out Date. This written Request for Exclusion must be sent via first class United States mail to the Claims Administrator at the address set forth in the Class Notice and postmarked no later than the Notice Response Deadline. The Request for Exclusion must be personally signed by the Class Member. So-called "mass" or "class" opt-outs shall not be allowed.  A Class Member who timely submits a valid Request for Exclusion pursuant to this paragraph shall not be a Settlement Class Member and shall not be considered a party to this Action for any purpose.

8.4.2. Any Class Member who does not request exclusion from the Settlement has the right to object to the Settlement as set forth in Paragraphs 8.2.1 to 8.2.5 above. If a Class Member submits a written Request for Exclusion, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Class Action Settlement Agreement if approved by the Court.  However, any objector who has not timely requested exclusion from the Settlement will be bound by the terms of the Class Action Settlement Agreement and by all proceedings, orders and judgments in the Action.

8.4.3.  At least seven (7) calendar days prior to the Final Approval Hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class (the "Opt-Outs"), and Class Counsel shall file that list with the Court.

///

9.      **ATTORNEYS' FEES, COSTS, AND EXPENSES**

9.1.    Class Counsel may apply to the Court for an award of attorneys' fees not to exceed Seven Hundred Fifty Thousand Dollars ($750,000), plus costs and expenses. This amount will be paid out of the Total Monetary Settlement Fund.  Defendant shall pay or cause to be paid any attorney's fees, costs and expenses awarded to Class Counsel and approved by the Court pursuant to the schedule set forth below.

9.1.1.  Defendant will pay or cause to be paid up to $500,000 in Court-approved attorney fees, costs and expenses within forty-five (45) days after the District Court's final order approving the settlement and fee award, notwithstanding any appeal, subject to Class Counsel providing applicable tax I.D. number(s), providing payment routing information, and executing an undertaking in the form attached hereto as Exhibit B.  If the Final Approval Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, or the Court's award of attorney fees, costs or expenses is reduced on appeal or otherwise prior to the Effective Date, then within fifteen (15) business days of such event, Class Counsel shall return to Defendant and Defendant's insurance carrier the attorneys' fees, costs, and other payments received by Class Counsel under this paragraph, in the amounts and according to the procedures set forth in Exhibit B.  The terms set forth in Exhibit B are expressly incorporated into this Class Action Settlement Agreement and shall be binding as if fully set forth herein.

9.1.2.  If the Court approves attorneys' fees, costs, and expenses in excess of $500,000, Defendant will cause the remaining balance to be paid within forty-five (45) days after the Effective Date.  For the avoidance of doubt, the remaining balance shall equal the difference between a) the total amount of attorneys' fees, costs and expenses awarded by the Court and b) the amounts paid to Class Counsel under 9.1.1.

9.2.    Plaintiff may apply to the Court for an incentive award of $5,000 for his service as named plaintiff and putative class representative.  The amount of the incentive award ordered by the Court shall be paid out of the Total Monetary Settlement Fund and sent to Class Counsel within

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1    forty-five (45) days after the Effective Date, subject to the prior delivery to Defendant of tax I.D.

2    number(s) and address for delivery for each individual receiving such award.

3    **10.    CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION**

4    10.1. The Effective Date of this Class Action Settlement Agreement shall be the date as

5    defined in Paragraph 1.15.

6    10.2. If this Class Action Settlement Agreement is not approved by the Court or the

7    Settlement is terminated or fails to become effective in accordance with the terms of this Class

8    Action Settlement Agreement, the Settling Parties will be restored to their respective positions in

9    the Action as of the date the Motion for Preliminary Approval is filed. In such event, the terms and

10    provisions of this Class Action Settlement Agreement and the Term Sheet Agreement executed in

11    March of 2018 will have no further force and effect with respect to the Settling Parties and will not

12    be used in this Action or in any other proceeding for any purpose, and any Judgment or order

13    entered by the Court in accordance with the terms of this Class Action Settlement Agreement will

14    be treated as vacated. The Parties will meet and confer regarding a proposed class certification

15    schedule, and will submit to the Court a proposed schedule, or competing alternative schedules if

16    they cannot reach agreement.  For the avoidance of doubt, nothing in this Paragraph shall affect the

17    obligations in Paragraph 9.1.1 and Exhibit B, which shall survive non-approval of the Class Action

18    Settlement Agreement, termination of the Settlement, and/or failure of the Settlement to become

19    effective in accordance with the terms of this Class Action Settlement Agreement.

20    10.3. No order of the Court or modification or reversal on appeal of any order of the Court

21    concerning any award of attorneys' fees, expenses, or costs to Class Counsel will constitute

22    grounds for cancellation or termination of this Class Action Settlement Agreement.

23    **11.    MISCELLANEOUS PROVISIONS**

24    11.1. The Parties acknowledge that it is their intent to consummate this Class Action

25    Settlement Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate

26    and implement all terms and conditions of this Class Action Settlement Agreement and to exercise

27    their best efforts to accomplish the foregoing terms and conditions of this Class Action Settlement

28    Agreement.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION SETTLEMENT AGREEMENT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

11.2. The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

11.3.   Neither this Class Action Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Class Action Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Any party to this Action may file this Class Action Settlement Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.4. All agreements made and orders entered during the course of the Action relating to the confidentiality of information will survive this Class Action Settlement Agreement.

11.5. Any and all Exhibits to this Class Action Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

11.6. This Class Action Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

11.7. This Class Action Settlement Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Class Action Settlement Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents. Except as otherwise provided herein, the Parties will bear their own respective costs.

CLASS ACTION SETTLEMENT AGREEMENT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

11.8. Class Counsel, on behalf of the Settlement Class, are expressly authorized by the Class Representative to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to this Class Action Settlement Agreement to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Class Action Settlement Agreement on behalf of the Settlement Class that Class Counsel deem appropriate.

11.9. Each counsel or other Person executing this Class Action Settlement Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

11.10. This Class Action Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument. The parties further agree that signatures provided by portable document format (PDF) or other electronic transmission shall have the same force and effect as original signatures.

11.11. This Class Action Settlement Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

11.12. Except as provided herein, the Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Class Action Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

11.13. None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Class Action Settlement Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Class Action Settlement Agreement and its Exhibits will be interpreted according to its plain meaning, and will not be interpreted for or against any of the Settling Parties as the drafter thereof.

