UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FERRARA CANDY CO., and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 3:17-cv-00849-VC <br><br> **[CLASS ACTION]** <br><br> **REVISED [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DATES FOR FINAL APPROVAL** <br> AS MODIFIED <br> Hon. Judge Vince Chhabria <br><br> Complaint filed:   February 21, 2017 <br><br> Hearing Date:   June 21, 2018 <br> Hearing Time:   8:30 AM <br> Hearing Location:   Courtroom 4 |

ORDER

On May 10, 2018, Plaintiff filed a motion seeking preliminary approval of a class settlement. Having considered the motion papers and the complete record of this action, and good cause appearing therefore, the Court provisionally certifies the Settlement Class, which consists of all persons who between February 21, 2013 and the date of Preliminary Approval, purchased, in the United States, one or more candy products manufactured by Defendant and packaged for sale or resale to consumers in an opaque cardboard box (including bag-in-a-box products), including Jujyfruits®, Jujubes®, Now and Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, Atomic Fireball®, and all flavors and varieties of those candies. "Excluded Persons" from the class are: (1) the Honorable Vince Chhabria (2) Mediator Martin Quinn; (3) the Honorable William Cahill; (4) any member of their immediate family; (5) any government entity, (6) Defendant; (7) any entity in which Defendant has a controlling interest; (8) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (9) counsel for the Parties; and (10) any persons who timely opt-out of the Settlement Class.

As set forth below, the Court preliminarily finds and concludes, solely for purposes of considering this settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally satisfied for certification of the Settlement Class to pursue claims for unjust enrichment and the consumer protection laws of the fifty states and the District of Columbia (collectively, "states"). Plaintiff has met the requirements of Rule 23 for the reasons set forth in Plaintiff's motion for preliminary approval, including all supporting materials filed concurrently thereto, and the briefing and arguments provided by Plaintiff in support of that motion. Plaintiff, who resides in San Francisco, California, is typical of consumers around the country in that they were all exposed to identical product packaging, which is alleged to have been deceptive for identical reasons, and thus, his claims for unjust

enrichment and violations of consumer protection statutes "are reasonably coextensive with those of absent class members." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (internal quotations omitted).

The Court further preliminarily finds, solely for purposes of considering this settlement, that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members. Thus, the Court conditionally designates Clarkson Law Firm, P.C. as Settlement Class Counsel and Thomas Iglesias as the Class Representative for purposes of this settlement. The Court designates, and approves, Digital Settlement Group, LLC ("DSG") to serve as Claim Administrator.

While this Court must consider differences in state laws as part of the predominance inquiry, this Court need not consider "whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679, 693 (9th Cir. 2018) *("Hyundai")* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)). Plaintiff has submitted extensive briefing and supplemental materials in support of his motion for preliminary approval identifying the similarities and differences among state laws and setting forth why the common issues predominate and why the differences are immaterial to this litigation. For those reasons, this Court finds that common issues predominate with respect to the Settlement Class.

Pursuant to the stipulation filed on May 10, 2018, the Court further notes that Defendant did not oppose Plaintiff's request to amend the first amended complaint, which sets forth a fourth cause of action of unjust enrichment for a nationwide class and clarifies the proposed class definition; and that in the event that Preliminary Approval is denied, Final Approval is denied, or a remitter is issued reversing an award of Final Approval, or the Settlement Agreement otherwise is terminated, the second amended complaint will be deemed withdrawn, and the newly added unjust

1  enrichment claim will be considered as dismissed without prejudice, and the first
2  amended complaint (Dkt. 18) will be the operative complaint in this matter.

3  Since the Settlement Agreement is within the range of reasonableness and
4  possible final approval, notice shall be provided to the Settlement Class pursuant to
5  the Settlement Agreement as set forth in the Notice Plan. The Claim Administrator
6  shall provide notice in compliance with 28 U.S.C. § 1715.

7  Plaintiff's proposed Long Form Notice and Short Form Notice shall specify that
8  the requirement to submit a written objection may be waived upon a showing of good
9  cause.

10  A Final Approval Hearing shall be held before this Court at 10:00 a.m. on
11  October 18, 2018, at the United States District Court for the Northern District of
12  California, Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA
13  94102, to address: (a) whether the proposed settlement should be finally approved as
14  fair, reasonable and adequate, and whether the Final Approval Order should be
15  entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and a
16  payment to the Class Representative should be approved. In addition, this Court sets
17  the following dates:

| | |
|---|---|
| Deadline for Claim Administrator to cause notice to be published in *Soap Opera Digest* per the Notice Plan | August 8, 2018 issue |
| Deadline for Claim Administrator to cause notice to be published in *Life & Style* per the Notice Plan | August 8, 2018 issue |
| Deadline for Claim Administrator to cause notice to be published in *National Enquirer* per the Notice Plan | August 13, 2018 issue |
| Deadline for Claim Administrator to cause online notice to be published on internet sites per the Notice Plan | July 21, 2018 issue |
| Deadline to file motion for attorneys' fees, costs and incentive awards | September 6, 2018 |
| Deadline to file motion for final approval; response to objections | September 20, 2018 |

| | |
|---|---|
| Deadline for Claim Administrator to submit a declaration to the Court attesting to the number of impressions delivered and the number of click-throughs to the Settlement Website | September 20, 2018 |
| Claim deadline | September 20, 2018 |
| Opt-outs (date of online submission, or if mailed, date of receipt, not postmarking) | September 20, 2018 |
| Objections, Requests to Appear (filing date, not postmarking) | September 20, 2018 |
| Replies in support of final approval and motion for attorneys' fees, costs and incentive awards; response to objections | October 4, 2018 |
| Deadline for Plaintiffs/Claims Administrator to file list of optouts, objections, and supporting documentation with the Court | October 4, 2018 |
| Deadline for the Claim Administrator to provide a declaration to the Court regarding the number and dollar amount of claims received to date | October 4, 2018 |
| Final approval hearing | October ~~18~~ 25, 2018 |

If the settlement is not approved by the Court or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, then the Settling Parties will be restored to their respective positions in the Action as of the date the Motion for Preliminary Approval is filed. In such event, the terms and provisions of the Settlement Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Settlement Agreement will be treated as vacated. The Parties will meet and confer regarding a proposed class certification schedule, and will submit to the Court a proposed schedule, or competing alternative schedules if they cannot reach agreement. For the avoidance of doubt, nothing in this Paragraph shall affect the obligations in Paragraph 9.1.1 and Exhibit B of the Settlement Agreement, which shall survive non-approval of the Settlement

Agreement, termination of the Settlement, and/or failure of the Settlement to become effective in accordance with the terms of the Settlement Agreement.

The Court has considered Exhibits A through E to the Settlement Agreement and approves and incorporates them into this Order.

This Order shall not be construed as an admission or concession by Defendant of the truth of any allegations made by the Plaintiff or of liability or fault of any kind.

The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by Order of the Court.

**IT IS SO ORDERED.**

Date: June 26, 2018                               _____
                                                  Honorable Vince Chhabria
                                                  United States District Court Judge