1

**CLARKSON LAW FIRM, P.C**.
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

2

3

4

5

6

7

Settlement Class Counsel

8

UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  THOMAS IGLESIAS, individually and on
    behalf of all others similarly situated,

12

            Plaintiff,

13

        vs.

14  FERRARA CANDY CO., and DOES 1
    through 10, inclusive,

15

            Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:17-cv-00849-VC

**[CLASS ACTION]**

**PLAINTIFF'S NOTICE OF MOTION
AND MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE
AWARD; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT**

**[Concurrently served with:
Declaration of Ryan J. Clarkson;
Declaration of Thomas Iglesias;
Supporting Exhibits thereto; and
Proposed Order]**

Hon. Judge Vince Chabbria

Complaint filed:    February 21, 2017

Hearing Date:       October 25, 2018
Hearing Time:       10:00 AM
Hearing Location:   Courtroom 4

*(left margin, vertical)* Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on October 25, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 4, 17th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Judge Vince Chhabria, Plaintiff Thomas Iglesias ("Plaintiff" or "Mr. Iglesias"), on behalf of himself, the general public, and all others similarly situated, by and through his counsel Ryan J. Clarkson, Shireen M. Clarkson, and Bahar Sodaify of Clarkson Law Firm, P.C. ("Class Counsel"), in this matter against Ferrara Candy Company ("Defendant" or "Ferrara") shall and hereby does move the Court for an order granting Plaintiff's motion for attorneys' fees, expenses, and service award, as follows: (a) a 25% benchmark attorneys' fees award in the amount of $625,000; (b) reasonably and necessarily incurred litigation expenses in the amount $102,172.12; and (b) a reasonable service award of $5,000.00 to the sole class representative and named Plaintiff Thomas Iglesias.

This motion is brought pursuant to the Court's preliminary approval order (Dkt. 80) and the settlement of the parties (Dkt. 72-4), and is based on the attached memorandum of points and authorities; declaration of Ryan J. Clarkson; declaration of Thomas Iglesias; proposed order; all other records, pleadings, and papers on file in this action; and such other evidence or argument as may be presented to the Court at the hearing on the motion.

Dated: September 6, 2018

**CLARKSON LAW FIRM, P.C.**

Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Bahar Sodaify, Esq.

Settlement Class Counsel

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

**TABLE OF CONTENTS**

**Page(s)**

I.      INTRODUCTION ..................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND...........................................1

       A.     Procedural History. ................................................................................1

       B.     Class Counsel Expended Considerable Time and Resources to Investigate, Litigate, and Settle These Class Claims...................................................2

       C.     Class Counsel Achieved Substantial Benefits for the Settlement Class...................3

III.   THE AGREED-UPON FEE REQUEST IS FAIR, REASONABLE, AND JUSTIFIED ......4

       A.     The Ninth Circuit Benchmark of Twenty-Five Percent of the Common Fund is Warranted ...............................................................................5

            1.   The Results Achieved Justify a Benchmark Award. ...........................6

            2.   The Risks Involved Support Justify a Benchmark Award...................6

            3.   The Complexity and Novelty of the Issues Support a Benchmark Award..........7

            4.   The Skill Required, Quality of Work, and Arms' Length Negotiations By Experienced Counsel Support a Benchmark Award...........................8

            5.   The Contingent Nature of the Case Supports a Benchmark Award ...................9

            6.   Lack of Objections by Class Members to Requested Fees Supports a Benchmark Award .......................................................................10

       B.     The Lodestar Cross-Check Confirms the Reasonableness of the Requested Fee Award.......................................................................................10

            1.   Class Counsel's Hourly Rates are Reasonable. ..................................11

            2.   Class Counsel's Hours Expended are Reasonable..............................12

            3.   Class Counsel's Lodestar is Reasonable.............................................12

            4.   Enhancement of the Lodestar is Justified ...........................................12

IV.   REIMBURSEMENT OF LITIGATION EXPENSES IS WARRANTED ..........13

V.    THE SERVICE AWARD FOR THE NAMED PLAINTIFF IS FAIR ..............14

VI.   CONCLUSION.................................................................................................15

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Barbosa v. Cargill Meat Solutions Corp.*,
  297 F.R.D. 431 (E.D. Cal. 2013) ..................................................................5, 9

*Bratton v. The Hershey Co.*,
  Case No. 2:16-cv-04322 (W.D. Mo. Feb. 16, 2018) ........................................8

*Camacho v. Bridgeport Financial, Inc.*,
  523 F.3d 973 (9th Cir. 2008) ..........................................................................11

*Craft v. County of San Bernardino*,
  624 F. Supp. 2d 1113 (C.D. Cal. 2008) ..........................................................13

*Daniel v. Tootsie Roll Indus., LLC*,
  2018 U.S. Dist. LEXIS 129143 (S.D.N.Y. Aug. 1, 2018) .................................7

*Faigman v. AT&T Mobility LLC*,
  2011 WL 672648 (N.D. Cal. Feb. 16, 2011) ...................................................15

*Fischel v. Equitable Life Assurance Soc'y of the U.S.*,
  307 F.3d 997 (9th Cir. 2002) ..........................................................................10

*Franco v. Ruiz Food Prods.*,
  2012 U.S. Dist. LEXIS 169057 (E.D. Cal. Nov. 27, 2012) ..............................9

