UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED

SEP 24 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THOMAS IGLESIAS individually and on
behalf of all others similarly situated,

        Plaintiff,

Vs.

FERRARA CANDY CO., and DOES 1
Through 10, inclusive,

        Defendants.

Case No. 3:17-cv-00849-VC

**OBJECTION TO ATTORNEY FEES**

Hon. Judge Vince Chhabria

## OBJECTION OF AMY BRUNET

Amy Brunet
1306 McAndrews Road East
Burnsville, Minnesota 55337
612-220-3989

### I. INTRODUCTION AND CLASS MEMBERSHIP

**COMES NOW, AMY BRUNET**, a class member ("Objector"), hereby files this objection to Class Counsel's Motion for Attorney Fees. Additionally, Objector represents that she has standing in this action since she has previously purchased several boxes of Now & Later, RedHots, Brach's, Boston Baked Beans, Lemonheads, Jawbuster candies between February 21, 2013 and June 21, 2018.

### A. The Proposed Settlement & Fee Request does not pass the Rule 23 (e) fairness inquiry because it allows class counsel to obtain a disproportionate amount of settlement proceeds

In *In re Bluetooth Headset Products Liability*, 654 F. 3d 935 (9th Cir. 2011), the Court identified three flags that indicate an unfair lawyer-driven settlement: (1) unreasonable disparity between the class award and the attorney's negotiated fee award; (2) "clear sailing", in which a defendant agrees not to oppose class counsel's fee request; (3) a "kicker", such that any unclaimed settlement proceeds revert to the defendant rather than befitting the class. *Id.*, 654 F.3d at 947. At least two of the three warnings are present here and strongly indicate that the settlement cannot pass the Rule 23(e) fairness analysis. A fair settlement requires a fair distribution of the proceeds.  See, e.g., *Bluetooth*, 654 F.3d at 942

A class action may not confer preferential treatment upon the class counsel to the detriment of the class members. When, as here, counsel and the administrator receive a disproportionate percentage of the settlement, or when the class receives

no monetary distribution but class counsel is amply rewarded, "a settlement is unfairly tilted toward class counsel". Bluetooth, 654 F.3d at 947.

Further, the signs of an inequitable settlement here are not subtle: the excessive attorney fee provision reinforced by a clear sailing aspect. The parties designed the settlement's structure to simultaneously insulate class counsel's fee award with the illusion of class recovery, while providing the defendant with the inexpensive release of claims and an end to the litigation. See *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) (if "fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have been obtained").

Class Counsel attempts to justify or imply their fees are reasonable and fair due to the number of hours (1,081.8) and that there was an "absence of objections from the class." In the opinion of this objector, the total time established in this case is a little over a calendar year and considering the nature or the "complexity of the issue" was settled easily and quickly. Finally, the mere fact that no one has objected does not make the settlement or the request for fees fair, reasonable and/or confer a substantial benefit to the class.

### B. The Administration Costs are unreasonable and excessive

The seventh Circuit has indicated that district courts should scrutinize *administrative costs* to determine whether they really confer a benefit on the class before including them in the fee award calculations. See *Redmam v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir 2014).

Class Counsel indicates in their motion for attorney fees that all "costs of notice and administration of the settlement ($522,000) will be paid from the claim fund". There is no indication the costs are necessary nor evidence of specific work that has been performed by the Administrator to justify this extreme amount. Further, there is no effort by class counsel to specifically describe, in detail, how the Administrator's work has conferred a benefit for the class. If one is to combine the proposed attorney's fees and the administrative costs it would calculate to more than 50% against the fund which certainly is not a conferred benefit for the class. Much of the proposed administrative costs should be excluded from the proposed fee as the class will not receive the benefit as a result of the extreme expense.

## II. CONCLUSION

For the foregoing reasons, this Objector requests, that this Honorable Court should deny Class Counsel's request for attorney fees and costs as well as the administrative costs up and until a proper hearing has been held to specifically determine the charges. Objector will not be making an appearance at the hearing.

Respectfully submitted,

Amy Brunet

1306 McAndrews Rd E
Burnsville, MN 55337

Clerk of the Court
U.S. District Court
450 Golden Gate Ave
San Francisco, CA 94102

94102-348999