IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>FERRARA CANDY CO., and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 3:17-cv-00849-VC<br><br>**[CLASS ACTION]**<br><br>**AMENDED [PROPOSED] ORDER GRANTING PLAINTIFF THOMAS IGLESIAS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Judge Vince Chhabria<br><br>Complaint Filed: February 21, 2017<br><br>Date:         October 25, 2018<br>Time:         2:30 PM<br>Judge:       Hon. Vince Chhabria<br>Courtroom: 4 |

AMENDED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1    Plaintiff's Motion for Final Approval of Class Action Settlement came for hearing before
2    this Court on October 25, 2018. Clarkson Law Firm, P.C. appeared on behalf of Plaintiff Thomas
3    Iglesias ("Plaintiff" or "Mr. Iglesias") and Hogan Lovells appeared on behalf of Defendant Ferrara
4    Candy Co. ("Defendant" or "Ferrara").
5    The parties have submitted their Settlement, which this Court preliminarily approved by its
6    order entered on June 26, 2018 (Dkt. 80). In accordance with the preliminary approval order,
7    Class Members have been given notice of the terms of the Settlement and the opportunity to object
8    to it or to exclude themselves from its provisions.
9    Having received and considered the Settlement, the supporting papers filed by the parties,
10   and the evidence and argument received by the Court at the hearing before it entered the
11   Preliminary Approval Order and at the final approval hearing on October 25, 2018, the Court
12   grants final approval of the Settlement, and HEREBY ORDERS and MAKES
13   DETERMINATIONS as follows:
14   1.  The Settlement Agreement is hereby finally approved.
15   2.  The Court finds that the proposed Settlement is "fair, reasonable, and adequate"
16   based on the value of the claims in the case, the monetary value of the proposed settlement and the
17   risks that the plaintiffs would face in proceeding with litigation. The Settlement was arrived at
18   after sufficient investigation and discovery and was based on a mediator's proposal from an
19   experienced mediator. It appears that the settlement negotiations were at arms-length.
20   3.  The Court finds that the approved Notice Plan has been fully implemented. Pursuant
21   to the Court's Order Granting Plaintiff's Motion for Preliminary Approval of Class Action
22   Settlement (Dkt. 80) (hereinafter referred to as the "Order Granting Preliminary Approval"),
23   Notices of Class Action Settlement (hereinafter referred to the "Notice") were published as
24   follows:
25       a.  A Settlement Website (www.ferraracandysettlement.com), e-mail address
26           (info@ferraracandysettlement.com), telephone number (877-452-8477), and address
27           (8001 Broadway, Ste 200 Merrillville, IN 46410) were set up on July 16, 2018. This
28

1
AMENDED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

information was provided on the Settlement Website and in the print and digital notifications discussed below.

b. The Settlement Website sets forth, in large text, the deadlines for claims, objections, and requests for exclusion from the Settlement Classes as well as the date of the Final Fairness Hearing. It also contains easily accessible links to the short- and long-form notices, Preliminary Approval Order, Settlement Agreement, Amended Settlement Agreement, Fourth Amended Class Action Complaint, and Motion for Attorneys' Fees and supporting documents.

c. A national Press Release was distributed on July 26, 2018 through the PR Newswire Network, which reached nearly 4,500 United States websites, distributes multimedia to more than 2,500 websites and has social media distribution across *Twitter, Facebook,* and *LinkedIn*.

d. Three print publications ran in the August 6, 2018 issue of *Soap Opera Digest*, in the August 13, 2018 issue of *National Enquirer* and the August 6, 2018 issue of *Life & Style*, using the short-form notice approved by the Court. These reached approximately 13.7 Million adults in the United States.

e. The Internet notice began on July 26, 2018 and continued for a period of 30 days until August 25, 2018. This campaign achieved approximately 111,619,999 display and search impressions on top-tier networks, including *Google*, *Facebook*, *Yahoo* and Movie specific sites including *Fandango*, *MovieTickets*, *Moviefone* and *RottenTomatoes*.

f. All Internet advertisements directed potential Class Members to the Settlement Website, where they were able to download all important documents, review frequently asked questions (in English and Spanish), and file a claim. A toll-free number with an Interactive Voice Response ("IVR") system was and is also available to answer potential questions.

      g. Weekly reports regarding claim submissions were provided to Class Counsel one week after the Internet notice campaign began. Additional reporting will continue after Final Approval to ensure proper oversight of the noticing and claims process.