11.14.  This Class Action Settlement Agreement and any Exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

11.15.  Except for the notice provisions set forth in the Order of Preliminary Approval and except as required of Defendant in accordance with applicable law, rule, or regulation (e.g.

securities laws, rules, or regulations), each of the Class Representative, Class Counsel, Defendant, and Defendant's Counsel agrees that there will be no campaigning (including on the Internet) regarding the Settlement.  There will be no press release regarding the Settlement, and neither side will initiate contacts with the media regarding the Settlement or litigation against Defendant.  Any party can respond to inquiries initiated by the media regarding the Settlement, and in doing so may decline to comment, but otherwise shall only refer to the Class Notice and/or defer to the court file in this Action, but shall not provide any further comment.

11.16.  The time periods and/or dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendant's Counsel, without notice to Class Members. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

11.17.  If the date for performance of any act required by or under this Settlement Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

///
///
///
///
///
///
///
///
///
///
///

CLASS ACTION SETTLEMENT AGREEMENT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1    DATED: May ___, 2018

2                                                    _____
                                                     Thomas Iglesias
3

4

5    DATED: May ___, 2018

6                                                    _____
                                                     Michael Murray, Chief Operating Officer
7                                                    Ferrara Candy Company

8

9    **APPROVED AS TO FORM:**

10

11

12

13   DATED: May _10_, 2018                           CLARKSON LAW FIRM, P.C.

14

15                                                   _____
16                                                   Ryan J. Clarkson, Esq.
                                                     Shireen M. Clarkson, Esq.
17                                                   Bahar Sodaify, Esq.

18                                                   *Attorneys for Plaintiff Thomas Iglesias*

19   DATED: May ___, 2018                            HOGAN LOVELLS US LLP

20

21                                                   _____
22                                                   Michael J. Shepard, Esq.
                                                     J. Christopher Mitchell, Esq.
23                                                   *Attorneys for Defendant Ferrara Candy
                                                     Company*

24

25

26

27

28

DATED: May /0, 2018

Thomas Iglesias

DATED: May /0, 2018

Michael Murray, Chief Operating Officer
Ferrara Candy Company

**APPROVED AS TO FORM:**

DATED: May __, 2018                    CLARKSON LAW FIRM, P.C.

Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Bahar Sodaify, Esq.

*Attorneys for Plaintiff Thomas Iglesias*

DATED: May /0, 2018                    HOGAN LOVELLS US LLP

Michael J. Shepard, Esq.
J. Christopher Mitchell, Esq.
*Attorneys for Defendant Ferrara Candy
Company*

# EXHIBIT A

## CLASS NOTICE AND ADMINISTRATION

1.      The key purpose of this document is to provide the Court with Digital Settlement Group's qualifications and experience regarding this Class Action Notice Plan and to provide additional details and background on what will be executed per the Service Agreement.

2.      As the Class Action Settlement Administrator for the Settlement, our duties and responsibilities for administering the Settlement includes the following (1) arranging for the distribution of the Class Notice and Claim Forms to Settlement Class Members; (2) arranging for publication of the Publication Notice; (3) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (4) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion to the Settlement; (5) establishing the Settlement Website that posts notices, Claim Forms and other related documents; (6) establishing a toll-free telephone number; (7) receiving and processing claims; (8) submitting a declaration attesting to the dissemination of the Class Notice and the number of claims received; (9) providing timely reporting and analytics to Counsel throughout the noticing and claims process to allow for thorough oversight.

### EXPERIENCE

3.      Digital Settlement Group has served as a court-approved notice provider in over a dozen state and federal court class actions and has worked in the class action category for over eight years and provided expertise in Internet notice to some of the largest class action administration companies in the industry, including the following class actions: *Keller v. Gaspari Nutrition*, No. CV11-06158 (U.S. Dist. Ct., Central Dist. Cal.); *Taromina, v. Gaspari Nutrition*, No. CV12-05424 (U.S. Dist. Ct., Central Dist. Cal.); *Wike v. HCG Platinum, LLC*, No. BC451080 (Los Angeles County Superior Court). Most recently, We managed notice and administration for *Garcia v. Iovate Health Sciences USA Inc.* (Santa Barbara Superior Court) (National indirect purchaser class of a consumer product at retail).

4.      In approving *In Re: Wellnx Marketing & Sales Practices* (a national, 18 state multidistrict class action litigation with a substantial indirect purchaser class), the Court noted: "the effort to provide notice to the class went well beyond what due process would require at its minimum. In fact, it was both an intelligent and effusive, if I can use that word, notification process, which has given me new some ideas for similar cases in the future for the proper way of giving notice in a case like this where it is hard to otherwise ascertain the identity of the class members."

5.      Additionally, Digital Settlement Group has over twenty years of marketing experience with a specialty in television and Internet advertising, including managing the official online sites for 20th Century

Fox on behalf of News Corporation from 1993 to 1996. Our founders have served as a marketing consultant to a variety of consumer product companies, where responsibilities included creative directing national marketing campaigns and producing and directing national television commercials (which have been featured in trade magazines, like *Advertising Age,* and generated hundreds of millions of dollars in retail revenue). Digital Settlement Group personally managed tens of millions of dollars in Internet advertising for consumer products. Due to the extensive Internet marketing experience, our area of specialty is providing class notice in cases where the identities of individual Class Members is not known, including classes comprised of purchasers of consumer products. *See Arreguin v. Telebrands*, No. CIVRS1307798 (Superior Court of California, San Bernardino County) (Indirect purchaser class of nationwide Pocket Hose consumer product.); and *Eggnatz et al v. The Kellogg Company et al*, S.D. Fla., Case No. 1:12-cv-21678. (Indirect purchaser class of nationwide Kashi products with no direct mail component.)

### OVERVIEW OF THE NOTICE PLAN

6.      This Litigation[1] involves-Products sold predominantly at movie theater locations and retail, so the identity of purchasing Class Members is not readily known. In such cases, Internet and publication notice is the best way to inform Class Members about the Settlement. Digital Settlement Group relies heavily on recommendations from the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide ("Claims Guide") in designing its notice plans.

7.      DSG developed a comprehensive notice program consisting of efficient media vehicles with the objective of reaching a substantial portion of Class Members. A detailed breakout of the notice plan is outlined in the Service Agreement. DSG believes this provides the best practicable methods to reach potential class members and has seen successful results in similar plans with similar class members.

8.      Before any of the notices begin, DSG will review all materials and work with Counsel to help comply with Claims Guide recommendations and timelines. All the advertisements will direct potential Class Members to the Settlement Website, where they will be able to download all important documents, review frequently asked questions, and file a claim either online and/or postal as stated in the agreement. Administration will notify claimants of any missing or invalid claim information after the Approval Hearing. The print advertisements will also have address, email and phone in case individuals cannot access a computer. A toll-free number with an Interactive Voice Response ("IVR") system will also be available to answer potential questions.

---

[1]      All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement and Release between the parties.