*Garner v. State Farm Mut. Auto. Ins. Co.*,
  2010 U.S. Dist. LEXIS 49482 (N.D. Cal. Apr. 22, 2010) ...........................10, 13

*Gutierrez v. Wells Fargo Bank, N.A.*,
  2015 U.S. Dist. LEXIS 67298 (N.D. Cal. May 21, 2015) ................................12

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..........................................................................5

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ...........................................................................................3

*Hopkins v. Stryker Sales Corp.*,
  2013 U.S. Dist. LEXIS 16939 (N.D. Cal. Feb. 6, 2013) ..................................9

*Kim v. Euromotors West/The Auto Gallery*,
  149 Cal.App.4th 170 (2007) ..............................................................................5

*Kline v. Dymatize Enters., LLC*,
  2016 U.S. Dist. LEXIS 142774 (S.D. Cal. Oct. 13, 2016) .............................3, 6

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD**

*Knight v. Red Door Salons, Inc.*,
2009 U.S. Dist. LEXIS 11149 (N.D. Cal. Feb. 2, 2009) ..........................8

*In re Activision Sec. Litig.*,
723 F. Supp. 1373 (N.D. Cal. 1998) ...........................................5, 6

*In re Bluetooth Headset Prods. Liab. Litig.*,
54 F.3d 935 (9th Cir. 2011) ........................................................5

*In re Equity Funding Corporation Securities Litigation*,
438 F. Supp. 1303 (C.D. Cal. 1977) .............................................7

*In re Heritage Bond Litig.*,
2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) ....................9

*In re Media Vision Tech. Sec. Litig*,
913 F. Supp. 1362 (N.D. Cal. 1996) .............................................13

*In re Mercury Interactive Corp.*,
618 F.3d 988 (9th Cir. 2010) .......................................................5

*In re Omnivision Techs.*,
559 F. Supp. 2d 1036  (N.D. Cal. 2007)  .....................................5, 6

*In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
295 F.R.D. 438 (C.D. Cal. 2014)) .................................................15

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994) ......................................... *passim*

*Paul, Johnson, Alston & Hunt v. Graulty*,
886 F.2d 268 (9th Cir. 1989)  ....................................................11

*Pom Wonderful, LLC v. Purely Juice, Inc.*,
2008 U.S. Dist. LEXIS 110460 (C.D. Cal. Sep. 22, 2008) .................12

*Prison Legal News v. Schwarzenegger*,
608 F.3d 446 (9th Cir. 2010) .....................................................11

*Six Mexican Workers v. Arizona Citrus Growers*,
904 F.2d 1301 (9th Cir.1990) .................................................6, 9, 11

*Staton v. Boeing*,
327 F.3d 938 (9th Cir. 2003) ...................................................5, 14

*Steiner v. American Broadcasting Co., Inc.*,
247 Fed. Appx. 780 (9th Cir. 2007) .............................................13

*Tait v. BSH Home Appliances Corp.*,
2015 U.S. Dist. LEXIS 98546 (C.D. Cal. July 27, 2015) ....................14

iv

*Van Vranken v. Atl. Richfield Co.*,
        901 F. Supp. 294 (N.D. Cal. 1995) .......................................................................14

*Vizcaino v. Microsoft Corp.*,
        290 F.3d 1043 (9th Cir. 2002) ................................................................... *passim*

*White v. Just Born, Inc.*,
        Case No. 2:17-cv-04025 (W.D. Mo. Aug. 7, 2018).............................................8

*Widrig v. Apfel*,
        140 F.3d 1207 (9th Cir. 1998) .........................................................................11

## OTHER AUTHORITIES

Cal. Civ. Code §1750 ...........................................................................................5

Cal. Civ. Code §1780 ...........................................................................................5

Fed. R. Civ. P. 23 ............................................................................................3, 4

Federal Judicial Center, *Manual for Complex Litigation*, § 27.71, (4th Ed. 2004) .........................3

*Manual for Complex Litigation,* § 14.121...................................................................6

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.   INTRODUCTION**

3

Plaintiff Thomas Iglesias moves the Court for an award of attorneys' fees, expenses, and a

4

service award as part of this preliminarily approved class action settlement (Dkt. 80) of Plaintiff's

5

claims alleging violations of California and federal consumer protection and packaging laws in

6

connection with the packaging of opaque, theater box candy products manufactured by Defendant.

7

Pursuant to the terms of settlement, Class Counsel may apply for attorneys' fees in an

8

amount not to exceed $750,000, or 30% of the $2.5 million claim fund, plus reimbursement of

9

out-of-pocket expenses, subject to court approval (Dkt. 72-4 ¶ 9.1).[1] Class Counsel now seeks an

10

award of attorneys' fees in the amount of 25%, or $625,000, and reimbursement of $102,172.12 in

11

litigation expenses. The requested fees are reasonable, and Class Counsel asks the Court to follow

12

Ninth Circuit precedent in awarding the benchmark fee award. All expenses were reasonably

13

expended to achieve the settlement, a $2.5 million claim fund and significant injunctive relief for

14

the class. Plaintiff also seeks a $5,000 service award as payment for his commitment of time,

15

effort, and resources on behalf of the settlement class. *Id*. ¶ 9.2.