4. The Court finds that distribution of the Notice in the manner set forth in the Court's Order Granting Preliminary Approval and the Settlement Agreement constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the Class. The Court finds that such notice complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws.

5. The Notice set forth herein and in the Settlement Agreement provides a means of notice reasonably calculated to apprise the Settlement Class, and thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and shall constitute due and sufficient notice to the Settlement Class entitled thereto. The Notice informed the Settlement Class of: (1) the terms of the Settlement; (2) their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement; (3) their right to request exclusion from the Class and the Settlement; and (4) the date set for the final approval hearing. Adequate periods of time were provided by each of these procedures.

6. There have been two optouts and three objections to the Settlement. After careful consideration, the Court finds that the objections are meritless and are hereby overruled.

7. 84,920 Settlement Class Members submitted Claim Forms. All Settlement Class Members who did not opt-out of the Settlement are bound by this Judgment and the terms of the Settlement Agreement, including the releases provided for in the Settlement Agreement.

8. The Court finds and determines that this notice procedure carried out by Digital Settlement Group ("DSG") and approved by this Court's Order Granting Preliminary Approval afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.

1  The Court finds and determines that the Notice was the best notice practicable, which satisfied the
2  requirements of law and due process.

3      9.    The Court finds and determines that the Class, as conditionally certified by the
4  Order Granting Preliminary Approval, meets all of the legal requirements for class certification for
5  settlement purposes only under F.R.C.P. 23(a) and 23(b)(3) and it is hereby ordered that the class
6  is finally certified for settlement purposes. The Settlement Class is comprised of all persons who
7  between February 21, 2013 and the date of Preliminary Approval, purchased, in the United States,
8  one or more candy products manufactured by Defendant and packaged for sale or resale to
9  consumers in an opaque cardboard box (including bag-in-a-box products), including Jujyfruits®,
10 Jujubes®, Now and Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®,
11 Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked
12 Beans®, Super Bubble®, Rainblo®, Atomic Fireball®, and all flavors and varieties of those
13 candies. "Excluded Persons" from the Settlement Class are: (1) the Honorable Vince Chhabria (2)
14 Mediator Martin Quinn; (3) the Honorable William Cahill; (4) any member of their immediate
15 family; (5) any government entity, (6) Defendant; (7) any entity in which Defendant has a
16 controlling interest; (8) any of Defendant's subsidiaries, parents, affiliates, and officers, directors,
17 employees, legal representatives, heirs, successors, or assigns; (9) counsel for the Parties; and (10)
18 any persons who timely opt-out of the Settlement Class.

19     10.    Pursuant to the Settlement Agreement, and for settlement purposes only, the Court
20 further finds as to the Settlement Class that:

21     a.    The Settlement Class is so numerous that joinder of all members is
22         impracticable;
23     b.    There are questions of law or fact common to the Settlement Class which
24         predominate over the questions affecting only individual members;
25     c.    The claims of the Class Representative, Thomas Iglesias, are typical of the
26         claims of the Settlement Class that the Class Representative seeks to certify;

27
28

        d.    The Class Representative, Thomas Iglesias, will fairly and adequately protect the interests of the Settlement Class and is, therefore, appointed as the representative of the Settlement Class;

        e.    Class Counsel, Clarkson Law Firm, P.C., will fairly and adequately protect the interests of the Settlement Class and are qualified to represent the Settlement Class and are, therefore, appointed as attorneys for the Settlement Class for purposes of settlement; and

        f.    Certification of the Settlement Class is superior to other available methods for fair and efficient adjudication of the controversy.