9.      One of the concerns noted in the Claims Guide is that claims administrators are "often accountants by training and may lack personal knowledge or the training to conduct reach analyses." Digital Settlement Group, however, has extensive expertise in marketing and media-planning that is essential to conducting reach analysis that has been approved by Courts in similar cases with a large indirect purchaser class.

10.      The notice plan is supported by "unbiased evidence supporting the plan's adequacy"[2] as recommended by the Claims Guide. DSG uses industry-standard reporting tools from GfK MRI and comScore. GfK MRI is part of the GfK Group, the fourth largest market research organization worldwide. They're a leader in supplying the audience data for almost all national print campaigns in the country and their Survey of the American Consumer produces one of the country's largest and most current database of consumer behavior, media usage and consumer motivations. comScore is the leading cross-platform measurement company that provides independent data, metrics, products and services to clients in the media, advertising and marketing industries. They provide digital media analytics that help advertisers understand the composition, reach, and frequency of consumer media audiences. The accuracy of reporting from both GfK MRI and comScore has been approved by Courts in previous notice plans we've developed.

11.      Our notice programs create the best practicable plan because they are designed in the same way a company would design an advertising campaign to sell that very same product.  Specifically, we used industry standard advertising tools to identify media properties where purchasers of candy were most likely to be located. In addition, the methods used have been approved in multiple cases with a substantial indirect purchaser class (See *Arreguin v. Telebrands* and *Eggnatz et al v. The Kellogg Company*).

**SETTLEMENT WEBSITE**

Digital Settlement Group will create and maintain a dedicated web site for the Class Members to learn about the Settlement. It will feature the ability to download all relevant documents (in industry standard PDF format), including Claim Forms, Important Dates, Frequently Asked Questions, Long Form Notice, and the Short Form notice. The site will be designed for broad compatibility with browsers and platforms using best practices.

All traffic to the site will be monitored with proprietary fraud detection systems, similar to those used on e-commerce platforms, to help ensure legitimate Class Members receive the maximum benefit.  A 3rd party monitoring service will check the site at regular intervals to ensure the site is functioning properly and, if required, provide an independent report on the total up-time of the site. The Settlement Web Site will be

---

2       See Claims Guide.

updated in a timely manner, based upon the Court-approved schedule. For example, when the deadline for filing a claim has passed, that option will be removed from the site.

## CONSUMER PUBLICATION

12.      Print publications were selected for their efficiency and reach with the targeted class. While the Internet has a high saturation of consumer product customers (and continues to grow), a targeted print publication element has been proposed to ensure potential class members with limited Internet access or usage aren't neglected. To develop the print notice, both proprietary data from previous notice plans and GfK MRI was used to evaluate the reach to the class. As noted earlier, the goal of the campaign is to reach the defined class. In addition to raw data, an extensive marketing analysis was performed to ensure publications targeted this class. By targeting widely read publications with a high index the print publication portion is designed to effectively supplement the Internet notice portion of the plan and help provide additional reach especially to consumers that are less likely to be online.

13.      The print publications selected include: *Soap Opera Digest*, *Life & Style*, and the *National Enquirer*. All of these publications are more likely than average to have "candy consumers" as readers. They will be presented in 1/3 page vertical format.

14.      DSG will release a press release, with language to be agreed upon by Counsel, through PR Newswire. PR Newswire is the industry's largest content distribution network reaching nearly 4,500 US websites, more than 33,000 member journalists and 48 industry-specific Twitter feeds.

## INTERNET ADVERTISEMENTS

15.      The Internet is an extremely powerful tool for reaching potential class members and driving them to the settlement website. According to Pew Research (2016)[3], 89% of all adults in the United States use the Internet, up from 79% in 2010. Over a decade of Internet marketing experience has been leveraged to design the most effective plan.

16.      DSG will target Class Members with impressions on the *ComScore Ranked Tier 1 websites* over the course of 30 days defined in the agreement. An impression is defined as when the internet ad is shown or loaded on a Website. The sites selected for the Internet notice reach at least 75% or higher of the Internet population

---

[3]      Data Source: *http://www.pewinternet.org/fact-sheet/internet-broadband/*

and are the most popular on the United States Internet, based upon comScore data. This notice plan will deliver impressions using interest and/or behavioral targeting. Whenever possible and cost effective, behavioral and "transactional targeting" from the site, networks or 3rd party data sources will be used to deliver banner advertisements to users who have purchased the product or shown interest in a specific product or category. Digital Settlement Group will also use targeted native ads to help provide information to those individuals that may not fall into the other behaviorally targeted segments.  Unlike traditional media (like print publications), this allows a notice plan to target potential class members more accurately with significantly less "wasted" impressions.

In addition, targeted "search terms" advertisements on popular search engines and networks will be incorporated into the plan. Per the *Claims Guide*, this is to help satisfy "extra effort" where the class is "highly concentrated." Whenever possible and cost effective, settlement notice advertisements  will be targeted based on past user behavior. In addition, contextual, in-market, topic and affinity targeting are used to ensure the most relevant audience is reached. This type of advertising targets the right potential class members at the right time.

**17.**     The notice program will consist of over 52 million targeted Internet impressions on Tier 1 properties (e.g. Yahoo, Google, Facebook), using 3rd party tools to verify reach and frequency. Behaviors, interests, and topics will be used to target the notice in the most efficient manner. For example, targeting will include adults in the United States who are known to have purchased "gum or candy," while excluding "health and fitness" consumers.

**18.**     The notice advertisements are designed to "command class members' attention" and "are written in a clear, concise and easily understood language."[4] Clicking on the links will direct the Class Member to the Settlement Website where they will have quick access to a printable and online Claim Form.  Examples of the Internet advertisements can be seen in Exhibit 1. Digital Settlement Group will regularly report detailed statistics to Counsel and adjust the notice plan on an as needed basis.

## 28 U.S.C. § 1715 NOTICE TO ATTORNEYS GENERAL

**19.**     After entry of the preliminary approval order, notice of the proposed class action settlement shall be given to the appropriate state officials (i.e. each state attorney general) pursuant to 28 U.S.C. § 1715.

---

4       *See Claims Guide at 1, 5.*

**SUMMARY**

**20.**   The notice plan has been designed to reach the largest target audience in a cost-efficient and timely manner.  Furthermore, the notice plan provides the best notice practicable, with similar reach to other Court-approved notice plans in the same product category. It has been designed to reach at least 70% of the class, allowing for duplication across medium and utilizing 3rd party-reporting tools that have been accepted in similar cases.

**21.**   Based on Digital Settlement Group's class action notice planning experience, described above in Paragraphs above the methods utilized in this Notice Program will be consistent with other effective class action settlement notice plans that our team has developed. And It is my professional opinion that the Class Action Notice Plan will provide the best notice practicable and meets the desire to actually inform. Furthermore, it provides the same reach and frequency evidence that Courts have approved in previous settlements.