16

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

17

**A.   Procedural History**

18

Plaintiff filed this lawsuit on February 21, 2017, alleging violations of state and federal

19

packaging laws and consumer protections laws (Dkt. 1). On April 19, 2017, Defendant filed a

20

Rule 12(b)(6) motion to dismiss Plaintiff's complaint (Dkt. 14). On May 10, 2017, Plaintiff filed

21

22

[1] Specifically, Defendant will pay up to $500,000 in Court-approved attorney fees, costs and expenses within 45 days after entry of final approval. *Id*. ¶ 9.1.1. If the Court approves attorneys' fees, costs, and expenses in excess of $500,000, Defendant will cause the remaining balance to be paid within forty-five (45) days after the Effective Date. Dkt. 72-4 ¶ 1.17 ("Effective Date" means the first date by which all of the following events shall have occurred: the Court has entered the Final Approval Order and Judgment on the docket in the Action, and (a) the time to appeal from such order has expired and no appeal has been timely filed, (b) if such an appeal has been filed, it has finally been resolved and has resulted in an affirmation of the Final Approval Order and Judgment, or (c) the Court, following the resolution of the appeal, enters a further order or orders approving settlement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s) on appeal. Without limiting the generality of the foregoing, the Effective Date shall not occur prior to final resolution of the Fee and Cost Application and any appeals regarding the Fee and Cost Application.)

23

24

25

26

27

28

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1

his first amended complaint ("FAC") pursuant to Rule 15(a) to add additional remedies available under the statutes in lieu of an opposition (Dkt. 18). On May 24, 2017, Defendant filed a Rule 12(b)(6) motion to dismiss the FAC, claiming the products are not misleading and do not contain nonfunctional slack-fill (Dkt. 28), which Plaintiff opposed on June 7, 2017 (Dkt. 34), to which Defendant replied on June 14, 2017 (Dkt. 37), and the Court denied on July 25, 2017 (Dkt. 40). Defendant answered Plaintiff's FAC on August 8, 2017 (Dkt. 41).

In the ensuing weeks, the parties negotiated and filed a stipulated protective order to share documents (Dkt. 43). During the following months, the parties met and conferred over Plaintiff's discovery requests and Defendant's (supplemental) responses, which led to Plaintiff's motion to compel (Dkt. 47), which the Court granted on November 29, 2017 (Dkt. 48). Defendant then produced over 6,000 documents, which Class Counsel reviewed before Rule 30(b)(6) depositions on December 20-21, 2017 in Chicago. *See* Declaration of Ryan J. Clarkson ("RJC Decl.") ¶ 16.

Meanwhile, Plaintiff's counsel pressed to a settlement-ready posture. On October 10, 2017, the parties mediated in San Francisco with Martin Quinn but the case did not settle. RJC Decl. ¶ 18. On the heels of Plaintiff's credible deposition testimony on November 13, 2017 and successful motion to compel on November 29, 2017, the parties slated a second mediation, which was held on February 2, 2018, with Honorable William Cahill (Ret.) in San Francisco. *Id.* ¶ 19. Judge Cahill telephonically mediated in the ensuing months. *Id.* ¶ 26. Within weeks of Plaintiff's class certification motion on March 5, 2018 (Dkt. 53-54), the parties settled (Dkt. 58). *Id.*

On May 10, 2018, Plaintiff filed his motion for preliminary approval of the proposed settlement (Dkt. 72), which the Court granted (Dkt. 80). *Id.* ¶ 28.

## B.    Class Counsel Expended Considerable Time and Resources to Investigate, Litigate, and Settle These Class Claims.

Class Counsel has spent 1,081.8 hours on this case, including investigation of the facts and law (RJC Decl. ¶¶ 3-10); overcoming multiple pleadings challenges (*Id.* ¶¶ 12-14); relentlessly pursuing discovery (*Id.* ¶¶ 15-17); pressing settlement (*Id.* ¶¶18-19, 26); retaining and working with experts in multiple disciplines (*Id.* ¶¶ 20-25); filing a strong class certification motion (*Id.* ¶ 25); and negotiating the strongest slack fill settlement on record (*Id.* ¶ 27).

The benefits of the settlement are substantial, particularly given the numerous obstacles Class Counsel overcame to achieve it and the risks of continued litigation for the class. *Id.* ¶ 27, 29-31. While vigorously litigating this case, Class Counsel had to navigate the ever-changing legal terrain and overcome pitfalls common to other slack-fill lawsuits. *Id.* ¶ 31. As reflected in hotly contested pleadings challenges, this case raised novel issue, which Plaintiff and Class Counsel astutely addressed and overcame. *Id.* Additionally, Class Counsel faced substantial risks of nonpayment in prosecuting this case on a contingency fee basis. *Id.* ¶ 9. At class certification, Class Counsel continued to vigorously represent the class by preparing a robust, expert-driven motion that included expert opinions from four highly credible experts, accompanied by a large-scale consumer survey, detailed slack-fill analysis, marketing analysis, and conjoint analysis. *Id.* ¶¶ 20-25. Settlement also was not a simple endeavor, consisting of two mediations in San Francisco followed by months of mediation privileged settlement negotiations. *Id.* ¶¶ 18-19, 26.

**C.    Class Counsel Achieved Substantial Benefits for the Settlement Class.**

The results obtained for the class are generally considered to be the most important factor in determining the appropriate fee award in a common fund case. *See Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983); *see also* Federal Judicial Center, *Manual for Complex Litigation,* § 27.71, p. 336 (4th Ed. 2004) (the "fundamental focus is on the result actually achieved for class members") (citing Fed. R. Civ. P. 23(h) committee note). Standing alone, this factor supports Class Counsel's fee request. As a result of Class Counsel's vigorous prosecution of this case and negotiation of the settlement, Class Counsel secured important and substantial benefits for the settlement class.