11. The Court finds that the Settlement is fair, reasonable, and adequate having considered the strength of Plaintiff's case, Defendant's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

12. The Court finds that the Parties conducted extensive investigation and research, and that their attorneys were able to reasonably evaluate their respective positions.

13. The Court finds that Class Counsel has extensive experience acting as counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight.

14. The Court further finds that the Settlement Class' reaction to the settlement – with only two opt-outs and three objections (only two filed) – weighs in favor of granting Final Approval of the Settlement. Further, the 84,920 Claim Forms submitted – weighs in favor of granting Final Approval of the Settlement.

15. The Settlement Agreement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

///

16. The Court finds and determines that the individual settlement payments to be paid to each participating settlement Class Member as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the participating settlement Class Members in accordance with the terms of the Settlement Agreement.

17. Class Counsel have conferred a benefit on the Class Members and having expended efforts to secure a benefit to the Class is entitled to a fee and, accordingly, the Court approves Plaintiff's motion for attorneys' fees, expenses, and service award (Dkt. 83) separately filed on September 6, 2018, for $625,000 for their attorneys' fees, $102,172.12 for their litigation expenses, and $5,000 as a service award to the named Plaintiff.

18. The Court finds that a 25% attorney fee award is fair and reasonable based upon the following factors: (1) the results obtained in this case are excellent and benefit the Settlement Class; (2) the considerable risk that Class Counsel would recover nothing; (3) the financial burden taken on by Class Counsel in litigating the case on a contingent basis.

19. The Court finds that the proposed service award is fair reasonable and adequate and orders and award of $5000 to be paid out of the Settlement Fund to Thomas Iglesias.

20. The Court awards the Settlement Administrator Digital Settlement Group, LLC settlement administration expenses in the amount of $522,000 plus postage costs as described in the Declaration of Mark Schey.

21. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement Agreement.

22. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

23. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant makes payments to participating settlement Class Members in accordance with the Settlement.

1    24.    In the event that the Settlement does not become effective in accordance with the
2 terms of the Settlement Agreement and all orders entered in connection therewith shall be
3 rendered null and void.

4    25.    The Parties and the Settlement Administrator will comply with all obligations under
5 the Settlement Agreement.

6    26.    10% of the attorney fee award, or $62,500, will be held back pending the filing of a
7 Notice of Completion of Duties by Class Counsel along with accompanying declarations from
8 Class Counsel and the Settlement Administrator, after substantially all of the settlement payments
9 have been distributed and administration of the Settlement is substantially complete. The notice
10 will explain in detail when payments were made to Settlement Class Members, the number of
11 members who were sent payments, the total amount of money paid out to Settlement Class
12 Members, the number of cashed and uncashed checks, the number of Settlement Class Members
13 who could not be contacted (if any), any significant or recurring concerns communicated by
14 Settlement Class Members to the Settlement Administrator and Class Counsel since final
15 approval, and any other issues in settlement administration since final approval, and how any
16 concerns or issues were resolved. Class Counsel are expected to diligently supervise the
17 administration of the Settlement and remain in close contact with the Settlement Administrator.
18 Class Counsel is to submit a proposed order releasing the balance of the attorney fee award
19 concurrently with the filing of the Notice of Completion of Duties.

20    27.    The Parties and Settlement Administrator will comply with the following dates
21 related to the administration of the Settlement:

22        a.    Pursuant to the Settlement Agreement, Distribution of Settlement Checks
23            shall be paid from the Claim Fund as soon as practicable but in no event later than
24            ninety (90) days after the Effective Date (30 days after the court entry of final
25            approval order). Based on an Effective Date of November 24, 2018, the deadline to
26            issue payment to claimants shall be February 22, 2019.
27        b.    The Notice of Completion of Duties shall be provided within 60 days of the
28            Settlement payments being distributed to participating settlement Class Members.

28. The Court hereby enters final judgment in this case in accordance with the terms of the Settlement Agreement, Order Granting Preliminary Approval, and this Order.

29. This Order shall constitute a final judgment.

30. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Court.

**IT IS SO ORDERED.**

Dated: _____, 2018        _____
                                         Honorable Vince Chhabria
                                         United States District Judge