EXHIBIT 1











Did You Purchase Boxed Candy? | Boxed Candy Settlement
Ad  www.ferraracandysettlement.com
View details and find out if you are eligible for compensation.

Boxed Candy Products | Class Action Settlement
Ad  www.ferraracandysettlement.com
You may qualify for compensation under a class action settlement. Learn More.

Boxed Candy Customers | Did you Purchase Boxed Candy?
Ad  www.ferraracandysettlement.com
If you purchased boxed candy, you may be entitled to compensation.

Sponsored
Ferrara Candy Class Action Settlement
If you purchased a box of candy, you may be entitled to compensation under a
class action settlement.
FerraraCandySettlement.com

# EXHIBIT B

**EXHIBIT B**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FERRARA CANDY CO., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00849-VC<br><br>**STIPULATION REGARDING UNDERTAKING RE ATTORNEYS' FEES AND COSTS**<br><br>Hon. Judge Vince Chhabria |

Plaintiff Thomas Iglesias, and Defendant Ferrara Candy Co. ("Ferrara"), by and through their undersigned counsel stipulate and agree as follows:

WHEREAS, Class Counsel (as defined in the underlying Settlement Agreement) and their law firm desire to give an undertaking (the "Undertaking") for repayment of their award of attorneys' fees and costs, as is required by the Settlement Agreement and approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, each of the undersigned Class Counsel, on behalf of themselves as individuals and as agents for their respective law firms, hereby submit themselves and their respective law firms to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

By receiving any payments pursuant to the Settlement Agreement, Clarkson Law Firm, P.C. and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Northern District of California for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

Clarkson Law Firm, P.C., Ryan J. Clarkson, Esq., Shireen Clarkson, Esq., and any other individual attorney or firm who receives payment pursuant to this Undertaking and Paragraph 9.1.1. of the underlying Settlement Agreement shall be jointly and severally liable for Class Counsel's obligations to return such payments pursuant to this Undertaking and Paragraph 9.1.1. of the underlying Settlement Agreement.

Ferrara, either directly and/or through its insurance carrier, will pay Class Counsel up to five hundred thousand dollars ($500,000) of attorneys' fees and costs as provided in the Settlement Agreement and as approved by the Court within thirty (30) days of the Final Order and Judgment.

In the event that the Final Order and Judgment is vacated, overturned, reversed, modified, or rendered void on appeal, in whole or in part, or if the Settlement Agreement is voided, rescinded, or terminated for any reason, Class Counsel shall, within fifteen (15) business days of such event, repay to Ferrara and/or Ferrara's insurance carrier the full amount of the attorneys' fees and costs paid by Ferrara, either directly and/or through Ferrara's insurance carrier, to Class Counsel, including any accrued interest. Class Counsel's repayment shall be allocated between Ferrara and Ferrara's insurance carrier in amounts proportionate to their respective payments to Class Counsel.

In the event the Final Order and Judgment is not reversed on appeal, in whole or in part, but the attorneys' fees and costs awarded by the Court are vacated or modified on appeal, Class Counsel shall, within fifteen (15) business days of such event, repay to Ferrara and/or its insurance carrier the attorneys' fees and costs, either

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1   directly and/or through Ferrara's insurance carrier, to Class Counsel in the amount

2   vacated or modified, including any accrued interest.  Class Counsel's repayment shall

3   be allocated between Ferrara and Ferrara's insurance carrier in amounts proportionate

4   to their respective payments to Class Counsel.

5       This Undertaking and all obligations set forth herein shall expire upon finality

6   of all direct appeals of the Final Order and Judgment.

7       In the event Class Counsel fails to repay to Ferrara and/or Ferrara's insurance

8   carrier any attorneys' fees and costs that are owed pursuant to this Undertaking, the

9   Court shall, upon application of Ferrara and/or Ferrara's insurance carrier, and notice

10  to Class Counsel, summarily issue orders, including but not limited to judgments and

11  attachment orders against Class Counsel, and may make appropriate findings for

12  sanctions for contempt of court.

13      The undersigned stipulate, warrant, and represent that they have both actual and

14  apparent authority to enter into this stipulation, agreement, and undertaking on behalf

15  of their respective law firms or organizations.

16      This Undertaking may be executed in one or more counterparts, each of which

17  shall be deemed an original but all of which together shall constitute one and the same

18  instrument.  Signatures by facsimile or PDF shall be as effective as original

19  signatures.

20      The undersigned declare under penalty of perjury under the laws of the State of

21  California and the United States that they have read and understand the foregoing and

22  that it is true and correct.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

STIPULATION REGARDING UNDERTAKING RE ATTORNEYS' FEES AND COSTS

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1    IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

2

3    DATED: May 10, 2018                    **CLARKSON LAW FIRM, P.C.**

4

5                                           _____

6                                           Ryan J. Clarkson, Esq., individually and
                                            on behalf of Clarkson Law Firm, P.C.
7

8    DATED: May 10, 2018                    **CLARKSON LAW FIRM, P.C.**

9

10                                          _____

11                                          Shireen M. Clarkson, Esq., individually
                                            and on behalf of Clarkson Law Firm,
12                                          P.C.

13                                          *Attorneys for Plaintiff Thomas Iglesias*

14

15   DATED: May 10, 2018                    **HOGAN LOVELLS US LLP**

16

17                                          _____
                                            Michael J. Shepard, Esq.,
18                                          J. Christopher Mitchell, Esq.

19                                          *Attorneys for Defendant Ferrara Candy*
                                            *Company*
20

21

22

23

24

25

26

27

28

# EXHIBIT C

*Iglesias v. Ferrara Candy Co., Case No. 3:17-cv-00849-VC*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**Settlement Proof of Claim Form**

---

**If you purchased** a cardboard box of Jujyfruits®, Jujubes®, Now & Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, or Atomic Fireball® candy, in any flavor or variety (the "Class Products"), you may be eligible to participate in the benefits of the proposed settlement in *Iglesias, et al. v. Ferrara Candy Co.* To participate, you must fill this claim form out completely and either (i) mail it to the address given below, or (ii) submit it online through the Settlement website below. This Claim form must be postmarked or electronically filed no later than September 20, 2018. If you provide incomplete or inaccurate information, your claim may be denied.