First, the settlement is the largest-ever slack-fill settlement on record[2] and provides a superior recovery for the class. RJC Decl. ¶ 27. Defendant will pay a total of $2.5 million in cash to a common claim fund. *Id.* Subject to court approval, the settlement fund will be used to pay the settlement payments to class members, discussed *infra*, notice and administration costs ($522,000), a service award to Mr. Iglesias ($5,000), reimbursement of litigation expenses ($102,172.12), and an award of reasonable attorneys' fees ($625,000). *Id.* ¶ 28.

---

[2] *Cf. Kline v. Dymatize Enters., LLC*, No. 15-CV-2348, 2016 U.S. Dist. LEXIS 142774 (S.D. Cal. Oct. 13, 2016) (protein powder slack-fill case securing injunctive relief only).

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Second, each class member who makes a claim may obtain a cash refund of 50 cents per box purchased for an unlimited number of purchases. Dkt. 72-4 ¶ 4.2.2. Up to 15 claims, for a total of $7.50, will be paid without proof of purchase. *Id*. There is no cap on the number or amount of claims submitted by class members with proof of purchase. *Id*. These amounts are subject to increase or decrease, pro rata, to ensure the claim fund is exhausted. *Id*. ¶ 4.2.6. Claims may be submitted electronically or by mail. *Id*. ¶ 5.1.3.1. No money will revert to Defendant. *Id*. ¶ 4.2.7. Significantly, there have been 71,116 claim submissions to date. *Id*. ¶ 30.

Third, this settlement also provides the class with significant injunctive relief from Defendant by way of modifying its fill level quality control procedures and target fill levels going forward to at least 75% for theater box products, and 50% for all other products, including bag-in-a-box. *Id*. ¶ 4.1. This is excellent relief given that Plaintiff's packaging design engineering expert estimated the actual fill levels for theater box products to range from 42.6% to 52.5% and for bag-in-a-box products to be 27.2% (Dkt. 54-18 p. 30 tbl. 11).

Fourth, the settlement also provides that all costs of notice and administration of the settlement ($522,000) will be paid from the claim fund. RJC Decl. ¶ 28.

Lastly, subject to Court approval, the settlement provides for a service award of $5,000 to Mr. Iglesias, who served as the class representative. Mr. Iglesias was an active participant in this lawsuit from the onset. *Id*. ¶¶ 56-60. He reviewed documents before they were filed, responded to written discovery, and sat for a full day deposition during which he provided stellar testimony. *Id*. Defendant even communicated to Class Counsel that the strength of Mr. Iglesias' testimony was one of the primary reasons Defendant was persuaded to settle this case. *Id*. ¶ 17.

## III.   THE AGREED-UPON FEE REQUEST IS FAIR, REASONABLE, AND JUSTIFIED

Federal Rule of Civil Procedure 23 provides, "In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Pursuant to the terms of the settlement, Class Counsel may move the Court for an award of attorneys' fees not to exceed 30% of the amount actually contributed to the common fund, plus litigation expenses. Dkt. 72-4 ¶ 9.1. Here, Plaintiff seeks a benchmark award of 25%, or $625,000.

4

1   Plaintiff is entitled to attorneys' fees pursuant to the Consumers Legal Remedies Act

2   ("CLRA"), California Civil Code Section 1750, *et seq.*, which requires mandatory payment of

3   attorneys' fees and costs to successful plaintiffs. The attorneys' fees provision of the CLRA,

4   Section 1780(e), states: "The court *shall* award court costs and attorney fees to a prevailing

5   plaintiff in litigation filed pursuant to this section." Thus, some award of attorneys' fees is

6   mandatory. *Kim v. Euromotors West/The Auto Gallery*, 149 Cal.App.4th 170, 177 (2007).

7   In common fund cases such as this one, courts within the Ninth Circuit have discretion to

8   use one of two methods to determine whether the fee request is reasonable: (1) percentage-of-the-

9   fund; or, (2) lodestar plus a risk multiplier. *Staton v. Boeing*, 327 F.3d 938, 967-68 (9th Cir.

10  2003); *see also In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010). "Though

11  courts have discretion to choose which calculation method they use, their discretion must be

12  exercised so as to achieve a reasonable result." *In re Bluetooth Headset Prods. Liab. Litig.*, 654

13  F.3d 935, 942 (9th Cir. 2011).

14  The benchmark request for attorneys' fees is reasonable based upon the extensive arm's

15  length negotiations that serve as independent confirmation of the fairness of the settlement,

16  including attorneys' fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The

17  requested fees are also fully supported under the percentage-of-the-fund and lodestar approach,

18  which Class Counsel offer as an additional means of cross-checking the requested fees.

19

20  **A.    The Ninth Circuit Benchmark of Twenty-Five Percent of the Common Fund is Warranted.**

21  The "benchmark" percentage for attorneys' fees in the Ninth Circuit is 25% of the

22  common fund with costs and expenses awarded in addition to this amount. *Vizcaino v. Microsoft*

23  *Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "However, in most common fund cases, the award

24  exceeds that [25%] benchmark." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal.