---

- Please read the full notice of this settlement (available at www.FerraraCandySettlement.com) carefully before filling out this Form.
- To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must complete or submit your claim form online or by mail:
  **ONLINE:** Visit www.FerraraCandySettlement.com and submit your claim online; or
  **MAIL:** Ferrara Candy Settlement Claims Administrator, 8001 Broadway, Suite 200, Merrillville, IN 46410.
- Keep a copy of your completed Claim Form for your records. Any documents you submit with your Claim Form cannot be returned.
- If your claim is rejected for any reason, the Claims Administrator will notify you of the rejection and the reasons for such rejection.

---

### PART A: CLAIMANT INFORMATION

FIRST NAME                                    LAST NAME

STREET ADDRESS

STREET ADDRESS 2

CITY                          STATE          ZIP CODE

EMAIL ADDRESS                 PHONE NUMBER

---

### PART B: PURCHASE INFORMATION

- To be eligible for a payment you must not have previously received a refund for your purchase of the Class Product.

- To qualify for a cash award, you must have purchased one or more Class Products.

  a. If you provide a copy of a receipt or receipts memorializing the purchase of the Class Products ("Proof of Purchase"), you will receive a refund of 50 cents per box for each Class Product purchased up to the total amount of units purchased that are submitted with Proof of Purchase.
  b. If you do not provide a valid receipt memorializing the purchase of the Class Products, but complete this Claim Form under penalty of perjury, you will receive a refund of 50 cents per box up to 15 boxes for a total refund of up to $7.50.
  c. If there is still money left over in the Claim Fund, your refund will be increased on a pro rata basis with the refunds of other Settlement Class Members until the Claim Fund is spent. If there is not enough money in the Claim Fund to pay the amounts listed above to all Settlement Class Members, your refund will be decreased on a pro rata basis with the refunds of other Settlement Class Members.

- Please fill out the chart below identifying the purchase transaction(s) for which you are making a claim:

## TOTAL NUMBER OF CLASS PRODUCTS

Write the **total number** of Class Products you purchased in the United States between February 21, 2013 and June 21, 2018 in the chart below:

| Number of Product Purchased | Approximate Date of Purchase |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Please choose <u>one</u> of the following:**

☐   (a)   Check here if you are uploading or mailing Proof of Purchase documentation with this claim form:

If you are submitting this Claim Form by mail, please mail a copy of your receipt(s) memorializing the purchase of the Class Products along with this Claim Form to Ferrara Candy Settlement Claims Administrator, 8001 Broadway, Suite 200, Merrillville, IN 46410.

☐   (b)   Check here if you are making a claim without a Proof of Purchase.

**\*Failure to include Proof of Purchase for claims for which a Proof of Purchase is required will result in the reduction of your claims.**

**\*Submission of false or fraudulent information will result in the claim being rejected in its entirety.**

## PART C: ATTESTATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that I purchased the products listed between February 21, 2013 and June 21, 2018 that all of the information on this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review and that I may be required to provide additional information to establish that my claim is valid. I also understand that by submitting this claim, I am releasing all Released Claims, as detailed in the Notice of the Proposed Class Action Settlement.

|  |  |
|---|---|
| SIGNATURE | DATE |

## CLAIM FORM REMINDER CHECKLIST

**Before submitting this Claim Form, please make sure you:**

1    Complete all fields in the Claimant Information section of this Claim Form in Part A.

2    Complete Part B, indicating the number of Class Products you purchased and whether you are claiming either enclosing Proof of Purchase, or whether you are claiming a refund without Proof of Purchase for 50 cents per box for up to 15 boxes and a total of up to $7.50 payment.

3    Sign the Attestation under penalty of perjury in Part C. You must sign the Attestation to be eligible to receive benefits.

4    Keep a copy of your Claim Form and supporting documentation for your records.

5    If you desire an acknowledgment of receipt of your Claim Form, please complete the online Claim Form or mail this Claim Form via Certified Mail, Return Receipt Requested.

6    If you move or your name changes, please email your new address, new name or contact information to info@FerraraCandySettlement.com or mail to the Ferrara Candy Settlement Claims Administrator, 8001 Broadway, Suite 200, Merrillville, IN 46410., or call toll-free at 1-877-452-8477.

**Please keep a copy of your Claim Form for your records.**

# EXHIBIT D

# If you bought a cardboard box of Jujyfruits®, Jujubes®, Now & Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, or Atomic Fireball candy, or any flavors or varieties of those candies, between February 21, 2013 and June 21, 2018, then you could be entitled to money from a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been reached between Ferrara Candy Co. ("Defendant") and Thomas Iglesias ("Class Representative" or "Plaintiff"), individually and on behalf of the Settlement Class. The settlement resolves a class action lawsuit about allegations that Defendant packages its boxed candy products in oversized packaging with nonfunctional empty space. Defendant denies the allegations. The Court did not rule in favor of either side. The parties agreed to the settlement to avoid the expense and risks of continuing the lawsuit.

You are a class member if you are a resident of the United States who purchased one or more cardboard boxes of Jujyfruits®, Jujubes®, Now & Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, or Atomic Fireball candy, or any flavors or varieties of them ("Settlement Class Products"), between February 21, 2013 and June 21, 2018.

The settlement provides cash payments based on the number of Settlement Class Products purchased. Class members with proof of purchase may submit a claim for fifty cents ($0.50) per box for each Settlement Class Product purchased.  Class members without proof of purchase may submit a claim for fifty cents ($0.50) per box for up to fifteen (15) boxes, totaling up to seven dollars and fifty cents ($7.50). These amounts will be increased proportionally (pro rata) if the total amount of claims does not exhaust the available settlement funds. These amounts will be reduced proportionally (pro rata dilution) if the total amount of claims exceeds the available settlement funds.

**Please read this Notice carefully and in its entirety. Your rights may be affected by the settlement of this Lawsuit, and you have a choice to make now about how to act:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A VALID CLAIM BY September 20, 2018 | The only way to get a cash payment, if you qualify. |
| EXCLUDE YOURSELF FROM THE CLASS BY September 20, 2018 | This is the only option that allows you to be part of any other lawsuit against Defendant about the legal claims in this case. |

QUESTIONS? CALL 1-877-452-8477 OR VISIT www.FerraraCandySettlement.comPARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET.

| | |
|---|---|
| OBJECT TO THE SETTLEMENT BY September 20, 2018 | Tell the Court about why you don't like the settlement. |
| GO TO A HEARING ON October 18, 2018 | Ask to speak in Court about the settlement. |
| DO NOTHING | Get no benefits. Give up rights to be part of any other lawsuit against Defendant about the legal claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the settlement. Cash payments for valid claims will be issued only if the Court approves the settlement and after the time for appeals has ended and any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ……………………………………………………………………………PAGE 4

    1.    Why was this notice issued?
    2.    What is the lawsuit about?
    3.    Why is this a class action?
    4.    Why is there a settlement?