25  2007) (citing *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1998)). *See also*

26  *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 448 (E.D. Cal. 2013) ("[t]he typical

27  range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total

28  settlement value"). "[A]bsent extraordinary circumstances that suggest reasons to lower or

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

increase the percentage, the rate should be set at 30%." *Omnivision*, 559 F. Supp. 2d at 1048,

(citing *In re Activision Sec. Litig.,* 723 F.Supp. at 1378).

Settlement class members were provided notice that Class Counsel would seek an award of attorneys' fees of up to 30% of the common fund. Class Counsel's request for attorneys' fees of 25% of the claim fund is well under that amount. In addition, the fee request is fully supported by factors considered by the Ninth Circuit including: (a) the results achieved; (b) the risk of litigation; (c) the skill required and the quality of work; and (d) the contingent nature of the fee. *See Vizcaino*, 290 F.3d at 1047.

> ### 1. The Results Achieved Justify a Benchmark Award.

The most important factor in granting a fee award is the degree of success counsel achieved for the class. *See Vizcaino*, 290 F.3d at 1048; *see also Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990). To measure that success, "the factor given the greatest emphasis is the size of the fund created, because a common fund is itself the measure of success . . . [and] represents the benchmark from which a reasonable fee will be awarded." *Manual for Complex Litigation,* § 14.121 (internal quotations omitted).

In the present case, Class Counsel achieved the largest result on record for a slack fill case, a non-reversionary $2.5 million settlement fund. Compared with other slack-fill litigation, this result is excellent. *See Kline v. Dymatize Enters., LLC*, No. 15-CV-2348, 2016 U.S. Dist. LEXIS 142774 (S.D. Cal. Oct. 13, 2016) (protein powder slack-fill case providing only injunctive relief). Class Counsel has *also* achieved injunctive relief for the settlement class, wherein Defendant will modify its fill level quality control procedures and target fill levels to at least 75% for theater box products, and 50% for all other products, including bag-in-a-box. Dkt. 72-4 ¶ 4.1. Additionally, the class member response has been overwhelmingly positive with 71,116 claim submissions to date. RJC Decl. ¶ 30. In summary, Class Counsel has achieved excellent results for the settlement class, and a 25% benchmark award is warranted.

> ### 2. The Risks Involved Support Justify a Benchmark Award.

The next factor justifying an award of the benchmark is the substantial degree of risk faced by Class Counsel. *See Vizcaino*, 290 F.3d at 1048. This was not an easy case. To achieve the

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

results they accomplished for the class, Class Counsel took on and overcame a series of very significant risks. RJC Decl. ¶¶ 9, 32, 51-52.  As an initial matter, Defendant is a well-resourced competitor in the confectionery industry, now part of the second largest candy company in the world with net revenues of over $12 billion annually[3], and represented by an experienced defense firm, which strongly contested liability. *Id.* ¶ 32; *See In re Equity Funding Corporation Securities Litigation,* 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) (the quality of opposing counsel is important in evaluating the quality of class counsel's work). Class Counsel's ability to obtain this result against formidable opposition confirms the quality of Class Counsel's representation.

Additionally, the expense to prosecute this case has been substantial in light of the need for expert testimony from multiple disciplines, including packaging design engineering, economics, conjoint analysis, and marketing. RJC Decl. ¶¶ 20-25. In order to present a robust case for class certification, Plaintiff retained an expert in each of these fields. *Id.* Undoubtedly, the quality of Plaintiff's expert declarations, expert reports, and studies proffered in support of class certification was a substantial factor in persuading Defendant to settle. Class Counsel's willingness to take on the risk of nonpayment substantially benefited Plaintiff and the settlement class. Accordingly, this factor favors an award of the benchmark fee percentage.

### 3.    The Complexity and Novelty of the Issues Support a Benchmark Award**.**

This action involved specialized and hotly contested legal issues that are at the cutting edge of recent developments in the area of slack-fill law. This action contained complex legal issues, i.e., whether Defendant's product packaging contains nonfunctional slack-fill and is considered deceptive to reasonable consumers. There was (and is) no appellate decision in any circuit that dealt with these specific issues. RJC Decl. ¶ 32. Resolution of the issues therefore involved researching and analyzing conflicting district court opinions and statutory interpretation. *Id.* Indeed, at the time of settlement (and since), there have been numerous theater box slack-fill cases which had been defeated on pleadings challenges, at class certification, and on the merits. *See, e.g., Daniel v. Tootsie Roll Indus., LLC*, 2018 U.S. Dist. LEXIS 129143, (S.D.N.Y. Aug. 1,

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

---

[3] *See* https://www.candyindustry.com/2018-Global-Top-100-candy-companies-Part-4 (last visited September 5, 2018).

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

2018) (Rule 12(b)(6) dismissal of Junior Mints theater box purchaser's deceptive packaging / slack fill claims); *White v. Just Born, Inc.,* Case No. 2:17-cv-04025 (W.D. Mo. Aug. 7, 2018) (certification of Mike and Ike theater box purchaser class denied); *Bratton v. The Hershey Co.*, Case No. 2:16-cv-04322 (W.D. Mo. Feb. 16, 2018) (summary judgment of Hershey theater box class action granted); Here, given the complexity and novelty of the issues, an award of the benchmark is appropriate.