WHO IS IN THE SETTLEMENT ………………………………………………………………… PAGE 5

    5.    How do I know if I am part of the settlement?
    6.    I'm still not sure if I'm included in the settlement.

THE SETTLEMENT BENEFITS—WHAT YOU GET ……………………………………………………PAGE 5

    7.    What does the settlement provide?
    8.    What am I giving up in exchange for the settlement benefits?

HOW TO GET A CASH PAYMENT—SUBMITTING A VALID CLAIM FORM ……………………………PAGE 6

    9.    How can I get a cash payment?
    10.    When will I get my check?

EXCLUDING YOURSELF FROM THE SETTLEMENT ……………………………………………………PAGE 6

      11.     If I exclude myself, can I get anything from the settlement?
      12.     If I don't exclude myself, can I sue later?
      13.     How do I get out of the settlement?

OBJECTING TO THE SETTLEMENT…………………………………………………………………………PAGE 7

      14.     How do I tell the Court I don't like the proposed settlement?

OBJECTION AND OPT-OUT DIFFERENCES ………………………………………………………………PAGE 8

      15.     What's the difference between objecting and excluding?

THE LAWYERS REPRESENTING YOU ……………………………………………………………………PAGE 8

      16.     Do I have a lawyer in the case?
      17.     How will the costs of the lawsuit and settlement be paid?

THE COURT'S FAIRNESS HEARING ………………………………………………………………………PAGE 9

      18.     When and where will the Court decide whether to approve the settlement?
      19.     Do I have to come to the hearing?
      20.     May I speak at the hearing?

IF YOU DO NOTHING ………………………………………………………………………………………PAGE 9

      21.     What happens if I do nothing at all?

GETTING MORE INFORMATION ……………………………………………………………………………PAGE 10

      22.     How do I get more information?

## Basic Information

### 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about the proposed settlement in this class action lawsuit, and about all of your options, before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights.

The case is known as *Iglesias vs. Ferrara Candy Co.,* United States District Court for the Northern District of California, Case No. *3:17-cv-00849-VC* (the "Action"). The person who sued is called the Plaintiff. The company he is suing, Ferrara Candy Co., is called the Defendant.

### 2. What is the lawsuit about?

On February 21, 2017, the Plaintiff filed a legal action on behalf of himself and all others similarly situated alleging that he relied on allegedly oversized packaging of the Settlement Class products, and that such packaging violates state and federal packaging laws and state consumer protections laws (including California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et. seq.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq.*, and California's Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750, *et seq.*), and that as a direct result of such violations Plaintiff has been economically injured.

Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that it has valid defenses to the allegations. The Court has not decided that Defendant did anything wrong, and the settlement does not mean Defendant broke the law. Both the Plaintiff and Defendant believe that the settlement is fair, adequate, and reasonable and that it is in the best interests of the Settlement Class.

### 3. Why is this a class action?

In a class action one or more people called "Class Representatives" (in this case, Thomas Iglesias) sue on behalf of people who have similar claims. All of these people or entities are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?

Both sides agreed to the settlement to avoid the cost and risk of further litigation and trial. The settlement does *not* mean that any law was broken. Defendant denies all of the legal claims in this case. The Class Representatives and the lawyers representing them think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

To see if you are affected or if you can get benefits, you first have to determine whether you are a Settlement Class member.

### 5. How do I know if I am part of the settlement?

You are a member of the Settlement Class if you purchased for personal consumption, and not for re-sale, one or more cardboard boxes of Jujyfruits®, Jujubes®, Now & Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, or Atomic Fireball candy, or any flavors or varieties of them, in the United States between February 21, 2013 and June 21, 2018. This time period is referred to as the "Class Period". Excluded from the Settlement Class are any officers, directors, or employees of Defendant, and the immediate family member of any such person. Also excluded is any judge presiding over this case.

### 6. I'm still not sure if I'm included in the settlement.

If you are not sure whether you are included in the Class, call 1-877-452-8477 or go to www.FerraraCandySettlement.com.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 7. What does the settlement provide?

The parties have agreed to make available a total Common Fund of two million five hundred thousand dollars ($2,500,000) for payment of Valid Claims. Class Members who submit a Valid Claim may receive a benefit from the Claim. Class Members who do not have a purchase receipt, and who submit a Valid Claim, will be entitled to a maximum refund of fifty cents ($0.50) per box for up to fifteen (15) boxes, totaling seven dollars and fifty cents ($7.50). These amounts will be increased proportionally (pro rata) if the total amount of claims does not exhaust the available settlement funds. These amounts will be reduced proportionally (pro rata dilution) if the total amount of claims exceeds the available settlement funds. Settlement Class Members who submit a Valid Claim without a purchase receipt will not be entitled to any other refunds. Class Members with proof of purchase may submit a claim for fifty cents ($0.50) per box for each Settlement Class Product purchased.

Additionally, Defendant has agreed to modify its fill level quality control procedures and target fill levels. The parties have further agreed that the costs to administer this Settlement will be paid from the Common Fund, that Class Counsel may request reasonable attorneys' fees not to exceed thirty (30%) of the Common Fund, plus reimbursement of reasonable costs and expenses upon Court approval, and that the named plaintiff may apply for an enhancement award of five thousand dollars ($5,000) from the Court.

To make a Valid Claim, Class Members must provide purchase receipts documenting proof of purchase, or provide information, signed under penalty of perjury, relating to their purchase of Settlement Class Products, including where the purchase took place, the quantity purchased, and the approximate dates of purchase. Class Members with proof of purchase may submit a claim for fifty cents ($0.50) per box of each Settlement Class Product purchased. Class Members who submit a Valid Claim without purchase receipts will be entitled to a maximum reimbursement of fifty cents ($0.50) per box up to fifteen (15) boxes, totaling up to seven dollars and fifty cents ($7.50). These amounts will be increased proportionally (pro rata) if the total amount of claims does not exhaust the available settlement funds. These amounts will be reduced proportionally (pro rata dilution) if the total amount of claims exceeds the available settlement funds.  Instructions for submitting a Claim are included in Section 9 below.

More details are in a document called the Settlement Agreement, which is available at www.FerraraCandySettlement.com.

## 8. What am I giving up in exchange for the settlement benefits?

If the settlement becomes final, Class Members will be releasing Defendant and all related people and entities for all the claims described and identified in Section 6 of the Settlement Agreement (called the "Class Released Claims"). The Settlement Agreement is available at www.FerraraCandySettlement.com. The Settlement Agreement describes the Class Released Claims with specific descriptions, in necessarily accurate legal terminology, so read it carefully. You can talk to one of the lawyers listed below for free or you can, of course, talk to your own lawyer if you have questions about the released claims or what they mean.