> ### 4. *The Skill Required, Quality of Work, and Arms' Length Negotiations By Experienced Counsel Support a Benchmark Award.*

Class Counsel has demonstrated substantial skill, diligence, efficiency, and a high quality of work in achieving a common fund of $2.5 million and notable injunctive relief as part of the settlement. *See Knight v. Red Door Salons, Inc*., No. 08-01520 SC, 2009 U.S. Dist. LEXIS 11149, at *16 (N.D. Cal. Feb. 2, 2009) ("The sizeable recovery of $500,000 is some testament to Plaintiffs' counsel's skill. This factor supports the [30%] requested fee."). Class Counsel obtained this excellent result in face of vigorous opposition involving issues that were hotly contested. Class Counsel were able to achieve the settlement due to considerable expertise and experience in prosecuting complex class actions (Dkt. 72-5, Firm Resume); RJC Decl. Ex. 1 ¶ 40. Class Counsel adeptly opposed Defendant's pleading challenges (*Id*. ¶¶ 12-14), relentlessly pursued documents via law and motion practice (*Id*. ¶¶ 15-17), obtained critical admissions during Defendant's Rule 30(b)(6) depositions (*Id*. ¶ 16), and carefully prepared Plaintiff for deposition (*Id*. ¶ 17). In anticipation of the Parties' mediations with respected mediators Martin Quinn and Judge Cahill, Class Counsel submitted comprehensive mediation briefs extensively detailing Plaintiff's legal and factual support. *Id*. ¶ 18. When the case did not settle, Plaintiff filed a forceful motion for class certification, including declarations from Plaintiff, Class Counsel, and Plaintiff's four retained experts. *Id*. ¶¶ 20-25. Only then did the case settle with the continued assistance of mediator Judge Cahill. *Id*. ¶ 26.

Moreover, Class Counsel is at the forefront of slack-fill litigation, currently litigating four other theater box candy product cases in California state and federal court. *Id*. ¶ 40. This experience allowed Class Counsel to focus on the key factual and legal issues and navigate this

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

case to a settlement-ready posture. *See Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (approving fee in amount of 33 percent of class recovery in part because case "required specialist skills to litigate the legal theories [] in the case"); *Franco v. Ruiz Food Prods.*, No. 1:10-cv-02354, 2012 U.S. Dist. LEXIS 169057, at *48 (E.D. Cal. Nov. 27, 2012) (awarding fees of 33 percent of settlement amount due to counsel's specialized skills); *In re Heritage Bond Litig.*, CV 02-6512 , 2005 U.S. Dist. LEXIS 13555, at *61 (C.D. Cal. June 10, 2005) (awarding attorneys' fees in the amount of 33 percent of the common fund based in part on the effort, skill and experience of class counsel).

In sum, the settlement was the result of extensive, informed, arms-length negotiations between counsel with substantial litigation experience, who are exceedingly familiar with the legal and factual issues in this case, and who have precise experience litigating and settling complex and class action cases like this. This case required a substantial commitment of time, resources, and energy from Class Counsel, and the relief achieved simply would not have been possible but for the commitment and skill of Class Counsel.

### 5.     The Contingent Nature of the Case Supports a Benchmark Award.

The burdens borne by Class Counsel in taking on the litigation is another relevant factor that justifies an award of the benchmark. *See Vizcaino*, 290 F.3d at 1050; *see also Six Mexican Workers,* 904 F.2d at 1311. Adding to the other risks discussed herein is the fact that Class Counsel undertook this litigation on a contingency-fee basis, requiring them to shoulder not only the cost of attorney time, but all the substantial costs of more than two years of litigation. RJC Decl. ¶ 9. Indeed, courts have long recognized the public policy of rewarding attorneys for accepting representation on a contingency-fee basis. *See In re Washington Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1299 (9th Cir. 1994). This is especially true where, as here, Class Counsel have significant experience in the particular type of litigation at issue, i.e., deceptive packaging and slack fill. Moreover, when counsel takes cases on a contingency-fee basis, the risk of non-payment after years of litigation justifies a significant fee award. *See Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786, 2013 U.S. Dist. LEXIS 16939, at *8 (N.D. Cal. Feb. 6, 2013) (in awarding fees of 30 percent of the settlement, the court explained that "[c]lass [c]ounsel took a

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1    significant risk investing in this case" because it "was conducted on an entirely contingent fee

2    basis against a well-represented [d]efendant" and because [a]ll of the financial risk of litigation

3    was therefore assumed by [c]lass counsel, whose fee arrangement with [p]laintiffs required [c]lass

4    [c]ounsel to bear all the costs of litigation").

5          Class Counsel performed all of the described work on a pure contingency-fee basis, with

6    no guarantee that they would ever be paid for any of their work or be reimbursed for any of their

7    out-of-pocket costs. RJC Decl. ¶ 9. They turned down other potentially profitable matters,

8    including hourly work, in order to take on this large-scale case, and devoted resources to it that

9    could have been devoted to other potentially income-generating matters. *Id.* ¶51. Class Counsel's

10   willingness to undertake this complicated litigation and see it through to completion,

11   notwithstanding the risk that they might never be paid at all, should be recognized and rewarded,

12   in accordance with Ninth Circuit precedent. *See Vizcaino*, 290 F.3d at 1049.

13

14               6.    *Lack of Objections by Class Members to Requested Fees Supports a
                       Benchmark Award.*

15         Finally, absence of objections from the class to the fees requested further demonstrates the

16   reasonableness and fairness of the attorney's fee request. *See Garner v. State Farm Mut. Auto. Ins.