## HOW TO GET A CASH PAYMENT—SUBMITTING A VALID CLAIM FORM

## 9. How can I get a cash payment?

To ask for a cash payment you must complete and submit a Valid Claim Form along with the required supporting documentation, if you have it. You can get a Claim Form at www.FerraraCandySettlement.com. You may also submit your claim via the website. The Claim Form describes what you must provide to prove your claim and receive a cash payment and generally requires information, provided by you under penalty of perjury, on where any purchases took place, the quantity of Settlement Class Products purchased, and the approximate dates of purchase. Please read the instructions carefully, fill out the Claim Form, and either submit it online at www.FerraraCandySettlement.com or mail it postmarked no later than, **September 20, 2018** to:

> Ferrara Candy Claims Administrator
> Digital Settlement Group, LLC
> 8001 Broadway, Suite 200
> Merrillville, IN 46410

The Settlement Administrator may seek additional information to validate the Claim Form and/or disqualify an invalid claim. If you provide incomplete or inaccurate information, your claim may be denied.

## 10. When will I get my check?

Checks will be mailed to Class Members who send in Valid Claim Forms on time, after the Court grants "final approval" of the settlement, and after the time for appeals has ended and any appeals have been resolved. If the judge approves the settlement after a hearing on **October 18, 2018** (*see* the section "The Court's Fairness Hearing" below), there may be appeals. Resolving these appeals can take time. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendant over the legal issues in this case, you must take steps to get out of the settlement. This is called asking to be excluded from—sometimes called "opting out" of—the Class.

QUESTIONS? CALL 1-877-452-8477 OR VISIT www.FerraraCandySettlement.com
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET.

## 11. If I exclude myself, can I get anything from the settlement?

If you ask to be excluded, you will not get a cash payment, and you cannot object to the settlement. But you may be part of a different lawsuit against Defendant in the future. You will not be bound by anything that happens in this lawsuit.

## 12. If I don't exclude myself, can I sue later?

No. Unless you exclude yourself, you give up the right to sue Defendant for the claims that this settlement resolves. You must exclude yourself from *this* Class to start or continue your own lawsuit.

## 13. How do I get out of the settlement?

To opt out from the settlement, you must send a letter by mail saying that you want to be excluded from *Iglesias v. Ferrara Candy Co.,* United States District Court for the Northern District of California, Case No. *3:17-cv-00849-VC.* Be sure to include your name, address, telephone number, the approximate date of purchase, and your signature. You can't ask to be excluded at the website or on the phone. You must mail your opt out request postmarked no later than **September 20, 2018** to:

> Ferrara Candy Claims Administrator
> Digital Settlement Group, LLC
> 8001 Broadway, Suite 200
> Merrillville, IN 46410

Requests to opt-out that do not include all required information and/or that are not submitted on a timely basis, will be deemed null, void, and ineffective. Settlement Class Members who fail to submit a valid and timely Request for opting out on or before the deadline above shall be bound by all terms of the settlement and any Final Judgment entered in this Litigation if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the settlement.

### OBJECTING TO THE SETTLEMENT

## 14. How do I tell the Court I don't like the proposed settlement?

To object to the settlement, you or your attorney must file a written objection to the Court in the Action showing the basis for your objections. Your objection must contain the following information: (i) your name, address, and telephone number, (ii) the name, address, and telephone number of any attorney you have hired with respect to the objection; (iii) the factual basis and legal grounds for your objection, including any documents sufficient to establish your purchase of the Settlement Class Products at issue in this case e.g., receipt, or verification under oath as to the approximate date(s) and location(s) of the purchase(s) of the Settlement Class Products; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which you or your attorney has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s). You must also send a copy of your objection to the Court at the following address: Office of the Clerk of Court; United States District Court; 450 Golden Gate Avenue; San Francisco, California 94102-3489.

QUESTIONS? CALL 1-877-452-8477 OR VISIT www.FerraraCandySettlement.com
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET.

You or your lawyer may, but are not required to, appear at the Final Approval Hearing. If you or your lawyer wish to appear at the Final Approval Hearing, you must file with the Court a Notice of Intention to Appear along your written objection. You must file your written objections by certified mail or in person, along with any other supporting materials to: Office of the Clerk of Court; United States District Court; 450 Golden Gate Avenue; San Francisco, California 94102-3489. Your written objection must be marked with the Case name and Case Number (*Thomas Iglesias v. Ferrara Candy Co.,* United States District Court for the Northern District of California, Case No. *3:17-cv-00849-VC*). In addition, you must also send copies of all documents you file with the Court to:

> Ryan J. Clarkson
> Shireen M. Clarkson
> Bahar Sodaify
> Clarkson Law Firm, P.C.
> 9255 Sunset Boulevard, Suite 804
> Los Angeles, CA 90069
>
> and
>
> Michael J. Shephard and Chris Mitchell
> Hogan Lovells US LLP
> 3 Embarcadero Center, Suite 1500
> San Francisco, CA 94111

<u>The Court will only require substantial compliance with the requirements for submitting an objection.</u>

### OBJECTION AND OPT-OUT DIFFERENCES

### 15. What's the difference between objecting and opting out?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. If you stay in the Class, you will be legally bound by all orders and judgments of the Court, and you won't be able to sue, or continue to sue, Ferrara as part of any other lawsuit involving the same claims that are in this lawsuit. Opting out is telling the Court that you don't want to be part of the Class. If you opt out, you have no basis to object because the case no longer affects you.

### THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in the case?

The Court has designated the lawyers at Clarkson Law Firm, P.C., 9255 Sunset Boulevard, Suite 804, Los Angeles, CA 90069 to represent you as "Class Counsel". You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

### 17. How will the costs of the lawsuit and settlement be paid?

The Settlement Administrator's and Notice Provider's costs and fees associated with administering the Settlement, including all costs associated with the publication of the Notice of Settlement will be paid out of the Common Fund and shall not exceed five hundred twenty-two thousand dollars ($522,000), plus postage. Class Counsel's reasonable attorneys' fees and costs related to obtaining the settlement consistent with applicable law will also be paid out of the Common Fund, subject to Court approval.

The named plaintiff will also request that the Court approve a payment to him of up to Five Thousand Dollars ($5,000) from the Common Fund, as an incentive award for his participation as the Class Representative, for taking on the risk of litigation, and for settlement of his individual claims as Class Member in this Action. These amounts are subject to Court approval and the Court may award less than these amounts.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. If you have filed an objection on time, you may attend and you may ask to speak, but you don't have to.