17   Co.*, No. CV 08 1365, 2010 U.S. Dist. LEXIS 49482, at *5 (N.D. Cal. Apr. 22, 2010) (noting

18   "single objection out of a sizeable class, after notice, further demonstrates the reasonableness and

19   fairness of [c]lass [c]ounsels' request"). Notably, this fee brief is being submitted two weeks prior

20   to the objection deadline so it is impossible to know whether any class members will object to this

21   class action settlement during the next two weeks at this time (Dkt. 80). To date, however, *zero*

22   formal objections to the settlement have been received based on the agreed upon 30% claim fund

23   fee (or otherwise), while over 71,000 class members have made claims. RJC Decl. ¶ 30.

24

25        **B.    The Lodestar Cross-Check Confirms the Reasonableness of the Requested Fee
                 Award.**

26         It is well settled in the Ninth Circuit that, "[i]n a common fund case, the district court has

27   discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating

28   a fee award." *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir.

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

2002); *see also, e.g., Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1295 (9th Cir. 1994). While the court has discretion to use either method, "the primary basis of the fee award remains the percentage method." *Vizcaino,* 290 F.3d at 1050; *see also Six Mexican Workers*, 904 F.2d at 1311 ("benchmark percentage [of 25% of the fund] should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors").

Here, Class Counsel's unadjusted lodestar is $523,702.50. Less than a 1.2 multiplier would be required to bring Class Counsel's lodestar to the 25-percent fee request.

### 1. Class Counsel's Hourly Rates are Reasonable

Under the lodestar method, a reasonable hourly rate "is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Ordinarily, reasonable hourly rates are based on each attorney's *current* hourly rates. *Vizcaino*, 290 F.3d at 1051. The relevant community is the location where the district court sits, in this case the Northern District of California. *Camacho,* 523 F.3d at 979. Declarations regarding the prevailing market rate in the relevant community are sufficient to establish a reasonable hourly rate. *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998). Class Counsel's hourly rates are summarized below:

| Name (Year of Bar Admission) (Title) | Hourly Rate |
| --- | --- |
| Ryan J. Clarkson (2005) (Managing Attorney) | $650 |
| Shireen M. Clarkson (2004) (Senior Partner) | $650 |
| Bahar Sodaify (2013) (Associate) | $375 |

The billing rate for the partners (Mr. and Mrs. Clarkson) is well within the normal range of fees charged by firms in Southern California for partner work and are comparable to those in the Northern District. *See Camacho*, 523 F.3d at 979 (9th Cir. 2008) (Court remanded for the "district court to make a determination of the reasonable hourly rate on the basis of the prevailing rates in the Northern District, or a *community shown to be comparable* to the Northern District."); *see Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (district court did not

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

abuse its discretion in awarding 2008 hourly rates for Bay Area attorneys of up to $875 for a partner, $700 for an attorney with 23 years of experience); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 67298 (N.D. Cal. May 21, 2015) (finding reasonable rates for Bay Area attorneys of between $475-$975 for partners, and $300-$490 for associates); *Pom Wonderful, LLC v. Purely Juice, Inc*., No. CV 07-2633, 2008 U.S. Dist. LEXIS 110460, at *11-12 (C.D. Cal. Sep. 22, 2008) (finding partner rates of $750 to $475 and associate rates of $425 to $275 reasonable in Los Angeles). In fact, Class Counsel's billing rates have not increased since 2016, when billing on this case commenced. RJC Decl. ¶42. Class Counsel's hourly rates are reasonable. *See* RJC Decl. Exs. 2-9 (surveys of legal rates, including Laffey Matrix).

### 2.  Class Counsel's Hours Expended are Reasonable

From this case's inception to the present, a period of nearly two years, Class Counsel recorded 1,081.8 hours litigating this matter. RJC Decl. ¶ 42. Class Counsel also delegated many tasks to lower-billing paralegals and associate attorneys. *Id*. ¶ 43. Because this was a contingency-fee case, Class Counsel had little incentive to spend unnecessary time on tasks. The hours Class Counsel spent litigating the case were limited to that necessary to pursue Plaintiff's claims Accordingly, the hours expended were reasonably and necessarily incurred. Class Counsel shall make available for in *camera review* their detailed billing records upon request of the Court. *Id*.

### 3.  Class Counsel's Lodestar is Reasonable

Using the reasonable hourly rates and reasonable hours expended in the course of this litigation, Class Counsel's unadorned lodestar is $523,702.50. RJC Decl. ¶ 43 (summary chart of Class Counsel's timekeepers disaggregated by number of hours, rate, and total fees).

### 4.  Enhancement of the Lodestar is Justified

Based on Class Counsel's unadorned lodestar figure of $523,702.50, the 25% fee requested by Class Counsel reflects a multiplier of less than 1.2. It is well-settled that a positive multiplier is appropriate in common fund cases to reward attorneys for the risk assumed in taking and litigating the case. *See In re Wash. Public Power Supply System Securities Litigation,* 19 F.3d 1291, 1300 (9th Cir. 1994); *Vizcaino*, 290 F.3d at 1051 ("This mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them

a premium over their normal hourly rates for winning contingency cases"); *Steiner v. American Broadcasting Co., Inc.*, 247 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming an attorney fee award representing a lodestar multiplier of 6.85 because it fell within the range of multipliers that courts have allowed)*;see also Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving 25% fee award yielding a multiplier of 5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher"); *Garner,* 2010 U.S. Dist. LEXIS 49482, at *5 ("Class Counsel effectively seek a multiplier of less than 2. This is well within the range of multipliers applied in common fund cases….").