### 18. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 10:00 a.m. on **October 18, 2018**, at United States District Court for the Northern District of California. The hearing may be moved to a different date or time without additional notice, so please check for updates at www.FerraraCandySettlement.com. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge will only listen to people who have filed a written objection. The Court will also decide how much to pay the Class Representatives and the lawyers representing Class Members. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the judge may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you have sent an objection but do not come to the Court hearing, however, you will not have a right to appeal an approval of the settlement. You may also pay another lawyer to attend on your behalf, but it's not required.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear" in the *Iglesias v. Ferrara Candy Co.* litigation. Be sure to include your name, address, telephone number, and your signature as well as the name, address and telephone number of any lawyer representing you (if applicable). Your Notice of Intent to Appear must be postmarked no later than **September 20, 2018**, and be sent to the addresses listed in Questions 13 and 14. You cannot speak at the hearing if you excluded yourself from the Class.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you are a Class Member and do nothing, you will not receive a payment from this settlement. And, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the claims in this case, ever again.

GETTING MORE INFORMATION

| 22. How do I get more information? |
| --- |

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement, download a Claim Form and review additional case information at www.FerraraCandySettlement.com. You may also call toll-free 1-877-452-8477.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

DATED: June 21, 2018          **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

QUESTIONS? CALL 1-877-452-8477 OR VISIT www.FerraraCandySettlement.com
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET.

# EXHIBIT E

## LEGAL NOTICE

IF YOU PURCHASED A CARDBOARD BOX OF JUJYFRUITS®, JUJUBES®, NOW & LATER®, LEMONHEAD®, APPLEHEAD®, CHERRYHEAD®, GRAPEHEAD®, REDHOTS®, TROLLI®, CHUCKLES®, BLACK FOREST®, JAWBUSTER®, JAWBREAKER®, BRACH'S®, BOSTON BAKED BEANS®, SUPER BUBBLE®, RAINBLO®, OR ATOMIC FIREBALL CANDY, OR ANY FLAVORS OR VARIETIES OF THOSE CANDIES, BETWEEN FEBRUARY 21, 2013 AND JUNE 21, 2018, THEN YOU COULD BE ENTITLED TO MONEY FROM A CLASS ACTION SETTLEMENT

*Iglesias v. Ferrara Candy Co.,* United States District Court for the Northern District of California
Case No. 3:17-cv-00849-VC

**WHAT IS THIS NOTICE ABOUT?**
A lawsuit is pending in the United States District Court for the Northern District of California, (the "Litigation") that may affect your rights. The Litigation claims that Ferrara Candy Co. ("Defendant") deceptively packaged its Jujyfruits®, Jujubes®, Now and Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, Atomic Fireball®, and any flavors and varieties of those candy products ("Settlement Class Products") in oversized packaging with nonfunctional empty space. The Court did not rule in favor of Plaintiff or Defendant. Instead, the parties agreed to a proposed settlement.

**AM I A MEMBER OF THE CLASS?**
The class is defined as all persons residing in the United States who purchased one or more of the Settlement Class Products between February 21, 2013 and June 21, 2018.

**WHAT DOES THE SETTLEMENT PROVIDE?**
Subject to Court approval, the settlement provides cash payments based on the number of Settlement Class Products purchased. Class members with proof of purchase may submit a claim for 50 cents per box for each Settlement Class Product purchased. Class members without proof of purchase may submit a claim for up to $7.50. These amounts will be increased proportionally (pro rata) if the total amount of claims does not exhaust the available settlement funds. These amounts will be reduced proportionally (pro rata dilution) if the total amount of claims exceeds the available settlement funds. The settlement also provides for modification of Defendant's fill level quality control procedures and target fill levels.

**WHAT ARE MY RIGHTS?**
You have a choice of whether to stay in the Class or not, and you must decide this now.

1. You Can Accept the Settlement. Class Members who wish to receive a Cash Payment **must** submit claims by **September 20, 2018**. You can file a Claim Form at www.FerraraCandySettlement.com. Read the instructions carefully, fill out the form, and submit it online on or before **September 20, 2018**. Alternatively, you may also submit a Claim Form by mailing it to the following address: **Digital Settlement Group, LLC; 8001 Broadway, Suite 200; Merrillville, IN 46410**. It must be postmarked no later than **September 20, 2018**. If you fail to submit a timely Claim Form and do not exclude yourself from the settlement, then you will be bound by the settlement but will not receive a Cash Payment. If you stay in the Class, you will be legally bound by all orders and judgments of the Court, and you won't be able to sue, or continue to sue, Ferrara as part of any other lawsuit involving the same claims that are in this lawsuit.

2. You Can Object to the Settlement. You can ask the Court to deny approval by filing an objection with the Court. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. You may hire your own lawyer to appear in Court for you if you wish; however, if you do so, you will be responsible for paying that lawyer on your behalf. Objections to the proposed settlement will be considered by the Court only if such objections are filed in writing and mailed by **September 20, 2018** to the Office of the Clerk of Court; United States District Court; 450 Golden Gate Avenue; San Francisco, California 94102-3489 and also mailed to counsel for the parties. Objections must clearly state your name, address, telephone number, the name of this Litigation, the factual and legal grounds for your objection, the name, address and telephone number of any attorney representing you in this case and any case in which you or your attorney has objected to a class action settlement previously and the result of that objection. The Court will only require substantial compliance with the requirements for submitting an objection.

3. You Can "Opt Out" of the Settlement. If you exclude yourself from the Class – which is sometimes called "opting-out" of the Class – you won't get a payment from the settlement but won't be barred from asserting claims against Defendant in a separate lawsuit. Such notice shall include your name, address, telephone number, and signature and a statement that you want to be excluded from the lawsuit *Iglesias v. Ferrara Candy Co.,* United States District Court for the Northern District of California, Case No. 3:17-cv-00849-VC. Send the written notice to **Digital Settlement Group, LLC; 8001 Broadway, Suite 200; Merrillville, IN 46410 by September 20, 2018.**

**THE FAIRNESS HEARING**
On October 18, 2018, at 10:00 am, the Court will hold a hearing at the United States District Court for the Northern District of California to approve: (1) the proposed settlement as fair, reasonable, and adequate; and (2) the application for Plaintiff's attorneys' fees of up to $750,000, plus costs and expenses, and payment of up to $5,000 to the named plaintiff. Class Members who support the proposed settlement do not need to appear at the hearing or take any other action to indicate their approval.

**HOW CAN I GET MORE INFORMATION?**
This is only a summary of the settlement. If you have questions or want to view the detailed notice or other documents about this lawsuit, including the Settlement Agreement, you may visit FerraraCandySettlement.com or contact Class Counsel at info@clarksonlawfirm.com, or call the Settlement Administrator at **1-877-452-8477**.

**BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**