Here, the stellar monetary relief obtained for the settlement class, the risks involved in the litigation, the contingent nature of the fee, the novelty and complexity of the issues presented, the absence (thus far) of any objections to the requested fee amounts, and the experience of Class Counsel in litigating class actions as described herein justify a multiplier, at least for cross-check purposes. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("[C]ourts have routinely enhanced the lodestar to reflect the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases."). A lodestar-plus-multiplier cross-check therefore further supports the reasonableness of the requested 25% fee.

## IV.   REIMBURSEMENT OF LITIGATION EXPENSES IS WARRANTED

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). In the present case, the litigation expenses Class Counsel incurred were necessary to secure the resolution of this litigation. RJC Decl. ¶ 45. Class Counsel advanced all expenses without assurance that they would ever be repaid. *Id*. ¶ 9. The settlement permits Class Counsel to seek reimbursement of their litigation expenses and the class notice informed class members that Class Counsel would seek an award of costs not to exceed that amount (Dkt. 81-1). Class Counsel is making a request for reimbursement of $102,172.12 in litigation costs. *Id*. These expenses are reflected in the records of Clarkson Law Firm, P.C., and were necessary to prosecute this litigation. *Id*. ¶ 45. Class Counsel shall make available for in *camera review* their detailed litigation expense records upon request of

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

the Court. *Id*. All expenses were carefully and reasonably expended, and they reflect market rates for various categories of expenses incurred. *Id*. Most of these expenses were incurred for expert opinions and testimony, court fees, consumer survey fees, mediation fees, discovery costs, courier costs, travel costs, and copying costs. *Id*. Expense items are billed separately and such charges are not duplicated in Class Counsel's billing rates. *Id*. Accordingly, full reimbursement of Class Counsel's litigation expenses is warranted. *See Tait v. BSH Home Appliances Corp*., No. SACV 10-0711, 2015 U.S. Dist. LEXIS 98546, at *3 (C.D. Cal. July 27, 2015) (awarding full reimbursement of costs where vast majority incurred through expert opinions and testimony, court fees, discovery costs, travel costs, copying costs, mailing costs, and so forth in light of length of litigation and the importance of expert testimony).

## V.   THE SERVICE AWARD FOR THE NAMED PLAINTIFF IS FAIR

The settlement provides for a service award of $5,000 to Mr. Iglesias subject to court approval (Dkt. 72-4). The award is appropriate in light of the time and effort expended by Plaintiff. *Staton,* 327 F.3d at 977. Courts routinely grant such awards, which are intended to advance public policy by encouraging individuals to come forward and take action to protect the rights of the class, as well as to compensate class representatives for their time, effort, and inconvenience. *Id*.; *see also Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995).  Relevant considerations include: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. *See Van Vranken,* 901 F. Supp. 294 at 299.

Here, the involvement of named Plaintiff Thomas Iglesias was critical to the prosecution of the case. RJC Decl. ¶ 56. Mr. Iglesias contributed 45-50 hours to this case and bore the financial risk of no recovery. Declaration of Thomas Iglesias ("Iglesias Decl.") ¶ 35. He also took significant time away from work, family, and personal activities to initiate and litigate this action. He held regular meetings with Class Counsel to receive updates on the progress of the case and to discuss strategy, as well as assisted in Class Counsel's pre-suit investigation by discussing his

consumer experience and providing information on his purchases and use of the products. RJC Decl. ¶¶ 56-57. He assisted in the drafting of pleadings and papers, and reviewed each for accuracy before they were filed. *Id*. ¶ 58. He coordinated with Class Counsel to form responses to discovery requests, including written document requests, and searched for responsive documents. *Id*. ¶ 57. Mr. Iglesias also sat for a full-day deposition. *Id*. In fact, Defendant communicated to Class Counsel that it was Mr. Iglesias' persuasive and credible testimony that played a significant part in persuading Defendant to settle this case. *Id*. Finally, he was intimately involved in the settlement process, and has continued to keep abreast of settlement progress to date and he was prepared to litigate this case to a verdict if necessary. *Id*. His dedication and efforts have conferred a significant benefit on tens of thousands of claimants and millions of consumers and prospective consumers across the United States, as well as the general public.

In light of the relevant factors, a service award of $5,000 to Mr. Iglesias is appropriate and should be awarded. *See In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 472 (C.D. Cal. 2014) (approving $5,000 incentive award); *Faigman v. AT&T Mobility LLC*, No. C06-04622, 2011 WL 672648, *5 (N.D. Cal. Feb. 16, 2011) (noting that "[i]n [the Northern] [D]istrict, incentive payments of $5,000 are presumptively reasonable"). There is no evidence in the record which rebuts the presumptive reasonableness of the requested service award here.

## VI.    CONCLUSION

For the foregoing reasons, Class Counsel respectfully requests that the Court grant Plaintiff's motion for an award of attorneys' fees in the total amount of $625,000 (25% of the claim fund), litigation expenses of $102,172.12, and a service award in the amount of $5,000 to Plaintiff Thomas Iglesias as class representative.


Dated: September 6, 2018                    **CLARKSON LAW FIRM, P.C.**

Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Bahar Sodaify, Esq.
Attorneys for Plaintiff

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

15